USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JAN 0 9 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA  :  PROTECTIVE ORDER

      -v.-  :  17 Cr. 779 (KBF)

CHI PING PATRICK HO,  :
  a/k/a "Patrick C.P. Ho,"
  a/k/a "He Zhiping,"  :

      Defendant.  :

- - - - - - - - - - - - - - - - x

On the motion of the United States of America, by the United States Attorney for the Southern District of New York, Geoffrey S. Berman, by Assistant United States Attorneys Daniel C. Richenthal, Douglas S. Zolkind, and Thomas McKay, and by the the Acting Chief, Fraud Section, Department of Justice, Sandra Moser, by Trial Attorneys David A. Last and Paul A. Hayden; and with the consent of the defendant, by and through his counsel, Edward Kim, Esq., Paul Krieger, Esq., and Jonathan Bolz, Esq.; and Benjamin Rosenberg, Esq. and Katherine Wyman, Esq.; and for good cause shown:

    IT IS HEREBY ORDERED THAT:

    1.  Discovery material produced by the Government in this action that is designated "Restricted Information" and that (i) contains (a) personally identifiable information, including tax information, account numbers, social security numbers, dates

of birth, home addresses, names of minors, email addresses, and/or personal telephone numbers; (b) information related to medical issues, including records potentially protected by the Health Insurance Portability and Accountability Act; or (c) law enforcement sensitive information, *i.e.*, materials submitted to a judicial officer in connection with applications for legal process (such as search warrants and other investigative orders) and the corresponding legal process; reports prepared by law enforcement reflecting investigative steps or techniques and/or identifying subjects, targets, or witnesses of the investigation; and materials marked as "Law Enforcement Sensitive" or otherwise identified as such by the Government; or (ii) was produced to the Government by the United Nations or a foreign country in connection with this action and is not otherwise public, is "Restricted Information."

2. The Government will designate "Restricted Information" as such in transmittal letters or other written communications accompanying discovery, and/or in an index accompanying discovery.

3. Restricted Information disclosed to the defendant or to his counsel during the course of proceedings in this action:

    (a) Shall be used by the defendant and his counsel only for purposes of this action;

(b) Shall not be distributed or disclosed in any form by the defendant or his counsel except as set forth in paragraph 3(c) below;

(c) May be disclosed by the defendant or his counsel only to the following persons (hereinafter "Designated Persons"):

(i) legal, investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's attorneys, as well as any interns working for the defendant's attorneys;

(ii) e-discovery vendors, expert witnesses, investigators or advisors retained by the defendant or on his behalf in connection with this action;

(iii) fact witnesses or other third-parties interviewed or consulted by the defendant's counsel or a member of the defense team in the course of investigating the action;

(iv) such other persons as hereafter may be authorized by the Court upon such motion by the defendant or the Government; and

(d) Shall be returned to the Government following the conclusion of this case, including an appeal, if any, together with any and all copies of thereof, or shall be destroyed together with any and all copies thereof, which destruction the defendant's counsel shall verify in writing.

4. The defendant or his counsel shall provide a copy of this Order to any Designated Persons to whom Restricted Information is disclosed pursuant to paragraph 3(c). Designated Persons shall be subject to the terms of this Order.

5. The provisions of this Order shall not be construed as preventing the disclosure or use of any information in any motion, hearing, trial, sentencing, or other proceeding held in this action or to any judge or magistrate of this Court for purposes of this action, to the extent that (a) personally identifiable information is redacted in a public filing as required by the rules governing publicly-filed documents in this district and Federal Rule of Criminal Procedure 49.1, and (b) with respect to any document designated as "Restricted Information" that either party intends to file publicly or to specifically describe in a public filing, the party making the filing must either (i) file the document under seal, or (ii) provide reasonable notice to the opposing party to permit the parties to confer on the proper treatment of the document. If the parties are unable to reach agreement as to whether redactions to the public filing are warranted, or the extent of such redactions, the parties will seek Court resolution before the document is publicly filed or specifically described in a public filing.

6. Any disputes regarding the designation of discovery material as Restricted Information, or any other dispute concerning this Order, which cannot be resolved among the parties, will be brought to the Court for a ruling before any public disclosure not permitted by this Order is made.

Dated: New York, New York
January 9, 2018

SO ORDERED:

_____
THE HONORABLE KATHERINE B. FORREST
UNITED STATES DISTRICT JUDGE