UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
UNITED STATES OF AMERICA,

    v.

CHI PING PATRICK HO, a/k/a/ "Patrick C.P. Ho," a/k/a/ "He Zhiping,"

              Defendant.

------------------------------------- X

INDEX NO. 17-cr-779 (KBF)

**DECLARATION OF KATHERINE M. WYMAN IN SUPPORT OF MOTION TO DISMISS**

I, Katherine M. Wyman, do hereby state and declare as follows:

1. I am an associate at Dechert LLP, counsel for Defendant Patrick Ho, and I make this declaration based on my personal knowledge.

2. On March 19, 2018, I accessed the Stanford Law School Foreign Corrupt Practices Act Clearinghouse (the "Stanford Clearinghouse"), available at http://fcpa.stanford.edu/index.html. The Stanford Clearinghouse purports to be "a comprehensive website for all things FCPA-related." It "track[s] all FCPA-related actions brought by the SEC or DOJ since the statute's enactment in 1977." Among other uses, the Stanford Clearinghouse allows users to search a dataset of "Enforcement Actions," including proceedings raising FCPA or FCPA-related claims. A true and correct copy of the "About Us" page of the Stanford Clearinghouse website, last accessed on April 11, 2018, is annexed hereto as Exhibit A.

3. I used the "Advanced Search" function provided by the Stanford Clearinghouse to identify any "DOJ Criminal Proceeding" involving an alleged violation of 18 U.S.C. § 78-dd3 ("Anti-Bribery; Primary, Other"). The search resulted in twenty-six enforcement actions, including this case.

4. Based on my review of these twenty-six enforcement actions, there were twenty-one cases, excluding this case, in which the government charged a defendant or defendants with a primary violation of § 78dd-3. There were twenty-two complaints, informations, and indictments or superseding indictments filed in these cases that alleged criminal violations of § 78dd-3. There were twenty-three separate defendants who were so-charged. A list of these cases, with copies of the complaints, informations, or indictments alleging criminal violations of § 78dd-3 in each case, is annexed hereto as Exhibit B.

5. One case involved alleged violations of both 15 U.S.C. §§ 78dd-2 and 78dd-3, but did not contain any clear allegation that an individual defendant violated both statutes. In the superseding indictment filed in that case, *United States v. Amaro Goncalves, et al.*, No 09-cr-335 (D.D.C.), the government alleged that seventeen defendants fell within the definition of "domestic concern" under 15 U.S.C. § 78dd-2. The government also alleged that five defendants qualified as a "'person' other than an issuer or a domestic concern" under 15 U.S.C. § 78dd-3. Of these, one was also a "co-owner and co-Chief Executive Officer" of a company that was a "domestic concern." However, it does not appear, based on the Indictment and the Superseding Indictment filed in that case, that the government purported to claim that this individual could be prosecuted under both sections of the FCPA. The case was dismissed with prejudice on February 21, 2012.

6. Only one case involved allegations that a defendant violated both 15 U.S.C. §§ 78dd-2 and 78dd-3 through the same conduct. In that case, *United States v. Ng Lap Seng, et al.*, No. 15-cr-706 (S.D.N.Y.), the government alleged that two defendants each violated both of 15 U.S.C. §§ 78dd-2 and 78dd-3, through the same conduct. I have reviewed the publicly-available pleadings filed in the case. Based on my review of the pleadings, neither defendant challenged the

mutually-exclusive charges. The government moved to dismiss these charges against one of the defendants. A jury found the other defendant guilty of both violations.

April 16, 2018                                              By: _____
                                                            Katherine M. Wyman
                                                            Dechert LLP