UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- X
                                               :
UNITED STATES OF AMERICA,              :

              v.                                      :

CHI PING PATRICK HO,                      :        No. 17 Cr. 779 (KBF)
   a/k/a/ "Patrick C.P. Ho,"                 :
   a/k/a/ "He Zhiping,"                      :

                         Defendant.     :
                                               :
------------------------------------------------- X

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS
# MOTION TO SUPPRESS AND FOR DISCLOSURE OF FISA MATERIALS

                      KRIEGER KIM & LEWIN LLP
                      500 Fifth Avenue, 34th Floor
                      New York, New York 10110
                      Tel.: (212) 390-9550

                      DECHERT LLP
                      1095 Avenue of the Americas
                      New York, New York 10036
                      Tel.: (212) 698-3500
                      Fax: (212) 698-3599

                      *Attorneys for Chi Ping Patrick Ho*

Defendant Chi Ping Patrick Ho ("Dr. Ho") respectfully moves this Court (1) to scrutinize the applications, orders, and other materials related to the Foreign Intelligence Surveillance Act of 1978 ("FISA"), as amended, 50 U.S.C. §§ 1801–1812 and 1821–1829, that the government will submit to the Court, and suppress any evidence that the Court determines has been unlawfully obtained or derived from electronic surveillance or physical searches purportedly conducted pursuant to FISA; and (2) to disclose to the defense, to the extent appropriate, all FISA applications, orders, and related materials reviewed by the Court.[1]

**Background**

On February 8, 2018, the government provided notice that pursuant to 50 U.S.C. §§ 1806(c) and 1825(d), it "intends to offer into evidence, or otherwise use or disclose in any proceedings in the above-captioned matter, information obtained or derived from electronic surveillance and physical search conducted pursuant to the Foreign Intelligence Surveillance Act of 1978 (FISA), as amended, 50 U.S.C. §§ 1801-1812 and 1821-1829." (Notice, Feb. 8, 2018, ECF No. 45.) The same day, the government submitted a proposed schedule with respect to any classified discovery and any motion practice relating to classified information (Letter to Hon. Katherine B. Forrest, Feb. 8, 2018, ECF No. 46), which the Court approved on February 9, 2018. (Letter Endorsement, Feb. 9, 2018, ECF No 48.) Pursuant to the schedule set by the Court, defense motions in response to the government's FISA notice are due on or before April 16, 2018, and the government must complete its production of, or make available for review, any classified discovery by May 31, 2018. (*Id.*)

---

[1] The defense reserves the right—and, indeed, expects—to renew and expand upon this motion after it has had an opportunity to review the government's anticipated production of classified discovery.

**Argument**

Pursuant to FISA, electronic surveillance and physical searches are lawful only if stringent procedural and substantive requirements are met. If the FISA requirements are not met, the Court must suppress all evidence obtained or derived from the unlawful activity in question. The defense has not been permitted to review the FISA applications, orders, and related materials relevant to this case, and we can only speculate as to whether the surveillance and searches that took place here were or were not conducted in conformity with FISA. Thus, we respectfully request that the Court review the materials *in camera* and *ex parte*,[2] and suppress all evidence that it determines was unlawfully obtained or derived from the FISA electronic surveillance and physical searches conducted here.

If, in the course of its review, the Court encounters questions in the materials, or otherwise finds that determination of the lawfulness of the FISA activity warrants defense counsel's perspective or an adversarial proceeding, we respectfully request that the Court disclose to the defense—under appropriate security procedures and protective orders—portions of the FISA applications, orders, or related materials to the extent necessary to facilitate an accurate determination of the legality of the FISA surveillance and/or searches conducted here.

---

[2] The Court's review is required to be *in camera* and *ex parte* only if the Attorney General files an affidavit stating that disclosure or an adversarial hearing would harm the national security of the United States. *See* 50 U.S.C. §§ 1806(f), 1825(g). The Attorney General has yet to submit an affidavit in this case. In practice, however, "the government has filed an affidavit from the Attorney General in every case in which a defendant has sought to suppress FISA evidence or obtain disclosure of FISA applications and orders." Davis S. Kris & J. Douglas Wilson, *National Security Investigations and Prosecutions* § 30:7 (2016). As such, this memorandum proceeds under the assumption that the Attorney General will file here, as it has routinely filed in the past, the affidavit contemplated in 50 U.S.C. §§ 1806(f) and 1825(g).

# POINT I

## THE COURT SHOULD SUPPRESS ANY EVIDENCE UNLAWFULLY OBTAINED OR DERIVED FROM FISA ELECTRONIC SURVEILLANCE OR PHYSICAL SEARCHES

For FISA electronic surveillance to be lawful, a FISA judge must determine that: "(1) the President has authorized the Attorney General to approve FISA applications; (2) the application has been made by a Federal officer and approved by the Attorney General; (3) the application provides probable cause to believe that the target of the electronic surveillance is a foreign power or an agent of a foreign power and that each of the facilities or places at which the electronic surveillance is directed is being used, or is about to be used, by a foreign power or an agent of a foreign power; (4) the proposed minimization procedures meet the statutory requirements under the Act; and (5) the application contains all statements and certifications required under [50 U.S.C.] § 1804 . . ." *See United States v. Sattar*, No. 02-cr-395, 2003 WL 22137012, at *4 (S.D.N.Y. Sept. 15, 2003) (citing 50 U.S.C. § 1805). FISA physical searches are subject to similar requirements. *See* 50 U.S.C. §§ 1823-24.

If these requirements are met, the FISA judge may then enter an order approving the requested surveillance or search. *See* 50 U.S.C. §§ 1805, 1824. Such an order, however, must specify "the identity of the target of the surveillance; the location of each of the facilities or places at which the surveillance will be directed; the type of information sought and communications or activities to be subjected to the surveillance; the means by which the surveillance will be effected; the period of time for which the surveillance is approved; and the minimization procedures to be employed." *Sattar*, 2003 WL 22137012, at *4 (citing 50 U.S.C. § 1805); *see also* 50 U.S.C. § 1824 (setting forth analogous requirements in the context of physical searches).

Only if these many requirements are met is the FISA activity in question presumptively lawful.  Where these requirements are not met, FISA provides the defendant with a remedy: FISA provides that "[a]ny person against whom evidence obtained or derived from an electronic surveillance to which he is an aggrieved person is to be . . . introduced or otherwise used or disclosed in any trial, hearing, or other proceeding in or before any court . . . may move to suppress the evidence obtained or derived from such electronic surveillance on the grounds that . . . (1) the information was unlawfully acquired; or (2) the surveillance was not made in conformity with an order of authorization or approval."  50 U.S.C. § 1806(e); *see also id*. § 1825(f) (stating the same in the context of physical searches).

Faced with such a motion, a court must, "if the Attorney General files an affidavit under oath that disclosure or an adversary hearing would harm the national security of the United States, review *in camera* and *ex parte* the application, order, and such other materials relating to the surveillance as may be necessary to determine whether the surveillance of the aggrieved person was lawfully authorized and conducted."  50 U.S.C. § 1806(f); *see also id*. § 1825(g).  If the court "determines that the surveillance was not lawfully authorized or conducted, it shall, in accordance with the requirements of law, suppress the evidence which was unlawfully obtained or derived from electronic surveillance of the aggrieved person or otherwise grant the motion of the aggrieved person."  *Id.* § 1806(g); *see also id*. § 1825(h).

Given that the defense has not been afforded an opportunity to review either the operative FISA applications, orders, and related materials or the evidence seized, we cannot meaningfully assess whether the electronic surveillance or physical searches conducted here were lawful and completed in conformity with the requirements set forth in FISA.  Thus, we respectfully request that, at a minimum, the Court, pursuant to FISA, review such materials *in camera* and *ex parte*,

and suppress all evidence which it determines to have been unlawfully obtained or derived from the FISA activity conducted here.

## POINT II

### THE COURT SHOULD DISCLOSE TO THE DEFENSE, TO THE EXTENT APPROPRIATE, ALL FISA APPLICATIONS, ORDERS, AND RELATED MATERIALS REVIEWED BY THE COURT

Under FISA, the Court has the discretion to "disclose to the [defense], under appropriate security procedures and protective orders, portions of the application, order, or other materials relating to the surveillance . . . where such disclosure is necessary to make an accurate determination of the legality of the surveillance." 50 U.S.C. § 1806(f); *see also* 50 U.S.C. § 1825(g); Kris & Wilson, *supra*, § 31:2 (stating that these provisions "permit the court to order disclosure if it finds that it cannot determine the lawfulness of the FISA activity without the assistance of defense counsel and an adversary presentation").

The Second Circuit has stated that "[s]uch a need might arise if the judge's initial review revealed potential irregularities such as 'possible misrepresentation of fact, vague identification of the persons to be surveilled[,] or surveillance records which include[] a significant amount of nonforeign intelligence information, calling into question compliance with the minimization standards contained in the order.'" *United States v. Duggan*, 743 F.2d 59, 78 (2d Cir. 1984) (second alteration in original) (quoting S. Rep. No. 604, 95th Cong., 1st Sess. 15, *reprinted in* 1978 U.S. Code Cong. & Ad. News 3904, 3960); *see also* Kris & Wilson, *supra*, § 31:3 (stating that the aforementioned passage suggests that "a court confronted with an affidavit containing these flaws could disclose the application in whole or in part to the defendant on the theory that the shortcomings in the government's pleadings make it necessary to conduct adversarial proceedings").

We recognize that courts have thus far declined to disclose this category of material to defendants. However, to the extent that the Court determines, in the course of its review discussed above in Part I, that disclosure of the materials is necessary to facilitate an accurate determination of the legality of the FISA activity conducted in this case, it should avail itself of 50 U.S.C. §§ 1806(f) and 1825(g) and disclose to the defense—under appropriate security procedures and protective orders—the applications, orders, and related materials underlying the FISA activity conducted here.[3]

---

[3] FISA provides an additional basis for disclosing these materials to the defense. *See* 50 U.S.C. §§ 1806(g), 1825(h) (providing for disclosure "to the extent that due process requires"). The defense reserves the right to move for disclosure on this basis after it has had an opportunity to review the government's anticipated production of classified discovery.

**Conclusion**

For the reasons stated herein, the Court should (1) scrutinize the applications, orders, and other materials related to FISA that the government will submit to the Court, and suppress any evidence that the Court determines has been unlawfully obtained or derived from electronic surveillance or physical searches purportedly conducted pursuant to FISA; and (2) disclose to the defense, to the extent appropriate, all FISA applications, orders, and related materials reviewed by the Court.

Dated: New York, New York
April 16, 2018

Respectfully submitted,

By: _____

KRIEGER KIM & LEWIN LLP
500 Fifth Avenue
34th Floor
New York, New York 10110
Tel.: (212) 390-9550
Edward.Kim@KKLllp.com
Paul.Krieger@KKLllp.com
Jonathan.Bolz@KKLllp.com
Jon.Bodansky@KKLllp.com

DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Tel.: (212) 698-3622
Fax: (212) 698-3599
andrew.levander@dechert.com
benjamin.rosenberg@dechert.com

*Attorneys for Chi Ping Patrick Ho*