# Exhibit G

**KRIEGER KIM & LEWIN** LLP

500 Fifth Avenue  
New York, NY 10110

Telephone: (212) 390-9550  
www.KKLllp.com

March 9, 2018

<u>By E-Mail</u>

Daniel C. Richenthal  
Douglas S. Zolkind  
Thomas McKay  
Andrew J. DeFilippis  
Assistant United States Attorneys  
United States Attorney's Office for the Southern District of New York  
One Saint Andrew's Plaza  
New York, NY 10007

David A. Last  
Paul A. Hayden  
Trial Attorneys  
United States Department of Justice  
1400 New York Avenue, NW  
Washington, DC 20005

     Re: *United States v. Chi Ping Patrick Ho*, 17 Cr. 779 (KBF)

Dear Counsel:

  We write on behalf of Dr. Patrick Ho to address two points from your March 2, 2018 letter concerning our request for a bill of particulars (the "Bill of Particulars Letter") and to request additional information concerning the government's investigation.

1. In the Bill of Particulars Letter, you indicated that the "domestic concerns" referenced in Paragraphs 2, 5, and 6 of the Indictment "include" China Energy Fund Committee (USA) Inc., China Energy Fund Committee (NYC) LLC, Huaxin Petroleum (USA) LLC, and Cheikh Gadio. Please confirm that these are the only alleged domestic concerns referenced in Paragraphs 2, 5, and 6 of the Indictment.

2. In the Bill of Particulars Letter, you declined to respond to Requests 15 through 23, which ask you to identify: (1) all acts within the United States that are alleged to be the "use of the mails and a means and instrumentality of interstate commerce" and the "act[s] in furtherance" that form the basis for Counts IV and V of the Indictment; and (2) all acts on which venue is based for Counts I through VIII. We ask you to reconsider this position, as the Indictment, the Complaint, and the Bill of Particulars Letter do not set forth sufficient information to enable us to adequately prepare a defense and to avoid prejudicial surprise at trial.

March 9, 2018
Page 2 of 2

3. In your March 2, 2018 letter to the Court, you indicated that the government had "retained a third-party vendor to assist in the review of all of the emails obtained pursuant to pertinent search warrants . . . and to assist in the process of sorting these returns into emails that are 'identified' as responsive to the relevant warrant(s) and those that are 'not identified' as responsive to the relevant warrant(s)." Please provide additional information about how the government is handling these search warrant returns. Specifically, for each account from which the government has obtained emails pursuant to a search warrant, please provide the following information: (1) the email address associated with the account; (2) the date or dates on which the government obtained emails from the service provider of the account; (3) the dates on which the review of emails from the account began and ended; (4) the dates on which an initial review of the emails from the account was conducted in order to determine which emails were responsive to the search warrant; (5) the procedures used to determine which emails were responsive to the search warrant, including any search terms used to limit the scope of the review; (6) the names and roles of the individuals who conducted the review; (7) the procedures used to ensure that members of the case team were walled off from non-responsive and privileged materials; (8) confirmation that members of the case team were not exposed to non-responsive or privileged materials; and (9) the procedures used to ensure that *Brady* and *Giglio* material was properly identified.

4. You have informed us that members of the Federal Bureau of Investigation asked our client for the password to his iPad on November 18, 2017 "[s]ubsequent to being transported to the JFK Resident Agency but prior to being read his Miranda rights" and that our client "agreed and provided the . . . password." Please advise us of any instances in which the government has used the password in any way, including to access the iPad or any other device.

We appreciate your prompt response to these requests.

                                          Very truly yours,
                                          KRIEGER KIM & LEWIN LLP

By: _____
        Edward Y. Kim
        Paul M. Krieger
        Jonathan F. Bolz

cc:    Andrew J. Levander, Esq.
        Benjamin E. Rosenberg, Esq.
        Katherine M. Wyman, Esq.