# Letter of Application for a Trust
## - long form/tailormade -

**UBS Trustees (Jersey) Ltd  ("UBSTS")**

P O Box 34
28 New Street
St Helier
Jersey JE4 8NW
Channel Islands

Dear Sirs

I/We agree to and confirm the details set out below and request that you act as Trustee of the Trust
- ☒ I/we intend to settle
- ☐ You are to declare further to my/our instructions
- ☐ To be transferred to you from
  (full name and address of current trustee(s) attached)

## A     DETAILS OF SETTLOR(S)

(a) A photocopy of my passport/Photocopies of our passports is/are attached showing my/our signature/s, passport no , personal details and place and date of issue/expiry  This has been certified as a true copy/These have been certified as true copies by a UBS Client Adviser or Financial Planner who has also written their own name and contact details on the photocopy(ies)
(b) In the case of settlors which are not individuals appropriate details and evidence of constitution, ownership, membership and other relevant details to be attached

| SETTLOR 1 | | SETTLOR 2 | |
|---|---|---|---|
| Surname | **HO** | Surname | |
| Maiden name | | Maiden name | |
| First names | **Chi Ping Patrick** | First names | |
| Date of birth | ▮ **1949** | Date of birth | |
| Marital status | **Married** | Marital status | |
| Home address | ▮▮▮ | Home address | |
| | ▮ **Hong Kong** | Address for correspondence (if different) | |
| Address for correspondence (if different) | | Tel  no  home | |
| Tel  no  home | **(852)** ▮ | Fax no  home | |
| Fax no  home | | Tel  no  office | |
| Tel  no  office | **(852) 2501 0919** | Fax no  office | |
| Fax no  office | **(852) 2501 0666** | Domicile* | |
| Domicile* | **Hong Kong** | Residence(s) | |
| Residence(s) | **Hong Kong** | Nationality(ies) | |
| Nationality(ies) | **Hong Kong** | Business or occupation (if retired please give details of former business or occupation) | |
| Business or occupation (if retired please give details of | **Medical Doctor** | | |

former business
or occupation)

| | |
|---|---|
| Business address | **8/F Kailey Tower, Stanley Street, Central, Hong Kong** |

Business address

Name and
address of
existing bankers
(for reference
purposes)

Name and
address of
existing bankers
(for reference
purposes)        **UBS AG Singapore**

Is the Settlor to be a Beneficiary?

☐ Yes          ☐ No

Is the Settlor to be a Beneficiary?

☒ Yes          ☐ No

---

*Domicile   A person's true, fixed and permanent living place  Domicile is the place to which a person intends to return after non-permanent absences  A person may have only one domicile at a time  If you are unsure of the answer, please leave this blank

## B    DETAILS OF BENEFICIARIES (initial or potential)

(a) A photocopy of the passport of each initial or potential beneficiary is attached showing his signature, passport no , personal details and place and date of issue/expiry
This has been certified as a true copy by a UBS Client Adviser or Financial Planner or public notary or similar person acceptable to UBSTS who has also written their own name and contact details on the photocopy
If these copies are not available immediately then the photocopies must be certified as above and provided as soon as possible  No distributions from the Trust will be made to a beneficiary until this information has been received by UBSTS

(b) In the case of beneficiaries which are not individuals   as in A above

1  Surname         **HU**                          Maiden name
First names      **Hui Chung**
Date of birth    ███████ **1958**              Relationship to Settlor(s)  **Wife**
Home Address  **Same as Settlor**
Domicile*         **Hong Kong**     Residence(s) **Hong Kong**     Nationality(ies) **Hong Kong**
Tel/fax home   **(852)** ██████
Tel/fax office

2  Surname         **HO**                          Maiden name
First names      **Kam Shuen**
Date of birth    ███████ **2000**              Relationship to Settlor(s)  **Daughter**
Home Address  **Same as Settlor**
Domicile*         **Hong Kong**     Residence(s) **Hong Kong**     Nationality(ies) **Hong Kong**
Tel/fax home   **(852)** ██████
Tel/fax office

3  If there are any other Beneficiaries, please specify details, as above, on a separate sheet

Initials 

**C**   **INFORMATION ON ASSETS**

1   Please describe in detail the source of the Settlor's(s') wealth and of the funds to be transferred into the trust   If further additional assets are likely to be added to the trust in the future from different sources, please also describe those funds and their likely value   Please provide relevant documents to support this information

Business profession

2   Do forced heirship laws apply to the Settlor(s)?   ☐ Yes   ☒ No

3   Is any heir or otherwise legally entitled person to be excluded from becoming a Beneficiary or to receive less than their legal entitlement?   ☐ Yes   ☒ No

4   If yes to 3 above, please supply details

**D**   **DETAILS OF TRUST TO BE CREATED (TRANSFERRED)**

Name of Trust   **The Golden Eye Trust**

The following Trust Deed coded (if applicable)   is attached

☒ Irrevocable   ☒ Discretionary   ☐ Protector   ☐ Managed account

☐ Revocable   ☐ Life Interest   ☐   ☒ Advisory account

☒ Settlement   ☐   ☐   ☐

☐ Declaration of Trust (draft initialled by person(s) named in A above)

Specify particular features e g  amendments to standard UBS deed, standard or other Protector provisions (for Protector details see E below)

Initial amount to be settled (cash)   **USD10**

**E**   **DETAILS OF PROTECTOR (if relevant)**

☐   Protector or

☐   similar function (Appointor, Guardian, Enforcer) - please specify

(a)   If more than one, details to be attached
(b)   A photocopy of the passport of the protector(s) to be attached showing passport no , personal details and place and date of issue/expiry   This must have been certified as a true copy by a UBS Client Adviser or Financial Planner or public notary or similar person acceptable to UBSTS who has also written their own name and contact details on the photocopy
(c)   In the case of persons which are not individuals appropriate details and evidence of constitution, ownership, membership and so on to be attached

Surname   Maiden name

First names

Date of birth   Relationship to Settlor

Home Address

Domicile*   Residence(s)   Nationality(ies)

Tel/fax home

Tel/fax office

**F**   **UNDERLYING COMPANY(IES)**

An underlying company is automatically established for accounts in Switzerland   The costs for one company in Bahamas, BVI, Cayman or Jersey are included in the fees

1  Preferred name of company        **World Vision Holdings Ltd**

2  Preferred jurisdiction of company   ☒ Bahamas IBC

☐ British Virgin Islands IBC

☐ Cayman Islands Ordinary Non-Resident Company

☐ Jersey

☐

Unless indicated otherwise the Cayman Islands ONRC are used in Cayman and Bahamas IBC are used elsewhere

**G**   **TRUST ASSET AND INVESTMENT DETAILS**

1  Details of existing bank or portfolio accounts at UBS which are to be transferred to the Trustee for the Trust are contained in separate transfer instructions

2  Other assets  Give an outline of other assets to be included in the Trust and attach the relevant details or indicate when they were/will be transmitted to the Trustee

3  Currency(ies) for accounting and reporting purposes  **USD**

4  Give details of requested type of account(s) for investments of the Trust (in all cases where there are no Special Company provisions as defined in the standard UBS long form deeds)

☐ Managed/Discretionary

Name and address of bank     **UBS AG Zurich**

Name of Client Adviser     **Laura HO**

Total value (indicate split if more than one account)

Requested investment policy

☐ Further details about the requested type of account(s) are contained in a separate sheet

5  Special Company provisions

Where the structure/appointments are more complex than below details to be attached

Total value (indicate split if more than one account)     **USD1 6 million**

Investment policy for the account(s) of the Special Company (attach further details as necessary)

**Real asset growth in the long term with major fluctuation in value being accepted**

The Settlor(s) will communicate any changes to the policy in writing to the Trustee and the relevant Investment Adviser and/or Investment Manager below  It is the Settlor's(s') responsibility to communicate the initial investment policy to Another Person and to the Investment Manager (when nominated)

**Nomination as Investment Adviser**

(a)

☐ **UBS** branch/subsidiary

Name of Client Adviser

**OR**

(b) I/We hereby request you to issue a **limited Power of Attorney** over the investments in the account(s) to be opened by the Special Company to

☒ **Settlor 1, or**      ☐ **Settlor 2, or**      ☐ **Another Person**

(Only one person may act as Investment Adviser at any time for an account of a Special Company )

Surname                                          Maiden name

Home Address

Tel/fax home

Tel/fax office

**Nomination as Investment Manager**
(typically where one or more portfolios are to be managed by another bank or asset manager)

Name and address

Name of Contact

Tel/fax of Contact

Attach further details as necessary

**H**      **ADMINISTRATIVE DETAILS**

|  | Name | Address | Tel /Fax no |
|---|---|---|---|
| Accountants |  |  |  |
| Lawyers |  |  |  |

**I**      **MAIL DIRECTIONS**

All **originals** of mail from the Trust or underlying company account(s) at the respective bank will be sent to UBSTS

UBSTS will instruct the respective bank (upon request) to send **copies** of transaction documents, bank statements, portfolio statements and mail to the address stated below

☐ Copies to be sent to

                                          Tel                                          Fax

☒ Copies to be held at the following UBS branch/subsidiary   **Hong Kong**

To be collected by          ☒ Settlor(s)   or          ☐ Name

Specimen signature _____

**J   DISCLOSURE OF INFORMATION**

I/We wish the Trustee to provide investment information about the trust assets to the following person(s)

☒   me/us

☐

**K   FEE SCHEDULE**

| | |
|---|---|
| Acceptance fee | **USD3,500 - plus costs for acquiring the underlying company** |
| Annual fee | **0 25% on assets involved, minimum USD3,500 -** |
| Fees for having a protector | **N/A** |
| Other | **Annual costs for maintaining the underlying company will be charged at costs** |

**Acceptance fees** include the cost of establishing the Trust and the incorporation cost of acquiring one underlying company (only Cayman, BVI, Bahamas, Jersey   the costs of underlying companies incorporated elsewhere will usually be charged in full to the Trust Fund)

**Annual fees** include the following services

- Provision of Trustee
- Bookkeeping (up to an average of 10 entries/month)
- Preparation of annual financial statements
- Review of periodic portfolio statements
- Attending to Settlors'/Beneficiaries' letters, telephone calls, etc
- Preparation of appropriate minutes
- Annual Government fees for one underlying company

**Distribution and Termination fees** may be charged for the following services

- Distribution(s) from the Trust Fund (time spent basis)
- Costs involved in the liquidation of any underlying company
- Final distribution(s)/winding up of Trust (time spent basis, minimum CHF 5'000 —)

Disbursements **not included** in the above defined fees are 'out-of-pocket' expenses such as travel expenses, legal fees, etc

**Additional fees may be charged for the following services, usually on a time spent basis**

- Preparation of accounts and similar material
- Tax return preparation
- Bookkeeping (if more than an average of 10 entries/month )
- Requests for interim statements of account other than portfolio statements
- Appointment of/management fees of agents
- Real estate or other non-liquid asset acquisition or sale or loan arrangements
- Attending any special meetings
- Registered Agents fees for any underlying company will be charged separately
- Drafting changes to legal and other documentation related to the Trust

**N B   Investment management, custody and safekeeping fees and related banking fees are charged separately by the UBS branch or other bank or entity concerned**

**The Client is advised to seek independent legal/tax advice as appropriate when setting up and structuring the Trust and underlying company(ies)   UBSTS can assist the Client in obtaining such advice, however, all legal/tax advisory fees and charges incurred are payable by the Client**

**L**   **FEE PAYMENT / CONDITIONS**

1   Instructions have been given to transfer assets to the Trustee for the Trust the Trustee's fees are to be paid from these assets after the transfer   If the majority of the Trust's assets are to be transferred at a later date the acceptance fee, the initial annual fee (estimated if necessary but at least the minimum applicable) and any other fees described in K above, must be paid to the Trustee at the time of signing this Application

2   The acceptance fee, initial annual fee and other fees described in K above are payable in full upon signing this Letter of Application for a Trust (see also 1 above)   Fees due are payable when presented and UBSTS has the right to take the fees from the Trust or underlying company bank account

3   The annual fee is subject to adjustment, usually at the beginning of a period or year, should the nature of the assets or the scope of work undertaken vary substantially   The usual basis for calculating the initial annual fee is the net asset value at the date of acceptance   Thereafter, fees are calculated on the net asset value on a quarterly, six-monthly or annual basis according to the periodicity of invoices   Fees may be adjusted in arrears to reflect substantial additions or withdrawals of assets during the relevant period   The fees for non-liquid and non-bankable assets will be calculated and revised at market value unless otherwise agreed   If the market value of the assets is not readily ascertainable, UBSTS may apply a reasonable estimate of value which shall be binding subject to manifest error by UBSTS

4   Additional fees may be charged for extra work done in meeting the specific needs of the Settlor or Beneficiaries   Unless otherwise agreed, the additional fees will be charged on a time spent basis calculated at normal UBSTS rates

5   Flat fees are subject to revision on a regular basis

6   All disbursements and out-of-pocket expenses such as, but not limited to, legal or other advisory fees, telephone, facsimile and courier costs, and other costs for attending meetings, including Trustees' time charges, are payable out of the Trust Fund

7   Acceptance fees are not refundable upon termination of services   Annual fees are refundable pro-rata upon termination of services

8   For fee purposes, any sub-Trust created will be treated as a separate Trust

9   All fees are quoted in **US dollars or Swiss Francs** and UBSTS reserves the right to change the schedule of fees from time to time, without prior notice

**M**   **CONFIRMATION**

1   I/We confirm to UBSTS that it may obtain independent verification of any information provided above

2   I/We confirm that I/we have taken independent legal, tax and other professional advice as appropriate with regard to the establishment of the Trust and any related entities ("the Trust")   I/We accept that neither UBSTS nor UBS AG claim to be nor are they tax or legal advisers and therefore I/we acknowledge that neither UBSTS nor UBS AG accept any responsibility for tax or legal consequences or other effects in the jurisdiction(s) of the Settlor's(s') or Beneficiaries' domicile or residence, or in any other jurisdictions

3   I/We confirm that I/we will undertake the responsibility in relation to any reporting or filing requirements in relation to the Trust and will provide UBSTS with such information that may be relevant to any reporting or filing requirements applicable to the Trust   I/We agree to indemnify UBSTS and to hold UBSTS safe and harmless from and against any and all claims, actions, suits instituted by any taxing or other authority, taxes, damages, penalties and expenses arising from any act or omission of UBSTS relating directly or indirectly to such reporting and filing requirements   I/We agree to inform the Trustee of all subsequent changes in residence and/or citizenship of the Settlor(s) or Beneficiaries

4   I/We also confirm that UBSTS may make such disclosures concerning the parties to the Trust and the Beneficiaries thereunder as UBSTS may consider necessary in order to effect the incorporation of any company which (directly or indirectly) is to be an asset of the Trust and in order to effect the opening of bank accounts in the name of the Trustee or any company which (directly or indirectly) is an asset of the Trust, and may take this as express authority to do so   I/We also agree that UBSTS may make such disclosures as UBSTS thinks fit, where the failure to make the same would, in the opinion of UBSTS, be prejudicial to UBSTS and without in any way limiting the foregoing I/we acknowledge that in certain circumstances UBSTS may be obliged to give evidence and information to courts or authorities in connection with the affairs of the Trust or any company which

(directly or indirectly) is an asset of the Trust

5   I/We confirm that I/we understand that the secrecy/confidentiality laws of the countries where the Trust/underlying company accounts are maintained and where the UBS or non-UBS officers/employees are located may differ from the secrecy/confidentiality laws in the jurisdiction chosen for the Trust/underlying company, and that bank account and Trust/underlying company related information managed, held and received in the countries where the bank accounts and officers/employees are located may be subject to disclosure in accordance with the laws of those countries

6   I/We hereby agree that neither UBSTS, nor any of its mandatories, nor their employees are violating any contractual obligations or any secrecy law of UBSTS or any other jurisdiction by disclosing information to the competent authorities if compelled by law to do so

7   I/We confirm that any monies and/or other assets transferred now or at any time in the future to the Trust ("Funds") are or will be my/our property (as the case may be) and are not/will not be derived from or otherwise be connected with any activity which is illegal or unlawful either in their country of origin or in the location in which the Trust is established   In particular, the Funds are not/will not be derived from any activity specified in the Drug Trafficking Offences (Jersey) Law 1988, the Prevention of Terrorism (Jersey) Law 1996 or the Proceeds of Crime (Jersey) Law 1999 and the Funds do not represent the proceeds of terrorist activities, drug trafficking, insider dealing, theft or fraudulent tax evasion

8   I/We confirm that  any such transfer of Funds will be done lawfully and that I am/we are not avoiding nor attempting to avoid any claims by actual or foreseeable creditors   I/We also confirm that any such transfer of assets to the Trust is not intended to circumvent community of property rights nor joint ownership rights   I/We understand that by settling my assets into this Trust, I/we part with the legal ownership of these assets

9   I/We confirm that I/we have read and understood the Trust Deed and all other related documents and specifically those clauses relating to the Trustee's limits of liability, indemnity and right of remuneration

10  I/We confirm that neither I/we nor any of the beneficiaries of the Trust are now (and nor have I/we or they ever been) in a position of high public office (for example, in politics, the clergy or armed forces) or a position in which   my/our   or   their   conduct   might   be   open   to   particular   public   scrutiny, OR
I/we attach details (please delete as appropriate)

11  I/We acknowledge that I/We shall be deemed to have repeated each of the foregoing confirmations (as relevant and appropriate) on each occasion that further Funds are transferred by me/us to UBSTS and that I/We shall advise you if any such confirmation cannot be given   I/We also acknowledge that in accepting such further transfers of Funds UBSTS will on all future occasions be relying upon such confirmations

12  I/We confirm that I/we will advise UBSTS in writing immediately if any information contained in this application ceases to be accurate or changes in any way

13  I/We confirm that the present agreement shall be exclusively governed by and construed in accordance with the laws of the Island of Jersey and I/we submit to the non-exclusive jurisdiction of the courts of the Island of Jersey

**N      Attachments**

In addition to the Trust Deed there are                    pages of attachments relating to sections                    (all pages to be initialled)

2 6 JUN 2002

Date _____                    Client signature _____

Date _____                    Client signature _____

**Date**  15 July 2002

## The Golden Eye Trust

**HO Chi Ping Patrick**
(Settlor)

**UBS Trustees (Jersey) Ltd**
(Trustee)

---

**SETTLEMENT**

---

---

**Irrevocable Settlement**
**Discretionary**
**No Protector**
**Special Company Provisions**

---

UBS Trustees (Jersey) Ltd
P O Box 34
Durell House
28 New Street
St Helier
Jersey  JE4 8NW
Channel Islands

**The Golden Eye Trust**

| | |
|---|---|
| 1 | Definitions and Construction |
| 2 | Name and Proper Law |
| 3 | Trust for Sale |
| 4 | Power to Receive Additional Property |
| 5 | Discretionary Trust of Capital and Income |
| 6 | Trust to Accumulate Income |
| 7 | Trust in Default of Appointment |
| 8 | Gift Over |
| 9 | Termination Provisions |
| 10 | Transfer of Trust Fund to a New Settlement |
| 11 | Release of Trustees' Powers and Discretions |
| 12 | Exclusion of Community Property Rules |
| 13 | Validity of Exclusion of Beneficiary |
| 14 | Beneficiaries' Rights during Trust Period |
| 15 | Addition and Exclusion of Beneficiaries |
| 16 | Power to Terminate Trust Period |
| 17 | Trustees' Power to Change the Proper Law and to Retire and Appoint new Trustees in Different Jurisdiction |
| 18 | Appointment of Trustees |
| 19 | Exclusion of Excluded Persons |
| 20 | Power Amendment |
| 21 | Administrative Powers |

**Schedule 1**

| | |
|---|---|
| 1 | General |
| 2 | Appointment and Removal of Investment Adviser |
| 3 | Determination of Investment Policy |
| 4 | Absence of Investment Adviser |
| 5 | Investment Adviser's Powers and Duties |
| 6 | Indemnity of Trustee and Directors of Special Company |

**Schedule 2**

| | | |
|---|---|---|
| 1 | Investment and Management of the Trust Fund | |
| | 1 1 | General |
| | 1 2 | Investment |
| | 1 3 | Life Assurance Policies |
| | 1 4 | Borrowing and Charging |
| | 1 5 | Direct Rights of Recourse |
| | 1 6 | Charges for Value on Trust Fund |
| | 1 7 | Granting Options |
| | 1 8 | Underwriting |
| | 1 9 | Trading |
| | 1 10 | Buildings and Chattels |
| | 1 11 | Incorporation of Companies |
| | 1 12 | Exercise of Voting Powers/Trustees as Directors |
| | 1 13 | Corporate Reorganization |

| | 1 14 | Reduction of Capital |
| | 1 15 | Arrangements with co-Shareholders |
| | 1 16 | Insurance |
| 2 | | Application of funds for Benefit of Beneficiaries |
| | 2 1 | Loans to Beneficiaries |
| | 2 2 | Forgiveness of Debts |
| | 2 3 | Guarantee of Borrowings |
| | 2 4 | Beneficiaries' use of House or Chattels |
| 3 | | Administrative Powers |
| | 3 1 | Investment Managers and Advisers |
| | 3 2 | Use of Agents |
| | 3 3 | Use of Nominees |
| | 3 4 | Deposit of Title Deeds or Assets |
| | 3 5 | Action by Majority |
| | 3 6 | Delegation |
| | 3 7 | Professional Assistance |
| | 3 8 | Payment of Expenses out of Capital or Income |
| | 3 9 | Division between Capital and Income |
| | 3 10 | Power of Appropriation |
| | 3 11 | Receipts for Distributions to Infant or Incapacitated Beneficiaries |
| | 3 12 | Receipts for Distributions to Charities |
| | 3 13 | Determination of Questions Arising |
| | 3 14 | Legal Proceedings |
| | 3 15 | Compromise and Settlement |
| 4 | | Accounts and Audit |
| 5 | | Overseeing Management of Companies |
| 6 | | Exercise of Trustees' Discretions |
| 7 | | Power of Trustees to Deal with Trust |
| 8 | | Trustees' Power to Charge |
| 9 | | Trustees' Bond and Indemnity |
| 10 | | Payment of Taxes |

**THIS SETTLEMENT** is made the 15th  day of July 2002

**BETWEEN**

1    **HO Chi Ping Patrick** of ████████████████████████████████ Hong
     Kong (the "**Original Settlor**"), and

2    **UBS Trustees (Jersey) Ltd**  ("**the Original Trustee**") of P O  Box 34, Durell House
     28 New Street, St  Helier, Jersey JE4 8NW, Channel Islands

**WHEREAS**

(A)    The Original Settlor, wishing to make such irrevocable Settlement as is hereinafter contained,
       has arranged or will arrange for the Original Trustee to receive or otherwise have placed under
       its control the sum of US$10

(B)    It is contemplated that further sums of money, investments or other property may be paid or
       transferred to or otherwise placed under the control of the Trustees, by way of addition to the
       Trust Fund

**NOW THIS INSTRUMENT WITNESSES** as follows

1    **Definitions and Construction**

     In  this  Settlement  wherever  the  context  permits,  the  following  definitions  and  rules  of
     construction shall apply

     1 1    "**Settlor**" means the Original Settlor and any person who shall have donated (by way
            of  gift  or  sale  for  less  than  full  value)  any  sums  of  money,  investments  or  other
            property to be held as part of the Trust Fund

     1 2    the "**Trustees**" means the Original Trustee or the trustees or trustee for the time
            being hereof and "**Trustee**" means any one of the Trustees

     1 3    "**Trust Company**" means any Company, wherever incorporated, which is authorized
            under its constitution to carry on the business of administering trusts

     1 4    the "**Trust Fund**" means

            (1)    the said sum of US$10,

            (2)    all further sums of money, investments or other property which may be paid
                   or transferred by any person to or so as to be under the control of the
                   Trustees and which shall be accepted by them as additions to the Trust Fund,

            (3)    all accumulations of income which fall to be held as accretions to the capital
                   of the Trust Fund, and

            (4)    the money, investments and property from time to time representing such
                   money, investments and other property and accumulations

     1 5    the "**Trust Period**" means the period commencing on the date hereof and ending
            on whichever shall be the earliest of the following days

            (1)    the day on which shall expire the period of eighty years from the date hereof,

            (2)    the day on which shall expire the period of twenty years after the death of
                   the last survivor of the descendants living on the date of the Settlement of
                   His Late Majesty King George V of England, and

(3)   such day (if any) as the Trustees may determine in accordance with the powers conferred on them by Clause 16

1 6   the **"Accumulation Period"** means the Trust Period

1 7   the **"Termination Date"** means the one hundredth anniversary of the date hereof

1 8   the **"Beneficiaries"** means

(1)   the Original Settlor

(2)   HU Hui Chung, spouse of the Original Settlor (date of birth 24 May 1958)

(3)   HO Kam Shuen, daughter of the Original Settlor (date of birth 4 November 2000)

(4)   the children and remoter issue of the marriage of the Original Settlor and HU Hui Chung

(5)   Charities, and

(6)   Any person or class of persons appointed as a Beneficiary or Beneficiaries pursuant to Clause 15 1 and 15 2 but, in the case of a revocable appointment, only during such time as the appointment remains effective and unrevoked

1 9   **"Excluded Persons"** means the following, provided that no Beneficiary shall be an Excluded Person except by virtue of paragraph (3) below

(1)   any Settlor other than the Original Settlor,

(2)   the spouse of any person who is an Excluded Person by virtue of paragraph (1), and

(3)   any person or class of persons excluded from any benefit hereunder pursuant to Clause 15 3 but, in the case of a revocable exclusion, only during such time as the exclusion remains effective and unrevoked

1 10   the **"Proper Law of the Trust"** means the law of the jurisdiction under which questions affecting the validity, construction and effect of this Settlement and each and every provision hereof are to be determined

1 11   **"deed"** means any instrument in writing which is signed, witnessed and dated, or otherwise validly executed in accordance with the law of the place where it is executed

1 12   **"securities"** means

(1)   any stocks or shares issued by any Company,

(2)   debentures (including debenture stock, loan stock, bonds, certificates of deposit and any other acknowledgment of indebtedness) issued by or on behalf of any government, local authority, public authority or Company,

(3)   units in a unit trust or other collective investment scheme, and

(4)   any options or warrants to subscribe for, and any other rights to acquire, any of the aforesaid



1 13    "**Investment Adviser**" means any person appointed as such under Paragraph 2 of Schedule 1

1 14    "**Investment Manager**" means any person appointed as such under Paragraph 5 of Schedule 1

1 15    "**Special Company**" means a company in which the Trustees hold, directly or indirectly, a controlling interest

1 16    "**Trustee Affiliate**" means a company which is a member of the group consisting of the Trustee and its direct or indirect holding companies and all direct or indirect subsidiaries of all such holding companies

1 17    "**person**" includes any individual, Company, partnership or unincorporated association

1 18    "**Company**" means any body, incorporated or established in any part of the world, which has a legal existence independent of that of its members

1 19    "**Charity**" means any trust, foundation, institution or other organization whatever established only for purposes regarded as charitable under the laws of Jersey and, in the event of a change in the Proper Law, under the Proper Law of the Trust for the time being

1 20    "**incapacity**" means incapacity caused by physical or mental handicap or deterioration resulting in the individual whose incapacity is being judged being unable to manage his own affairs or to understand the nature or consequences of his actions, as confirmed by the written opinion of two medical practitioners qualified to assess such matters and "**incapacity**" shall also mean any legal incapacity deriving from age or insolvency or otherwise and "**incapacitated**" shall have a corresponding meaning

1 21    references to the children and remoter issue of any person shall include the children and remoter issue of such person through all degrees whether legitimate, illegitimate, legitimated or adopted

1 22    references to the spouse of any person shall include his widow

1 23    words denoting any gender shall include both the other genders

1 24    words denoting the singular shall include the plural and vice versa

1 25    the table of contents and headings in this Settlement are inserted for convenience of reference only and shall have no legal effect, nor shall they affect in any way the construction of any Clause contained herein

1 26    except in a schedule, any reference to a sub-clause or Paragraph shall, unless the context precludes such a construction, be read as a reference to the particular sub-clause or Paragraph of the Clause or sub-clause in which the reference occurs

1 27    any reference in a Schedule to a paragraph or sub-paragraph shall unless the context precludes such a construction, be read as a reference to the particular paragraph or sub-paragraph of the Schedule or paragraph in which the reference occurs

## 2    Name and Proper Law

2 1    This Trust shall be known as the "**Golden Eye Trust**" or by such other name as the Trustees may from time to time determine

2 2    This Trust is established under, and the Proper Law of the Trust shall (subject to Clause 17) be, the laws of Jersey



**3      Trust for Sale**

The Trustees shall hold the Trust Fund upon trust in their discretion either to allow the same to remain in the state in which it is received or held for so long as they shall think fit or to sell or convert the same into money The Trustees may, at their discretion, invest such money in their names or under their control in or upon any of the investments hereinafter authorised, with power from time to time to vary or transpose any such investments for or into others of any nature hereinafter authorised

**4      Power to Receive Additional Property**

The Trustees shall, during the Trust Period, have power to accept and receive, either as additions to the Trust Fund or as income, any money, investments or property of whatever nature and wherever situate   Any such money, investments or property shall, subject to any contrary direction, be held upon the trusts and with and subject to the powers and provisions contained herein

**5      Discretionary Trust of Capital and Income**

5 1      The Trustees shall, during the Trust Period, hold the Trust Fund and the income thereof upon trust, as to either capital or income or both capital and income, for or for the benefit of the Beneficiaries (other than any Excluded Person) at such ages or times, in such shares, upon such trusts (including discretionary or protective trusts) and with and subject to such powers and provisions for their advancement, maintenance, education and benefit, exercisable at the discretion of the Trustees or of any other persons, and generally in such manner as the Trustees, being at least two in number or a Trust Company, shall in their discretion at any time or times during the Trust Period appoint

5 2      Any appointment made, pursuant to the powers conferred by this Clause, to the trustees of another trust or settlement shall be a valid exercise of such powers, provided that the provisos set out in Clause 10 shall apply to any such exercise as they apply to the powers conferred by Clause 10

5 3      Any appointment made pursuant to this Clause shall be made (i) by deed revocable (during the Trust Period) or irrevocable and (ii) having due regard to any applicable rule governing remoteness of vesting

**6      Trust to Accumulate Income**

6 1      This Clause shall apply subject to the provisions of Clause 5  and to any exercise of the powers hereby or by law conferred on the Trustees

6 2      The Trustees shall, during the Accumulation Period, accumulate the income of the Trust Fund, as an accretion to the capital of the Trust Fund, or as a separate fund thereof, by investing the same and the resulting income thereof in any investments hereby authorised, with power to vary the same for others similarly authorised

6 3      Notwithstanding the foregoing trust to accumulate, the Trustees shall have power to pay or apply the whole or any part of the income of the Trust Fund to or for the benefit of such of the Beneficiaries in such shares and generally in such manner as the Trustees shall from time to time in their discretion think fit

**7      Trust in Default of Appointment**

From and after the expiration of the Trust Period, and subject to any appointment made pursuant to Clause 5 , the Trustees shall hold the capital and income of the Trust Fund upon trust absolutely for such of the children and remoter issue of the the marriage of the Original Settlor and HU Hui Chung as shall then be living and if more than one in equal shares per stirpes, provided that no issue shall take whose parent is alive and so capable of taking

**8       Gift Over**

In the event of the failure or determination of the trusts hereinbefore contained, the Trustees shall, at the expiration of the Trust Period, hold the capital and income of the Trust Fund upon trust for such Charities and if more than one in such shares as the Trustees shall in their discretion determine

**9       Termination Provisions**

Notwithstanding the foregoing trusts and powers, if the trusts hereof shall not have terminated prior to the Termination Date, the Trust Fund and the income thereof shall, on the Termination Date, vest absolutely in possession in and be distributed to those persons who, at the Termination Date, have a vested interest in the capital of the Trust Fund and, if more than one, in proportion to their respective interests in such capital

**10      Transfer of Trust Fund to a New Settlement**

10 1      The Trustees, being at least two in number or a Trust Company, shall have power at any time or times during the Trust Period, to apply the whole or any part of the Trust Fund by paying or transferring the same to the trustees of any other trust or settlement, whether or not the proper law of such other trust or settlement shall be the Proper Law of the Trust, for the benefit of any one or more of the Beneficiaries

10 2      The power conferred by the foregoing sub-clause shall be exercisable notwithstanding the prior trusts and powers contained in this Settlement but shall be subject to the following provisions

(1)      Upon the payment or transfer of any money or other property to the trustees of any such trust or settlement, the Trustees shall not be bound to see to the further application of such money or property

(2)      The Trustees may make such payment or transfer to the trustees of a discretionary trust, notwithstanding that the Beneficiary for whose benefit the power is exercised is only a discretionary object of such trust

(3)      The Trustees may make such payment or transfer notwithstanding that persons other than the Beneficiary for whose benefit the power is exercised are or may become entitled to, or to the income of, the money or other property paid or transferred

(4)      The power shall not be exercisable in a way which would or might infringe any applicable rule governing remoteness of vesting

(5)      The power shall not be exercisable so as to permit any part of the Trust Fund or the income thereof to be paid or transferred to the trustees of any trust or settlement in which any Excluded Person is or may be interested

**11      Release of Trustees' Powers and Discretions**

Notwithstanding any of the trusts, powers and provisions herein contained, the Trustees shall have power, exercisable at any time or times before the expiration of the Trust Period, by deed revocable (during the Trust Period) or irrevocable, to release in whole or in part any power, right or discretion vested in them hereunder

**12      Exclusion of Community Property Rules**

No benefit accruing to or devolving on any Beneficiary under this Trust shall form or constitute a portion of any communal or joint estate or marital property of such Beneficiary, but such benefit shall be and remain the sole, separate and exclusive property of such Beneficiary Should such Beneficiary be married or marry in community of property, any benefit so accruing or devolving shall be expressly excluded from the community, such benefit shall also

be free from the interference, control or marital power of any spouse of such Beneficiary   The provisions of this Clause shall apply not only to benefits accruing to or devolving on any Beneficiary but also to the property of whatever nature for the time being representing the same and the income thereof

**13    Validity of Exclusion of Beneficiary**

No appointment made in the exercise of any power hereinbefore contained shall be invalid on the ground either that an insubstantial, illusory or nominal share is appointed to any Beneficiary or left unappointed or that any Beneficiary is thereby altogether excluded   Every such appointment shall be valid notwithstanding that any Beneficiary is deprived, either under the appointment or under the trusts in default of appointment, of any share in the Trust Fund

**14    Beneficiaries' Rights during Trust Period**

No Beneficiary shall have

14 1    any claim, right or entitlement whatever to any part of the Trust Fund or the income thereof except in so far as herein expressly provided or as the same may arise by virtue of the exercise of any power of appointment herein contained, or

14 2    any claim, right or entitlement to call for accounts (whether audited or otherwise) from the Trustees in relation to the Trust Fund and the income thereof or to obtain any information of any nature from the Trustees, in relation to the Trust Fund and the income thereof or of the trusts and powers hereof unless the courts in the jurisdiction of the Proper Law of the Trust shall have so ordered

**15    Addition and Exclusion of Beneficiaries**

15 1    The Trustees shall, with the prior written consent of the Original Settlor (received during his lifetime and whilst not under an incapacity and thereafter in their absolute discretion), have power at any time during the Trust Period to add to the class of Beneficiaries such one or more persons (not being or none of them being an Excluded Person) as the Trustees shall in their absolute discretion determine

15 2    Any such addition shall be made by deed signed by the Trustees and

(1)    naming or describing the person or persons to be thereby added to the class of Beneficiaries, and

(2)    specifying the date (not being earlier than the date of the declaration but during the Trust Period) from which such person or persons shall be so added

15 3    The Trustees may, at any time or times before the expiration of the Trust Period by deed revocable (during the Trust Period) or irrevocable, declare that the Beneficiaries shall cease to include any Beneficiary or class of Beneficiaries

**16    Power to Terminate Trust Period**

The Trustees shall have power, exercisable by deed, at any time during the Trust Period, to terminate the Trust Period with effect from such date, not being earlier than the date of such deed, as they shall determine

**17    Trustees' Power to Change the Proper Law and to Retire and Appoint new Trustees in Different Jurisdiction**

Notwithstanding anything to the contrary herein contained or any previous exercise of any of the powers conferred by this Clause, the Trustees shall have power at any time by instrument

17 1    to retire as Trustees and to appoint new Trustees in another jurisdiction, so that upon

such appointment being made the Trustees shall immediately hold the Trust Fund upon trust for the new Trustees and shall transfer the same to them or so as to be under their control as soon as possible, and

17 2   to change the Proper Law of the Trust to the law of some other jurisdiction in any part of the world, whether or not in conjunction with the exercise of the power conferred by sub-clause 17 1, provided that

(1)   the law of the jurisdiction to which the Proper Law is proposed to be changed is a law under which this Settlement would remain irrevocable and all or substantially all of the trusts, powers and provisions herein contained would remain enforceable and capable of being exercised and so taking effect, and

(2)   upon any such change as aforesaid, the Trustees shall, thereupon or at any time or times thereafter, by instrument make such consequential alterations or additions to the trusts, powers or provisions hereof as may be necessary or as they consider desirable to ensure that the validity of this Settlement is not prejudiced by such change and that, so far as may be possible, the trusts, powers and provisions hereof shall, mutatis mutandis, be as valid and effective as they were immediately prior to such change

## 18   Appointment of Trustees

18 1   The power of appointing new or additional Trustees shall be vested in the Trustees for the time being

18 2   A Trustee may resign by giving three months notice in writing to his co-Trustees After the expiration of such notice, or such shorter period as may be agreed in writing between the Trustee giving notice and his co-Trustees, the Trustee who has given notice shall thereafter cease to be a Trustee   If the Trustee so resigning is the sole Trustee and a new Trustee hereof shall not have been appointed before the expiration of the period of notice herein provided for, the resigning Trustee shall have power to appoint a new Trustee in his place and his resignation shall become effective only upon such appointment being made

18 3   An outgoing Trustee shall, subject to any right conferred by the Proper Law of the Trust to retain reasonable security for any liability or any lien conferred by such law, execute and do all such transfers or other acts or things as may be necessary for vesting the Trust Fund in the new or continuing Trustees   An outgoing Trustee who is or who may, on the death of any person, be liable as a Trustee or former Trustee hereof for any taxes which may be imposed in any part of the world, shall notwithstanding his retirement , be indemnified out of the Trust Fund against any such liability

18 4   Any Trustee for the time being of this Trust being a Company shall have power to act by its proper officers

## 19   Exclusion of Excluded Persons

This Settlement is irrevocable and notwithstanding anything to the contrary herein contained or implied  the Trust Fund and the income thereof shall henceforth be possessed and enjoyed to the entire exclusion of any Excluded Person and of any benefit to any such person by contract or otherwise   No fiduciary power or discretion conferred on the Trustees or on any other person by this Settlement or by law shall be capable of being exercised in such manner as shall cause any part of the Trust Fund or the income thereof to be paid or lent to, or applied for the benefit of, any Excluded Person whether directly or indirectly or in any circumstances whatever

**20      Power of Amendment**

The Trustees shall have power, exercisable from time to time during the Trust Period (having due regard to any applicable rule governing remoteness of vesting), by deed revocable (during the Trust Period) or irrevocable, to make such alterations, modifications and additions (if any) to the administrative powers or other provisions of this Settlement (other than Clauses 1 9 and 19) as they shall in their absolute discretion think fit

**21      Administrative Powers**

21 1      The provisions of Schedule 1 shall apply to the investment and management of any assets held by a Special Company

21 2      Subject to the provisions of sub-clause 21 1, the Trustees shall in addition and without prejudice to all statutory powers have the powers and immunities set out in Schedule 2  provided that the Trustees shall not exercise any of their powers so as to conflict with the beneficial provisions of this Settlement

**SCHEDULE 1**

**Investment Management**

**1      General**

The following provisions shall apply to each Special Company comprising the whole or any part of the Trust Fund  References to the Investment Adviser shall be read as referring to the Investment Adviser for the Special Company by which he is appointed    Different Special Companies may appoint different Investment Advisers

**2      Appointment and Removal of Investment Adviser**

2 1      The Trustee shall cause the Special Company to appoint as Investment Adviser such person as may be nominated by the Original Settlor, either initially or to replace any Investment Adviser whose appointment has been terminated in accordance with sub-paragraph 2 4

2 2      The Original Settlor may nominate himself or a Trustee Affiliate or any other person acceptable to the Trustee   If he nominates himself, he may also nominate as his successor, to be appointed in the event of his death, resignation or incapacity, such person as may be acceptable to the Trustee

2 3      Each appointment shall accord with and make provision for the matters set out in paragraphs 3 to 5   Subject thereto, the appointment shall be in such form as the Special Company shall, with the consent of the Trustee, determine   The Investment Adviser shall be required to evidence his acceptance of his appointment in writing in a form acceptable to the Special Company and the Trustee

2 4      The Special Company shall, if so required by the Original Settlor, terminate the appointment of any Investment Adviser nominated by the Original Settlor   The Special Company may terminate any such appointment at any time with the Original Settlor's consent in writing

2 5      The Special Company shall not require the Original Settlor's consent in order to terminate the appointment of an Investment Adviser if

(1)      the Original Settlor has died or is incapacitated, or

(2)      the Investment Adviser was not nominated by the Original Settlor, or

(3)     the directors of the Special Company have reason to suspect fraud on the part of the Investment Adviser, or

(4)     the Investment Adviser is in breach of the terms of his appointment and such breach is not remedied within 30 days of his being required to do so by notice in writing from the Special Company, or

(5)     the directors of the Special Company consider that the continuation of the appointment would or might expose them or the Special Company or the Trustee to civil or criminal liability whether by reason of any loss or anticipated loss to the assets of the Special Company or otherwise

**3      Determination of Investment Policy**

3 1     The Original Settlor may, subject to the following provisions of this paragraph, formulate and vary the investment policy to be followed by the Special Company In so doing he shall not be acting as a fiduciary and shall be free of all implied restrictions

3 2     The Original Settlor shall communicate the investment policy and any changes promptly in writing to the Investment Adviser, to the Special Company and to the Trustee

3 3     If the Original Settlor is deceased or incapacitated, the Investment Adviser, in consultation with the Special Company and the Trustee, may adjust the investment policy to meet changing conditions and circumstances

3 4     If the Original Settlor has not formulated an investment policy in accordance with the provisions of this paragraph, the Investment Adviser, in consultation with the Special Company and the Trustee, shall formulate an investment policy which accords with the following provisions of this paragraph   Any such policy shall be superseded by a policy subsequently formulated by the Original Settlor in accordance with sub-paragraph 3 1

3 5     The policy formulated may

(1)     have any degree of risk which is considered to be justified by the prospect of return,

(2)     establish the base currency (for calculating or predicting the risk, return or other significant features of investments) or different base currencies for different assets or categories of assets,

(3)     require or permit

(a)     non-diversification of investments,

(b)     investments which are wasting or which yield little or no income,

(d)     investments in Trustee Affiliates or in funds or other entities in which a Trustee Affiliate is involved as manager or otherwise,

(d)     borrowing to enlarge the invested fund, but such borrowing shall only be made with the consent of the Special Company and the Trustee and from a Trustee Affiliate

3 6     The assets of the Special Company may be laid out or invested in any of the following (or in any other form of investment that may be agreed between the Original Settlor (or the Investment Adviser in the event of the Original Settlor's death or incapacity), the Special Company and the Trustee)

(1) deposits of cash in any currency with any bank in any place,

(2) shares in the capital of any Company wherever incorporated which are traded on a stock exchange but subject to a maximum of 5% of the voting shares of such a company,

(3) debenture stock, loan stock, bonds, certificates of deposits and other instruments creating or acknowledging indebtedness issued by any company wherever incorporated or government, local authority or public authority of any place and in each case traded on a recognised market,

(4) precious metals,

(5) warrants, call or put options or other contracts (including without limitation futures contracts and contracts for differences) relating to any of the above,

(6) units in any mutual fund, unit trust or other collective investment scheme established to invest principally in any or all of the above categories of investments,

(7) interests in limited partnerships established for the purpose of investing in shares of Companies which are not quoted on any stock exchange, and

(8) hedges and other contracts designed to reduce or limit exposure to currency fluctuations and their effect on other investments held

## 4    Absence of Investment Adviser

If for any reason there is no Investment Adviser willing and able to act for the Special Company or if the appointment of the Investment Adviser has been terminated in accordance with sub-paragraph 2 5, the Trustee shall cause the Special Company concerned to appoint a Trustee Affiliate as Investment Adviser  Pending any such appointment, the Special Company shall invest its assets in accordance with the investment policy (if any) from time to time formulated in accordance with paragraph 3 or, in the absence of such a policy, as shall be in accordance with the provisions of sub-paragraph 3 6

## 5    Investment Adviser's Powers and Duties

5 1    The Investment Adviser shall carry out the investment policy formulated under paragraph 3     He shall cause all investments to be held with or by financial institutions or agents acceptable to the Special Company and the Trustee

5 2    The Investment Adviser shall be authorised by the Special Company to give instructions to the person having custody of the assets of the Special Company for the acquisition or disposal of investments, or for transfer between accounts of the Special Company

5 3    The Investment Adviser may require the Special Company to appoint any  Trustee Affiliate or other Company or partnership acceptable to the Special Company as an Investment Manager to manage all or part of the assets of the Special Company in accordance with the investment policy formulated under paragraph 3

5 4    The Investment Adviser shall have power to delegate to any Investment Manager any of the powers granted to him under sub-paragraph 5 2

5 5    The Special Company shall, if so required by the Investment Adviser, terminate the appointment of any Investment Manager  The Special Company may terminate any such appointment at any time with the Investment Adviser's consent in writing

5 6    The Special Company shall not require the Investment Adviser's consent in order to terminate the appointment of an Investment Manager if

(1)     the directors of the Special Company have reason to suspect fraud on the part of the Investment Manager, or

(2)     the Investment Manager is in breach of the terms of his appointment and such breach is not remedied within 30 days of his being required to do so by notice in writing from the Special Company, or

(3)     the directors of the Special Company consider that the continuation of the appointment would or might expose them or the Special Company or the Trustee to civil or criminal liability whether by reason of any loss or anticipated loss to the assets of the Special Company or otherwise

5 7     The Investment Adviser shall not be authorised to withdraw any investments from the Special Company or to add any further assets to it or to open or create any new accounts or to cause assets to be held by any third party not previously approved by the Special Company and the Trustee

5 8     Save as set out in this paragraph, the Investment Adviser shall have no authority to act in the name or on behalf of the Special Company

## 6     Indemnity of Trustee and Directors of Special Company

Neither the Trustee nor any director of the Special Company shall have any liability for any loss to the assets of the Special Company arising by reason of any act or omission on the part of an Investment Adviser nominated by the Original Settlor unless such loss is the result of the fraud, dishonesty, wilful misconduct or gross negligence on the part of the Trustee or the director concerned

## SCHEDULE 2

### Administrative Provisions

## 1     Investment and Management of Trust Fund

In addition to all the powers vested in them hereby or by law or otherwise, the Trustees shall have the powers contained in this Paragraph

### 1 1     General

The Trustees may exercise all powers of investment, sale, alienation, exchange, partition, mortgage, charging, pledging, leasing, insurance, protection, improvement, equipment, dealing, disposition and management (and all other powers) of an absolute beneficial owner of the Trust Fund   Such powers shall not be restricted by any principle of construction but shall operate according to the widest generality of which the foregoing words are capable, notwithstanding that certain powers are hereinafter more particularly set forth

### 1 2     Investment

The Trustees may invest or lay out the whole or any part of the Trust Fund in the purchase of, or at interest upon the security, such securities, foreign currencies, commodities, financial futures or other investments or property, or interests or participations therein, of whatever nature and situate anywhere in the world, whether involving liability or not, whether producing income or not and whether in possession or reversion or upon such personal or other credit, with or without security, as the Trustees shall in their discretion think fit  The Trustees may purchase any freehold or leasehold land, with or without any house or building thereon, plant, live or dead stock or chattels for the beneficial occupation, use or enjoyment of any Beneficiary for the time being entitled to the income of the money so invested or for whose benefit such income is for the time being applicable  The Trustees shall not be bound to have regard to any requirement for the diversification of investments and they shall not be liable for the consequences of investing or keeping the Trust Fund invested in the securities of a single Company

1 3   Life Assurance Policies

The Trustees may apply any part of the Trust Fund in effecting and maintaining any policy of assurance on the life of any Settlor or Beneficiary, or any policy in which any Beneficiary may be interested, including any endowment policy or any term policy assuring the payment of any sum payable in the event of the death of the life assured before some specified date   The Trustees shall have power to sell, mortgage, charge, lease, surrender, convert into paid up assurance or otherwise deal with, or exercise any powers or options conferred by, any such policy in every respect as they may think fit as if they were beneficially entitled thereto but they shall not be obliged to maintain any such policy

1 4   Borrowing and Charging

The Trustees may at any time or times borrow money, whether or not on the security of the whole or any part of the Trust Fund, or assets comprised therein, with power to charge the Trust Fund or such part or such assets (as the case may be) with the repayment of any money so borrowed  The Trustees may pay or apply such money in any manner in which money forming part of the capital of the Trust Fund may be paid or applied   The Trustees may enter into any joint borrowing arrangements with any person, whether involving joint or several liability   No purchaser, lender or other person paying or advancing money on a sale, mortgage, charge or other transaction purporting to be made by the Trustees under or for any of the purposes of this Settlement shall be concerned to see that the money is wanted, or that no more than is wanted is borrowed, or otherwise as to the propriety of the transaction or the application of the money

1 5   Direct Rights of Recourse

In exercise of any of the powers conferred on them by this Settlement by law or otherwise, the Trustees may contract and incur debts, obligations and other liabilities on terms that the party with whom such transaction is effected shall have a right of recourse against the assets comprised in the Trust Fund for the time being in the hands or under the control of the Trustees, whether such right of recourse shall be in addition to, or to the exclusion of, any other right enforceable against the Trustees or their personal estates   No such right of recourse shall be affected by any liability of, or right of set off against, the Trustees, whether arising from any breach of trust by the Trustees or from any other cause

1 6   Charges for Value on Trust Fund

(1)   The Trustees may charge the Trust Fund or any part thereof (as distinct from any assets for the time being comprised in the Trust Fund) to secure obligations created by the Trustees for valuable consideration   The person in whose favour any such obligation is created shall (to the extent permitted by the Proper Law of the Trust) take an equitable interest in the Trust Fund or such part thereof with such priority and subject to such conditions and provisions as may be agreed between the Trustees and such person and set out in the instrument creating the charge

(2)   A person in whose favour such a charge is created may require that a memorandum of the charge be endorsed, written on or permanently annexed to this Settlement and that this Settlement, or a certified copy hereof, be produced to him to prove that a sufficient memorandum has been placed hereon or annexed hereto

(3)   Without prejudice to any other manner in which persons dealing with the Trustees may acquire notice of such a charge such memorandum shall, as respects priorities, be deemed to constitute actual notice to all persons and for all purposes of the matters therein stated

1 7   Granting Options

The Trustees may grant or take options of whatever nature, at such time or times, in such manner and upon such terms and conditions as they shall in their discretion determine

1 8     Underwriting
The Trustees may underwrite, sub-underwrite or guarantee the subscription for or purchase or other acquisition of securities

1 9     Trading
The Trustees may engage or invest in any trade or venture including farming operations and property development, whether solely or jointly with any other person (other than any Excluded Person) and to make such arrangements in connection therewith as they think fit The Trustees may concur in any agreement as to what proportion of the profit or loss of any joint venture properly accrues to the Trustees and may delegate any exercise of this power to any one or more of their number or to a Company or partnership formed for this purpose Any power vested in the Trustees under this Settlement shall, where applicable, extend to any arrangements in connection with any such trade or venture and, in particular but without prejudice to the generality of the foregoing, the Trustees' powers of borrowing and charging shall extend to any borrowing arrangements made in connection with any such trade or venture, whether made severally or jointly with others or with equal or unequal liability

1 10    Buildings and Chattels
The Trustees may erect buildings on any property forming part of the Trust Fund and effect any improvement, addition, alteration, demolition, maintenance, cleaning, repair or decoration to any houses or other buildings or chattels for the time being forming part of the Trust Fund

1 11    Incorporation of Companies
The Trustees may incorporate or establish any Company, with limited or unlimited liability, for such purposes as they shall think fit, which may include the acquisition of the whole or any part of the Trust Fund or the carrying on of any trade  The consideration on the sale or transfer of the Trust Fund or any part thereof to any Company so incorporated or established may take such form (including any securities of the Company) as the Trustees shall think fit

1 12    Exercise of Voting Powers/Trustees as Directors
The Trustees may exercise all the voting powers attaching to any securities at any time forming part of the Trust Fund as they shall in their discretion think fit  In particular (but without prejudice to the generality of the foregoing), the Trustees may exercise, or concur in exercising, the voting and other rights attaching to any securities for the time being forming part of the Trust Fund so as to cause any person, including one of their number, to become a director or other officer or employee of any Company

1 13    Corporate Reorganization
The Trustees may consent to any reorganization or reconstruction of any Company, securities of which form part of the Trust Fund, and may consent to any other dealing with such securities as they may consider advantageous or desirable

1 14    Reduction of Capital
The Trustees may surrender and deliver up any securities forming part of the Trust Fund, for such consideration and upon such terms and conditions as they may approve, to any Company reducing its capital  The Trustees may receive such consideration in the form of cash, securities or other assets as may be agreed between the Trustees and such Company

1 15    Arrangements with co-Shareholders
The Trustees may enter into any agreement with the other shareholders of any Company securities of which form part of the Trust Fund, as they in their discretion think fit

1 16    Insurance
The Trustees may insure against loss or damage by any risk or peril any property or any interest in property for the time being comprised in the Trust Fund to any amount and shall pay any premiums required for such insurance out of either income or capital of the Trust Fund as may be appropriate  Money received by the Trustees under any policy of insurance in respect of such property shall be treated as though it was the proceeds of sale of the property insured  The Trustees shall not be liable for failing to insure any property comprised in the Trust Fund or for not insuring such property to the full value thereof

**2      Application of Funds for Benefit of Beneficiaries**

The Trustees shall have the powers contained in this Paragraph in addition to all the powers vested in them hereby or by law or otherwise

2 1      Loans to Beneficiaries

The Trustees may lend the whole or any part of the Trust Fund to any Beneficiary upon such terms as to repayment and interest (or interest free) and otherwise as they shall in their discretion think fit   No loan shall be made on terms that repayment shall be postponed beyond the end of the Trust Period

2 2      Forgiveness of Debts

The Trustees may forgive or release, in whole or in part, any debt owing to the Trustees by any Beneficiary, whether during the life of such Beneficiary or after his death

2 3      Guarantee of Borrowings

The Trustees may guarantee any borrowings made by any Beneficiary, or by any person holding property (whether real or personal) jointly with the Trustees, with power to charge the whole or any part of the Trust Fund or any assets comprised therein in support thereof   No person receiving such guarantee shall be concerned to enquire as to the propriety of the transaction

2 4      Beneficiaries' use of House or Chattels

(1)      The Trustees may permit any Beneficiary to reside in any dwellinghouse, occupy any land or have the custody and use of any chattels which may for the time being be subject to the trusts hereof, upon such conditions, if any, as to payment of rent, rates, taxes and other expenses and outgoings and as to insurance, repair and decoration and for such period and generally upon such terms as the Trustees shall in their discretion think fit

(2)      The Trustees shall not be bound to sign an inventory of any chattels comprising part of the Trust Fund and, in the case of any chattels of which a Beneficiary has been given the custody and use in accordance with sub-paragraph (1), shall not be under any obligation to make an inventory of such chattels nor to see to their safe custody, maintenance or insurance nor shall the Trustees be liable for any loss or damage that may occur to such chattels

**3      Administrative Powers**

In addition to all other powers vested in them hereby or by law or otherwise, the Trustees shall have the powers contained in this Paragraph

3 1      Investment Managers and Advisers

The Trustees may appoint any person (including a Trustee Affiliate) to provide investment management and/or advisory services and may delegate to any such person (but without being liable for his acts or defaults) at any time, for any period, in any manner and upon any terms whatever, including provision for reasonable remuneration, all or any of the powers and discretions conferred on the Trustees hereby or by law which relate to the investment of the Trust Fund   In connection therewith, the Trustees may enter into any Customer Agreement or other agreement or document as may be necessary or appropriate   The terms of any such agreement may include such provisions, including the giving of security or indemnities, as may be appropriate to protect the other contracting party from any loss that may result from a failure by the Trustees to observe the terms of the agreement

3 2      Use of Agents

The Trustees may employ and pay at the expense of the Trust Fund any agent (including a Trustee Affiliate) in any part of the world to transact any business in connection with this Trust without being responsible for the fraud, dishonesty or negligence of the agent if employed in good faith

### 3 3    Use of Nominees

The Trustees may cause any property forming part of the Trust Fund to be held in the name of any other person (including a Trustee Affiliate), wherever resident, as nominee on their behalf, or in any other manner giving them control of the same and shall pay any expenses in connection therewith out of the capital or income of the Trust Fund as may be appropriate The Trustees shall not be liable or responsible for any loss to the Trust Fund which may be occasioned by the exercise of this power

### 3 4    Deposit of Title Deeds or Assets

The Trustees may deposit the title deeds and other documents and any tangible assets belonging or relating to this Settlement for safe custody with such bank or other person (including a Trustee Affiliate) and in such place as they shall consider appropriate

### 3 5    Action by Majority

The Trustees may act in accordance with the decision of the majority of the Trustees, notwithstanding any rule of law or anything contained or implied in Settlement to the contrary  Any Trustee who shall dissent from any decision of the majority of the Trustees shall nevertheless, but without being liable for any loss, concur in executing or signing any deed or document and in doing any act necessary for giving effect to such decision

### 3 6    Delegation

The Trustees may delegate to any person (who may if thought fit be or include a Trustee or any Trustee Affiliate) at any time, for any period, in any manner and upon any terms whatever, including provision for reasonable remuneration, all or any of the powers and discretions imposed on or given to the Trustees by this Settlement or by law or otherwise without being liable for the acts or defaults of any such delegate and without being liable to account for any remuneration or other benefit received by any such delegate

### 3 7    Professional Assistance

The Trustees may employ and pay for such professional or other assistance as they may consider advisable in the discharge of their duties as Trustees

### 3 8    Payment of Expenses out of Capital or Income

The Trustees may pay out of capital or income, as may be appropriate, any expenses properly incurred in connection with the administration hereof

### 3 9    Division between Capital and Income

The Trustees may determine whether any sums received or disbursed are on account of capital or income, or partly on account of one and partly on account of the other, and in what proportions

### 3 10    Power of Appropriation

The Trustees may appropriate, partition or apportion any property comprised in the Trust Fund in or towards satisfaction of any share or interest in the Trust Fund or the income thereof in such manner as the Trustees shall in their discretion, without the necessity of obtaining any consent, consider just according to the respective rights of the persons interested

### 3 11    Receipts for Distributions to Infant or Incapacitated Beneficiaries

The Trustees may pay or transfer to the parent or guardian of any infant Beneficiary or to the receiver or curator of any other incapacitated person any part of the Trust Fund or the income thereof as may fall to be paid or transferred to such Beneficiary by virtue of any of the provisions of this Settlement  The receipt of such parent, guardian, receiver or curator shall be a sufficient discharge to the Trustees for any money or other property so paid or transferred

### 3 12    Receipts for Distributions to Charities

The Trustees may pay or transfer to such person as the Trustees reasonably believe to be the treasurer or other proper officer of any Charity, any part of the Trust Fund or the income thereof as may fall to be paid or transferred to such Charity by virtue of any of the provisions of this Settlement  The receipt of such person shall be a sufficient discharge to the Trustees

for any money or other property so paid or transferred and the Trustees shall not be obliged to see to the application of any money so paid

3 13    Determination of Questions Arising
The Trustees may determine any questions and matters of doubt which may arise in the course of the management, administration, realization, liquidation, partition or winding up of the Trust Fund

3 14    Legal Proceedings
The Trustees may institute and defend proceedings at law and proceed to the final determination thereof or compromise the same as they shall in their discretion think fit

3 15    Compromise and Settlement
The Trustees may compromise and settle for such consideration and upon such terms and conditions as they shall in their discretion think fit all matters arising in relation to the trusts hereby created or the Trust Fund

**4**    **Accounts and Audit**

The Trustees shall keep accurate accounts of their trusteeship and may have them audited annually by a firm of professionally qualified accountants selected by the Trustees

**5**    **Overseeing Management of Companies**

The Trustees shall not be required to interfere in the management or conduct of the business of any Company, securities of which comprise the whole or part of the Trust Fund   Where the Trustees' holding of such securities is sufficient to confer voting control of the Company concerned, the Trustees shall nevertheless from time to time use reasonable endeavours to obtain such information from the Company as would be made available to a non-executive director in order to satisfy themselves (as far as may be possible from such information) that the affairs of the Company are being properly managed   In the absence of any notice to the contrary, the Trustees shall be at liberty to leave the conduct of the Company's business, including the payment or non-payment of dividends, wholly to the Company's directors

**6**    **Exercise of Trustees' Discretions**

The Trustees shall exercise the discretions (each of which shall (subject to any provision to the contrary contained herein) be absolute) and powers vested in them as they shall think fit for the benefit of all or any of the Beneficiaries and may exercise (or refrain from exercising) any discretion or power for the benefit of any of them without being obliged to consider the interests of the others   Every decision and action of the Trustees, whether actually made or taken in writing or implied from the acts of the Trustees, shall be conclusive and binding on all the Beneficiaries   No power or discretion vested in the Trustees may be exercised at any time in a manner which would or might infringe any applicable rule governing the remoteness of vesting

**7**    **Power of Trustees to Deal with Trust**

Any Trustee (acting in his individual capacity or otherwise than as a Trustee hereof) shall have the following powers

7 1    to acquire from, or dispose of to, the Trustees any assets or any interest in any assets comprised or to be comprised in the Trust Fund without being liable to account for any profit and without any such transaction being voidable provided that the transaction is at least as favourable to the Trustees as if it had been effected

(1)    in the case of a purchase or sale of securities listed on any stock exchange, at the middle market price on the day on which such securities are purchased or sold,



    (2)    in the case of a purchase or sale of securities not listed on any stock exchange, at a price certified by the auditors of the Company or, if there be no auditors by a duly qualified valuer, to be the open market price thereof, or

    (3)    in the case of any other transaction, at a price and on terms certified by a duly qualified valuer to be such as would apply to such a transaction effected on fully commercial terms between unconnected persons, and

7 2    to retain any remuneration or other benefit received by virtue of his position as a director, officer, employee or member or as agent or adviser of any Company, undertaking or firm whatever, securities of which are comprised within the Trust Fund, or which is at any time or in any way otherwise connected with the Trust Fund or which is providing services to, dealing with, acquiring any property from or selling or letting any property to the Trustees  The provisions of this sub-paragraph shall apply notwithstanding that the position of the Trustee in relation to such Company, undertaking or firm may have been obtained or be held or retained in right or by means or by reason of his position as one of the Trustees or by reason of any rights or powers held by or vested in the Trustees

## 8    Trustees' Power to Charge

8 1    Any Trustee being a Trust Company shall be entitled to charge and be paid out of the Trust Fund and/or the income thereof such remuneration as may from time to time be agreed between the Trustees and the Original Settlor during his lifetime and thereafter, or in default of such agreement, as may be in accordance with its scale of fees from time to time in force   Such Trustee may, without accounting for any resulting profit, act as banker and perform any service in relation to this Settlement on the same terms as would be made with a customer

8 2    Any Trustee being a lawyer, accountant or other person engaged in any profession or business shall be entitled to charge and be paid all usual professional and other charges for business transacted, time spent and acts done by him, any partner of his or his firm in connection with the trusts hereof, including acts which a trustee not being in any profession or business could have done personally

8 3    Any Trustee not otherwise entitled to charge for the performance of his duties hereunder may charge at such rate or in such manner as may be agreed from time to time between such Trustee and the Original Settlor during his lifetime

## 9    Trustees' Bond and Indemnity

9 1    The Trustees shall not be required to give a bond or security for the due and faithful administration of the Trust Fund or for the discharge of the trusts hereby created

9 2    In the professed execution of the trusts and powers hereof or any matter relating thereto, no Trustee shall be liable for any loss to the Trust Fund arising by reason of the failure, depreciation or loss of any investment made in good faith or any mistake or omission made in good faith or by reason of any other matter or thing except fraud, dishonesty, wilful misconduct or gross negligence on the part of the Trustee who is sought to be made liable

9 3    A Trustee who has resigned shall, notwithstanding his resignation, be entitled to be indemnified out of the Trust Fund for all (if any) obligations or liabilities which he may have incurred as a Trustee or for which he may be liable as a former Trustee and for which he would have been entitled to an indemnity out of the Trust Fund had he still been a Trustee

**10    Payment of Taxes**

In the event of any inheritance tax or probate, succession, estate duty, or other duties, fees or taxes whatever becoming payable in any part of the world in respect of the Trust Fund or any part thereof in any circumstances whatsoever, the Trustees shall have power to pay all such duties, fees or taxes out of the Trust Fund or the income thereof and shall have entire discretion as to the time and manner in which the said duties, fees or taxes shall be paid notwithstanding that the same shall not be recoverable from the Trustees or the Beneficiaries or that the payment shall not be to the advantage of any Beneficiary

IN WITNESS WHEREOF this Settlement has been duly executed on the date first above written

Signed sealed and delivered        )
by the said **HO Chi Ping Patrick** )
in the presence of                 )

Witness

Signature

Name          *LAURA HO*

Address        *25/F ONE EXCHANGE SQUARE*
               *CENTRAL*
               *HONG KONG*

Occupation     *CLIENT ADVISOR*

THE COMMON SEAL of        )
**UBS Trustees (Jersey) Ltd**  )
was hereunto affixed in the   )
presence of                    )



```
Item Index - document
Item Type - PB TRUST

Client Number :              5373
Client Name :                GOLDEN EYE TRUST
Vehicle Number :             6919.7
Document Type :              Permanent
Document Detail :            Statutory Documents
Contents :                   Trust Deed
Document Date :              15/07/2002
Scan Date :                  03/12/2002
Scan Station Operator :      perrywi
Trust Officer :
```



**% UBS**

# Statement of assets

As of 31 March 2018
**For your Portfolio**

Portfolio
World Vision Hold.Ltd, valued in US Dollar (USD)

UBS Trustees (Jersey) Ltd.
1 IFC
IFC Jersey
St. Helier
JEX 3BX
Jersey / Channel Islands

AIR25611 / 005611 / VX9IIHDWVYIH27I9TIA00001

03.04.2018

**UBS Switzerland AG**
Case postale
1211 Genève 2
www.ubs.com

For information:
KARQ-43403237
Tel. +41-22-375 36 22

Produced on 4 April 2018

**Important notes**
- Statement of assets valued as of 30.03.2018
- There are pledges in favor of third parties
- See "Important information" for details of portfolio definition

# Table of contents

**World Vision Hold.Ltd**
**Portfolio number** �858
Statement of assets as of 31 March 2018
UBS Switzerland AG, produced on 4 April 2018

**Overview**
Portfolio overview .......................................................................................... 1

**Asset evaluations**
Asset allocation ............................................................................................. 2
Performance overview .................................................................................... 4
Positions overview .......................................................................................... 6

**Detailed positions**
Liquidity – Accounts ...................................................................................... 7
Equities - Equity investments ......................................................................... 7
Hedge funds & private markets - Hedge funds ............................................... 8

**Other evaluations**
Transaction list from 28.02.2018 to 31.03.2018 ............................................ 9

**Additional information**
Foreign exchange, abbreviations and explanations ....................................... 10
Important information ..................................................................................... 12

# Portfolio overview
For your Portfolio

**World Vision Hold.Ltd**
**Portfolio number** ▓▓▓▓▓
Statement of assets as of 31 March 2018
UBS Switzerland AG, produced on 4 April 2018

| | Valued in USD | Details of your portfolio | |
|---|---|---|---|
| **Assets of your portfolio as of 31.03.2018** | | | |
| Net assets | 719 605 | Reference currency | USD |
| **Assets of your portfolio as of 29.12.2017** | Valued in USD | | |
| Net assets | 1 274 377 | We recommend that you contact your client advisor to create a personal Investor Profile. | |

AIRDS611 / 005611 / VXI9IHDWVH2JN9TAD0001

03.04.2018

**Statement of assets**
Overview

Page 1 / 12

# Asset allocation
For your Portfolio

World Vision Hold.Ltd
Portfolio number
Statement of assets as of 31 March 2018
UBS Switzerland AG, produced on 4 April 2018

Valued in USD

| Asset class | Position view Total | % NA | Exposure impact Total | % NA | Exposure view Total | % NA |
|---|---|---|---|---|---|---|
| Liquidity | 74 221. | 10.31 | 0 | 0.00 | 74 221 | 10.31 |
| Equities | 642 139 | 89.24 | 0 | 0.00 | 642 139 | 89.24 |
| HF&PM | 3 245 | 0.45 | 0 | 0.00 | 3 245 | 0.45 |
| **Net assets** | **719 605** | **100.00** | | | **719 605** | **100.00** |

| Currency | Position view Total | % NA | Exposure impact Total | % NA | Exposure view Total | % NA |
|---|---|---|---|---|---|---|
| CNY  China Renminbi | | | 642 139 | 89.24 | 642 139 | 89.24 |
| HKD  HK Dollar | 699 501 | 96.37 | -642 139 | -89.24 | 51 362 | 7.13 |
| USD  US Dollar | 25 538 | 3.55 | 0 | 0.00 | 25 538 | 3.55 |
| EUR  Euro | 582 | 0.08 | 0 | 0.00 | 582 | 0.08 |
| GBP  Pound Sterling | -16 | 0.00 | 0 | 0.00 | -16 | 0.00 |
| **Net assets** | **719 605** | **100.00** | | | **719 605** | **100.00** |

## Net assets by asset class



| | Liquidity | 74 221 | 10.31 % |
| | Equities | 642 139 | 89.24 % |
| | Hedge funds & private markets | 3 245 | 0.45 % |

## Net assets by exposure currency

in thousands



-200   0   200   400   600   800

| | CNY  Chinese Renminbi | 642 139 | 89.24 % |
| | HKD  Hong Kong Dollar | 51 362 | 7.13 % |
| | USD  US Dollar | 25 538 | 3.55 % |
| | EUR  Euro | 582 | 0.08 % |
| | GBP  Pound Sterling | -16 | 0.00 % |

AIR25611 / 005611 / VX98HDWVYHZ7R9TAOD001          03.04.2018

Additional information | Other evaluations | Detailed positions | Asset evaluations | Overview

# Asset allocation
For your Portfolio

**World Vision Hold.Ltd**
**Portfolio number** ▮▮▮▮▮▮
Statement of assets as of 31 March 2018
UBS Switzerland AG, produced on 4 April 2018

**Valued in USD**

## Assets by instrument category

■ Direct investments      642 139    89.24 %
▨ Account                  74 221    10.31 %
▨ Pooled vehicles           3 245     0.45 %

Additional information   Other evaluations   Detailed positions   Asset evaluations   Overview

# Performance overview

For your Portfolio

**World Vision Hold.Ltd**
**Portfolio number 2**
Statement of assets as of 31 March 2018
UBS Switzerland AG, produced on 4 April 2018



**Monthly performance before tax (TWR)**
in percent

**Annual performance before tax (TWR)**
in percent

## Performance summary (TWR)

| | Current month | Current quarter | Year-to-date | Last 12 months | Since 19.07.2002 |
|---|---|---|---|---|---|
| Performance TWR (Net before Tax) | -30.32% | -43.53% | -43.53% | -52.13% | -43.53% |
| Average annual performance TWR (Net before Tax) | | | | | -3.73% |
| | | | | | -2.97% |

## 2018: Monthly performance before tax valued in USD

| Period | Final value | Avg. invested capital | Inflow | Outflow | Value | Performance TWR MWR | Performance Value | Performance cumulative TWR |
|---|---|---|---|---|---|---|---|---|
| 30 March 2018 | 719 605 | | 0 | 0 | -554 772 | -43.53% | | |
| 28 February 2018 | 1 032 754 | | 0 | 0 | -313 149 | -30.32% | | |
| 31 January 2018 | 1 181 375 | | 0 | 0 | -148 621 | -12.58% | | |
| 29 December 2017 | 1 274 377 | | 0 | 0 | -93 002 | -7.30% | | |
| Cumulative | | | | | | -43.53% | -52.13% | -43.53% |
| | | | | | | -30.32% | | -37.73% |
| | | | | | | -12.58% | | -18.96% |
| | | | | | | -7.30% | | -7.30% |
| | | | | | | | | -2.97% |

AW0561 1 / 005611 / VX9lHDWVYH27I0IYA00001

03.04.2018

**Statement of assets**
Asset evaluations



Additional information | Other evaluations | Detailed positions | Asset evaluations | Overview

# Performance overview

For your Portfolio

**World Vision Hold.Ltd**
Portfolio number ▒▒▒▒▒
Statement of assets as of 31 March 2018
UBS Switzerland AG, produced on 4 April 2018

## 2002 - 2018: Annual performance before tax valued in USD

| Period | Final value / Avg. invested capital | Inflow | Outflow | Value | Performance TWR | Performance MWR | Performance cumulative TWR / Value |
|---|---|---|---|---|---|---|---|
| Cumulative | 719 605 | | | -554 772 | -37.73% | -43.53% | -37.73% |
| 2018 | 1 274 377 | 0 | -4 347 | -100 921 | | -7.37% | 10.27% |
| 2017 | 1 382 074 | 0 | -7 370 | 66 630 | | 5.14% | 19.04% |
| 2016 | 1 322 200 | 2 929 | -6 666 | 194 685 | | 17.85% | 13.22% |
| 2015 | 4 704 | 1 132 180 | -1 144 439 | -5 442 | | -39.02% | -3.93% |
| 2014 | 1 151 787 | 2 798 | -1 398 171 | 67 754 | | 2.90% | 57.55% |
| 2013 | 2 482 204 | 0 | -6 280 | 340 671 | | 15.87% | 53.11% |
| 2012 | 2 147 813 | 224 826 | -232 193 | -419 307 | | -16.32% | 32.13% |
| 2011 | 2 574 487 | 0 | -6 602 | 305 824 | | 13.48% | 57.91% |
| 2010 | 2 275 265 | 0 | -5 614 | 478 973 | | 26.68% | 39.15% |
| 2009 | 1 801 918 | 0 | -8 271 | -1 117 076 | | -38.22% | 9.85% |
| 2008 | 2 927 265 | 1 041 652 | -50 744 | 1 369 972 | | 77.81% | 77.81% |
| 2007¹ | 567 049 | | | | | | |

¹ 19.07.2002-31.12.2007

**Portfolio investment profile**
Reference currency                 USD

AIR25611 / 005611 / VX9IHDWVYH27X6YA00001

03.04.2018

**Statement of assets**
Asset evaluations





Additional information | Other evaluations | Detailed positions | Asset evaluations | Overview

# Positions overview

For your Portfolio

**World Vision Hold.Ltd**
**Portfolio number**
Statement of assets as of 31 March 2018
UBS Switzerland AG, produced on 4 April 2018

## By investment category

| Investment category | Market value | Accrued interest | Total | % NA |
|---|---|---|---|---|
| **Liquidity** | **74 221** | **0** | **74 221** | **10.31** |
| Accounts | 74 221 | 0 | 74 221 | 10.31 |
| **Equities** | **642 139** | **0** | **642 139** | **89.24** |
| Equity investments | 642 139 | 0 | 642 139 | 89.24 |
| **Hedge funds & private markets** | **3 245** | **0** | **3 245** | **0.45** |
| Hedge funds | 3 245 | 0 | 3 245 | 0.45 |
| **Net assets** | **719 605** | **0** | **719 605** | **100.00** |

### Net assets by asset class



| | | |
|---|---|---|
| Liquidity | 74 221 | 10.31 % |
| Equities | 642 139 | 89.24 % |
| Hedge funds & private markets | 3 245 | 0.45 % |

### Net assets by currency

In thousands

| | | | |
|---|---|---|---|
| HKD | Hong Kong Dollar | 693 501 | 96.37 % |
| USD | US Dollar | 25 538 | 3.55 % |
| EUR | Euro | 582 | 0.08 % |
| GBP | Pound Sterling | -16 | 0.00 % |

   

# Detailed positions

For your Portfolio

**World Vision Hold.Ltd**
**Portfolio number** ▬▬▬▬
Statement of assets as of 31 March 2018
UBS Switzerland AG, produced on 4 April 2018

**Valued in USD**

## By investment category

| Number/Amount | Description | | Opening balance as of | Exchange rate | | Market value Accrued interest | % NA |
|---|---|---|---|---|---|---|---|

### Liquidity - Accounts

| Number/Amount | Description | | Opening balance as of | Exchange rate | | Market value Accrued interest | % NA |
|---|---|---|---|---|---|---|---|
| EUR | 473.39 | UBS Current Account for Private Clients CH10 | EUR | 0.11 29.12.2017 | 1.22985 | 582 0 | 0.08 0.00 |
| GBP | -11.40 | UBS Current Account for Private Clients CH53 | GBP | -46.24 29.12.2017 | 1.4028 | -16 0 | 0.00 0.00 |
| USD | 22 293.21 | UBS Current Account for Private Clients CH97 | USD | 24 449.63 29.12.2017 | | 22 293 0 | 3.10 0.00 |
| HKD | 403 104.94 | UBS Current Account for Private Clients CH15 | HKD | 403 230.60 29.12.2017 | 0.127416 | 51 362 0 | 7.14 0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Total Accounts** | | | | | | **74 221** | **10.31** |
| **Total accrued interest Accounts** | | | | | | **0** | **0.00** |

### Equities - Equity investments

| Number/Amount | Description | Sector Rating Duration Yield | Cost price Exchange rate Cost value Last purchase | Market price Exchange rate Date | Market gain Exchange gain Unrealized P/L | Market value Accrued interest | % NA |
|---|---|---|---|---|---|---|---|

**China**

| Number/Amount | Description | Sector Rating Duration Yield | Cost price Exchange rate Cost value Last purchase | Market price Exchange rate Date | Market gain Exchange gain Unrealized P/L | Market value Accrued interest | % NA |
|---|---|---|---|---|---|---|---|
| 395 000 | Shs -H- China Railway Construction Corp. Ltd Distribution: 03.08.2017 Distribution amount: CNY 0.16 Valor 3828230 - ISIN CNE100000981 | Industrials HKD 1.72% DY | 9.8 0.128977 19.01.2015 | 7.86 0.127416 29.03.2018 | -19.80% -1.21% -20.77% | 395 589 | 54.97 |

AIRQ5611 / 005611 / VX08HDWVVH2Z787A00001

03.04.2018

**Statement of assets**
Detailed positions

Page 7 / 12




# Detailed positions
For your Portfolio

**World Vision Hold.Ltd**
**Portfolio number** ▉▉▉
Statement of assets as of 31 March 2018
UBS Switzerland AG, produced on 4 April 2018

Valued in USD

| By investment category | Description | Sector / Rating / Duration / Yield | Cost price / Exchange rate / Cost value / Last purchase | Market price / Exchange rate / Date | Market gain / Exchange gain / Unrealized P/L | Market value / Accrued interest | % NA |
|---|---|---|---|---|---|---|---|
| **Equities - Equity investments** | | | | | | | |
| **China** | | | | | | | |
| 9 000 000 | Reg.shs -H- Shanghai Dasheng Agriculture Finance Technology Co. Ltd | Industrials | HKD 0.489 0.12899 | 0.215 0.127416 | -56.02% -1.22% -56.56% | 246 550 | 34.26 |
| | Distribution 31.10.2017 Distribution amount CNY 0.01 Valor 2209063 - ISIN CNE100000429 | | 30.06.2015 | 29.03.2018 | | | |
| **Subtotal China** | | | | | | **642 139** | **89.23** |
| **Subtotal Accrued interest China** | | | | | | **0** | **0.00** |
| **Total Equity investments** | | | | | | **642 139** | **89.23** |
| **Total accrued interest Equity investments** | | | | | | **0** | **0.00** |
| **Hedge funds & private markets - Hedge funds** | | | | | | | |
| 0.299 | Overlook Performance Fund A-USD-series 1 Strategy Fund of hedge funds - Diversified | | USD 13 930.41 x | 10 852.4 | -22.10% -22.10% | 3 245 | 0.45 |
| | Valor 705984 - ISIN KYG6804O1075 | | 01.02.2008 | 31.01.2018 | | | |
| **Total Hedge funds** | | | | | | **3 245** | **0.45** |
| **Total accrued interest Hedge funds** | | | | | | **0** | **0.00** |
| **Total market value** | | | | | | **719 605** | **100.00** |
| **Total accrued interest** | | | | | | **0** | **0.00** |
| **Net assets** | | | | | | **719 605** | **100.00** |

**Statement of assets**
Detailed positions

   

Overview   Asset evaluations   Detailed positions   Other evaluations   Additional information

# Transaction list

From 28.02.2018 to 31.03.2018
For your Portfolio

**World Vision Hold.Ltd**
**Portfolio number**
Statement of assets as of 31 March 2018
UBS Switzerland AG, produced on 4 April 2018

**Valued in USD**

| Closing/ Value date Trade time | Booking text Custody account Account | Number/Amount Description | | | | |
|---|---|---|---|---|---|---|
| | | Various Tax Brokerage Stock exchange Third-party executions Foreign Financial Transaction Tax | Cost/Purchase price Exchange rate Cost value Place of execution | Transaction price Exchange rate | Transaction gain Exchange gain Realized P/L | Transaction value Accrued interest Statement amount in account currency |

In the selected period no transaction took place.

AIRQ5611 / 005611 / VX08HD0VVYH27Ii9TA00001

03.04.2018

**Statement of assets**
Other evaluations

Page 9 / 12

   

# Foreign exchange, abbreviations and explanations

For your Portfolio

World Vision Hold.Ltd
Portfolio number ▬▬▬▬
Statement of assets as of 31 March 2018
UBS Switzerland AG, produced on 4 April 2018

## Foreign exchange rates for the market values in US Dollar (USD)

| Euro | | | | Pound Sterling | | | | Hong Kong Dollar | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| EUR | 1 = | USD | 1.229850 | GBP | 1 = | USD | 1.402800 | HKD | 1 = | USD | 0.127416 |
| USD | 1 = | EUR | 0.813107 | USD | 1 = | GBP | 0.712860 | USD | 1 = | HKD | 7.843300 |

Exchange rates are as of 30.03.2018, Thomson Reuters World Market Rates, 4 p.m. London (UK) time (in exceptional cases rates may derive from other available sources regularly used by banks or reflect rates as of other dates or times).

## Abbreviations

| n.a. | Not available | GA | Gross assets | TWR | Time weighted rate of return |
|---|---|---|---|---|---|
| p.m. | Pro memoria | Mio | In millions | 000 | In thousands |
| x | Adjustment of the cost price due to system change, change of trading currency or delivery | MWR | Money weighted rate of return | | |
| DY | Direct yield | NA | Net assets | | |

## Asset allocation

**Asset allocation:** Asset classes are categorized as follows:

**General information:** Positions in your portfolio will, if possible, be unbundled, unless unbundling is not possible owing to insufficient information or for product-specific reasons. Please note that the asset structure shown is only indicative and that rounding differences may occur.

**Liquidity:** Asset class containing investment instruments with main exposure in the money market investments and FX markets. This asset class includes cash or term deposits, money market investments and currency certificates/derivatives.

**Equities:** Asset class containing investment instruments where the stock market is the main risk driver, i.e. exposure to corporate, region or sector risks. This asset class includes listed stocks from energy, commodity and real estate companies.

**Hedge funds & private markets:** Asset class containing investment instruments, where risks and performance are mainly based on investment skills and expertise of their investment managers rather than the exposure to a specific market segment and where liquidity is lower than for traditional asset classes.

## Performance

**Performance:** Conversion of the portfolio value into percentages, calculated as a "Total Return". In addition to price gains/losses, interest earnings (including accrued interest) and dividend payments are also included in the calculation. Deposits and payments are assessed using either the "MWR" or the "TWR" method.

**Net performance:** Performance after deduction of taxes as well as transaction and portfolio fees.

**Money weighted rate of return (MWR):** The performance is calculated by dividing the amount of earnings and capital gains/losses by the average capital invested. The timing of deposits and payments has an influence on the average amount of invested capital.

**Time weighted rate of return (TWR):** The performance is calculated by linking the performances which have occurred between the inflows or outflows, thereby neutralizing the influence of inflows and outflows on performance.

**Cumulative performance:** Cumulative performance is calculated up to 31 December 2000 using MWR method, and from 1 January using TWR method.

**Retroactive bookings:** Retroactive bookings can result in statement calculations deviating from earlier versions.

AIRO5611 / 005611 / VX98HDWVVH27RBTA00001

03.04.2018

**Statement of assets**
Additional information

Page 10 / 12

 Additional information
 Other evaluations
 Detailed positions
 Asset evaluations
Overview

# Foreign exchange, abbreviations and explanations

For your Portfolio

**World Vision Hold.Ltd**
**Portfolio number** ▇▇▇▇
Statement of assets as of 31 March 2018
UBS Switzerland AG, produced on 4 April 2018

**Detailed positions**

**Gross profit** is calculated as follows:

**Market gain:** Market price compared to average cost price in the reporting currency (excl. monetary benefits).

**Exchange gain:** Exchange rate compared to average buy exchange rate in the reporting currency.

**Unrealized P/L:** Market value compared to average cost value in the reporting currency (excl. accrued interest).

**Transaction list**

**Content:** Only bookings from the period selected that are already known and booked in the system are displayed.

**Gross profit** is calculated as follows:

**Transaction gain:** Transaction price compared to average cost price in the reporting currency (excl. monetary benefits).

**Exchange gain:** Exchange rate compared to average buy exchange rate in the reporting currency.

**Realized P/L:** Transaction value compared to cost value in the reporting currency (excl. accrued interest).

**Statement of assets**
Additional information

AIRD5611 / 005611 / VX68RDWVVH27N9TA00001

03.04.2018


Additional information

Other evaluations

Detailed positions

Asset evaluations

Overview

# Important information
## For your Portfolio

AI625611 / 005611 / VX98H0WW1N2 / 9974A00001

**Portfolio definition**

**Client products related to portfolio**

**Switzerland,**

| | | |
|---|---|---|
| EUR | UBS Current Account for Private Clients | CH10 |
| GBP | UBS Current Account for Private Clients | CH53 |
| USD | UBS Current Account for Private Clients | CH97 |
| HKD | UBS Current Account for Private Clients | CH15 |
| | UBS Custody Account | |



** Without turnover

**Disclaimer**

This statement of assets only displays the portfolio (assets and liabilities) defined under the heading "Important information - Portfolio definition".

Valuations of the individual assets are based on rates and prices derived from available sources of information regularly used by banks. They serve as guidelines and are not binding on us. We are not obliged to buy or sell investments at the corresponding rates or prices shown. The absence of a market price is likely to be indicative of a lack of liquidity.

In certain cases the market price as at the date when the security was received will be used as the cost price. Deviations from the actual cost price are therefore possible. Cost prices adjusted manually on the basis of client instructions are designated accordingly.

Interest rates on credit and debit balances (including those for call deposits) can change at short notice. Please check all your interest calculation for the rates actually applied.

The gain or loss stated on the transaction list cannot be used for tax purposes since the cost price may correspond to either the average value, the value at the time of deposit or a value specified by client instructions.

Please check this statement of assets and inform us of any discrepancies within four weeks.

Should you have any questions or complaints relating to your business with us, especially with regard to derivative transactions, please contact your client advisor or contact us via http://www.ubs.com/global/en/contact/contactus.html.

Yours sincerely,

UBS Switzerland AG

Communication without signature

03.04.2018

**World Vision Hold.Ltd**
**Portfolio number**
Statement of assets as of 31 March 2018
UBS Switzerland AG, produced on 4 April 2018

**Statement of assets**
Additional information

Additional information   Other evaluations   Detailed positions   Asset evaluations   Overview