

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 1, 2018

**BY ECF**

The Honorable Katherine B. Forrest
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: *United States v. Chi Ping Patrick Ho*, 17 Cr. 779 (KBF)

Dear Judge Forrest:

  The Government respectfully submits this letter in the above-captioned matter to provide more information to the Court regarding the potential conflict of interest arising from the fact that it appears that the legal fees for the defendant are being paid, at least in part, by a third-party, and that the same third-party appears to have played a role in retaining at least certain defense counsel.

  Background

  As the Court is aware, the defendant has been charged with violating the Foreign Corrupt Practices Act, engaging in money laundering, and conspiring to commit both of these crimes. These charges relate to two bribery schemes to pay high-level officials of African countries in exchange for business advantages for a major Chinese energy company (the "Energy Company").

  During the course of its investigation, the Government has reviewed emails to and from and phone calls of the defendant, during the period since his arrest, that strongly suggest that the defendant's legal fees are being paid in whole or in part by the Energy Company, and that the Energy Company part also appears to have played a role in retaining certain defense counsel. Certain of these communications were described in and/or attached the Government's letter of April 27, 2018.

  The Government raised the issue with counsel for the defendant a few weeks ago, who declined to provide details about the relationship between the Energy Company and the retention and compensation of counsel.

  Applicable Law

  The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel, which includes the right to representation by conflict free counsel. *United States v.*

*Schwarz*, 283 F.3d 76, 90 (2d Cir. 2002). The Second Circuit has identified "three particular kinds of counsel-client conflicts: *per se* conflicts, actual conflicts, and potential conflicts." *Ventry v. United States*, 539 F.3d 102, 111 (2d Cir. 2008).

> *Per se* conflicts are so severe that they are deemed per se violations of the Sixth Amendment. Such violations are unwaivable and do not require a showing that the defendant was prejudiced by his representation. Actual conflicts occur when the interests of a defendant and his attorney diverge with respect to a material factual or legal issue or to a course of action and violate the Sixth Amendment when counsel's representation of the client is adversely affected by the existence of the conflict. Potential conflicts exist if the interests of the defendant may place the attorney under inconsistent duties at some time in the future and violate the Sixth Amendment when they prejudice the defendant.

*Id.* (internal quotation marks and citations omitted).

A conflict can arise when an attorney is paid by someone other than the attorney's client:

> Ethical considerations warn against an attorney accepting fees from someone other than her client. As we stated in a different context, the acceptance of such "benefactor payments" "may subject an attorney to undesirable outside influence" and raises an ethical question "as to whether the attorney's loyalties are with the client or the payor."

*United States v. Locascio*, 6 F.3d 924, 932 (2d Cir. 1993) (quoting *In re Grand Jury Subpoena Served Upon John Doe*, 781 F.2d 238, 248 n.6 (2d Cir. 1986) (en banc)); *see also Wood v. Georgia*, 450 U.S. 261, 269-70 (1981) ("Courts and commentators have recognized the inherent dangers that arise when a criminal defendant is represented by a lawyer hired and paid by a third party."); *United States v. Wells*, 394 F.3d 725, 733-34 (9th Cir. 2005); *United States v. Arakelian*, No. 04 Cr. 447 (RPP), 2005 WL 2173923, at *6-7 (S.D.N.Y. Sept. 6, 2005) (describing *Curcio*-related inquiry related to potential benefactor payments); *Moreno-Godoy v. United States*, Nos. 13 Civ. 2383 (JSR) (GWG), 07 Cr. 354 (JSR), 2014 WL 1088300, at *32 (S.D.N.Y. Mar. 20, 2014) ("A conflict of interest can arise where a third party's payment of a defendant's attorney's fees leads to a theoretical division of loyalties.").[1]

Courts have two separate obligations where there is a potential conflict of interest. First, there is an "inquiry obligation," pursuant to which the court must "investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict,

---

[1] "[A]bsent special circumstances . . . , disclosure of fee information and client identity is not privileged . . . ." *In re Grand Jury Subpoena Served Upon John Doe*, 781 F.2d at 248.

a potential conflict, or no genuine conflict at all." *United States v. Levy*, 25 F.3d 146, 153 (2d Cir. 1994). Second, if the district court finds that the defendant's attorney faces an actual or potential conflict, a "disqualification/waiver" obligation arises, pursuant to which the court must either: (i) disqualify the attorney if the conflict is sufficiently severe, or (ii) if the conflict may be waived, conduct a *Curcio* hearing to advise the defendant of the ramifications of the conflict and obtain a waiver of any conflict from the defendant.

If the defendant "can rationally opt to retain counsel of his choice despite a conflict, the court conduct[s] a *Curcio* hearing to determine whether the defendant knowingly and intelligently waives his right to conflict-free representation." *United States v. Perez*, 325 F.3d 115, 125 (2d Cir. 2003). Nevertheless, "[t]he district court retains the discretion to reject that waiver if the attorney's conflict jeopardizes the integrity of the judicial proceedings." *United States v. Jones*, 381 F.3d 114, 120 (2d Cir. 2004).

Discussion

If a third-party, such as the Energy Company (and/or its affiliates), is paying the defendant's legal fees and/or played a role in retaining defense counsel, that counsel face at a minimum, a potential conflict of interest. To be clear, the Government is in not suggesting that the defendant's current counsel would permit their advocacy on the defendant's behalf to be affected by the source of their fees, or by the Energy Company's role in retaining counsel. Nevertheless, it is possible that the interests of the defendant and the interests of the Energy Company may not be aligned, in whole or in part, whether presently, or in the future. For example, the defendant may wish to argue at trial that he was acting at the direction of his superiors at the Energy Company or affiliates without the knowledge of their corrupt intent; the Energy Company and/or its affiliates likely would not support such an argument. Based on this—or any other way in which the interests of the defendant and the entity paying his legal fees and retaining his counsel might diverge—the Government believes there is at least a potential conflict.

Therefore, the Government respectfully submits that the Court should conduct an inquiry of the defendant in order to determine: (i) whether a third-party is paying the legal fees for the defendant or played a role in retaining defense counsel, and if so, whether this presents a potential conflict; (ii) the nature and extent of that conflict; and (iii) whether the defendant is willing and able to make a knowing and voluntary waiver of the conflict.  *See United States v. Stein*, 410 F. Supp. 2d 316, 323-24 (S.D.N.Y. 2006) ("[A]fter learning of the possibility of a conflict of interest, the district court first must determine whether the attorney has an actual conflict, a potential conflict, or no conflict at all." (citations and internal quotation marks omitted)).  Enclosed please find a proposed examination of the defendant intended to guide these inquiries.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____
Thomas A. McKay / Douglas Zolkind /
Daniel Richenthal
Assistant United States Attorneys
(212) 637-2268/2418/2109

Enclosure

cc:     (by ECF)

        Counsel of Record

**Proposed *Curcio* Examination**
**United States v. Chi Ping Patrick Ho, 17 Cr. 779**

A.  Introductory Questions

   a.  How old are you?

   b.  How far did you go in school?

   c.  Do you currently consult a doctor or a mental health professional for any condition?

   d.  Are you currently under the influence of alcohol or drugs of any kind?

   e.  Do you understand what is happening today?

B.  Circumstances of Representation

   a.  Are you currently represented by [*Ed Kim and Paul Krieger of Krieger, Kim and Lewin, and Andy Levander and Benjamin Rosenberg of Dechert*]?

   b.  How long have those attorneys represented you?

   c.  Have you been satisfied with their representation to date?

   d.  Do you wish to continue to be represented by them?

   e.  Have you paid these counsel, or promised to pay them or their firms, for their services in this case?

   f.  Do you know if anyone else has paid your current counsel, or promised to pay them or their firms, for their services in representing you in this case? Who is that?

   g.  What is your understanding of that arrangement?

C.  Right to Conflict-Free Representation

    a. Do you understand that in every criminal case, including this one, each defendant is entitled to be represented by an attorney whose loyalty to him is undivided, and who is not subject to any force or consideration that might in any way intrude upon the attorney's loyalty to his client's interests?

    b. Is your choice to be represented by your current counsel, a choice you have made freely and voluntarily, without any promises, threats, or inducements being made or offered to you?

    c. Do you understand that whenever someone other than the defendant is paying the lawyer who is representing that defendant, it is possible that whoever is paying may have interests different than the defendant's interests, and the lawyer's judgments may be influenced by the wishes of whoever is paying his bill, or what the lawyer thinks are the wishes of whoever is paying his bill, rather than the wishes of the defendant?

    d. So it is possible, in this case, that your counsel may be influenced in the advice they give you and in the way they defend you by what they are told are the wishes of, or what they think are the wishes of, [*the payor*]. Those wishes may be different from yours. Do you understand that?

    e. Do you understand that this situation—that is, having your lawyer paid by someone other than you—creates a risk to you that your lawyer may not be acting solely in your interests?

D. <u>Defendant's Understanding of the Conflict</u>

 a. Do you understand that you have the right to object to the continued representation of your current counsel based upon the existence of a conflict of interest?

 b. It is important that you understand that no one, including the Court, can predict with any certainty the course that this case will take and that no one, including the Court, can foresee all the ways in which you may be disadvantaged by proceeding with your current counsel. Do you understand that?

 c. Do you understand that it is the view of this Court, based on my long experience as a judge, that there are real dangers in proceeding with an attorney who has a potential conflict of interest of this kind?

 d. Do you agree that if the Court permits you to proceed with your current counsel, that in the event you are convicted, you will not be permitted to make any argument, on appeal or otherwise, based on the representation of your current counsel and the conflict, or potential conflict, we have discussed? Do agree to waive, and give up, any argument of that kind?

 e. To make sure you have understood what we have been discussing, please describe in your own words your understanding of the conflict or conflicts of interest that may arise in this case.

 f. Have you spoken with any lawyer other than your current counsel about the risks of being defended by your current counsel in this case? [*If yes*] Without telling me what was said, please tell me the name of the lawyer or lawyers, other than

  your current counsel, with whom you spoke. When did you speak with him/her/them? For how long?

 g. Do you understand that you have a right to consult with a lawyer other you're your current counsel to determine whether you want them to continue representing you, and that the Court will give you an opportunity to do so?

 h. Do you understand that, if you cannot afford other counsel, the Court will appoint counsel to consult with you about this conflict-of-interest issue and/or to represent you? Do you understand that the Court encourages you to consult with another lawyer about this conflict-of-interest issue?

 i. Is there anything that you wish to have explained further?

 j. The Court will give you an opportunity to think about what you have been told, whether or not you would like to speak with separate counsel about it. After you have thought it over, the Court will ask whether you have considered the matters that the Court has talked to you about. Then the Court will ask whether you wish to continue with your current counsel as your attorney. Would you like to speak with separate counsel about these issues? Do you need court-appointed counsel for the purpose of consulting with you about these conflict-of-interest issues?

 k. Would you prefer to adjourn today's proceeding until you can give more thought to this matter?

E. <u>Continuation of the *Curcio* Hearing</u>

    a. After considering all that the Court has said about the ways in which having [*the payor*] pay your legal fees may adversely affect your defense, do you believe that it is in your best interest to continue with your current counsel as your attorneys?

    b. Is that your wish?

    c. Do you understand that by choosing to continue with your current counsel as your attorneys, you are waiving your right to be represented solely by an attorney who has no conflict of interest?

    d. Are you knowingly and voluntarily waiving your right to conflict-free representation?

    e. Do you agree to waive any post-conviction argument, on appeal or otherwise, that by virtue of having a third party pay your legal fees, you were denied effective assistance of counsel?

    f. Is there anything that the Court has said that you wish to have explained further?