USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 17, 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA

   - v. -

CHI PING PATRICK HO,

                    Defendant.

------------------------------------------------------------------X

17 Cr. 779 (KBF)

ORDER

**KATHERINE B. FORREST**, United States District Judge:

During a bail hearing in this matter held May 2, 2018, the Court asked the Government to provide a guidelines calculation prior to the continuation scheduled for May 17, 2018. The Government duly provided the attached guidelines calculation via e-mail on May 16, 2018.

    SO ORDERED:

Dated:    New York, New York
               May 17, 2018

_____
KATHERINE B. FORREST
United States District Judge



*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 11, 2018

**By Email**

Edward Y. Kim, Esq.
Paul M. Krieger, Esq.
Jonathan F. Bolz, Esq.
Krieger Kim & Lewin LLP

Andrew J. Levander, Esq.
Benjamin E. Rosenberg, Esq.
Katherine Wyman, Esq.
Dechert LLP

Re:   *United States v. Chi Ping Patrick Ho*,
        17 Cr. 779 (KBF)

Dear Counsel:

This document is not a plea agreement. Rather, pursuant to the suggestion of the Court in *United States v. Pimentel*, 932 F.2d 1029, 1034 (2d Cir. 1991), this letter sets forth the current position of the United States Attorney's Office for the Southern District of New York and the Fraud Section, Department of Justice (together, the "Offices") regarding the application of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") to defendant Chi Ping Patrick Ho (the "defendant") in this case.

The Indictment charges the defendant with conspiracy to violate the Foreign Corrupt Practices Act ("FCPA") (Count One), substantive violations of the FCPA (Counts Two through Five), conspiracy to commit money laundering (Count Six), and substantive violations of the money laundering statute (Counts Seven and Eight). The combined maximum term of imprisonment is 85 years' imprisonment on Counts One through Eight.

The Offices currently believe that the Guidelines apply to the crime charged in the Indictment as follows:

A.  Offense Level

1.  Pursuant to U.S.S.G. § 3D1.2(d), all counts are grouped.

2. Pursuant to U.S.S.G. § 3D1.3(b), the offense guideline that produces the highest offense level shall be used.  In this case, that offense guideline is U.S.S.G. § 2S1.1, which applies to the money laundering charges.

3. Pursuant to U.S.S.G. § 2S1.1(a)(1), the base offense level is that for the offenses underlying those counts, because the defendant committed the underlying offenses.  In this case, those offenses are the FCPA violations.  Those offenses are all governed by U.S.S.G. § 2C1.1.

4. Pursuant to U.S.S.G. § 2C1.1(a)(2), the base offense level for those offenses is 12.

5. Pursuant to U.S.S.G. § 2C1.1(b)(1), this base offense level is increased by 2 levels, because the offenses involved more than one bribe.

6. Pursuant to U.S.S.G. § 2C1.1(b)(2), this base offense level is increased by the number of levels from the table in § 2B1.1, because the value of the payments, the benefit received or to be received in return for the payments, and/or the value of anything obtained or to be obtained by the public official or others acting with the public official exceeded $6,500.

7. Pursuant to U.S.S.G. § 2B1.1(b)(1)(I), because the value of the bribe payments/offers exceeded $1,500,000, but did not exceed $3,500,000, the base offense level is increased by 16 levels.

8. Pursuant to U.S.S.G. § 2C1.1(b)(3), the base offense level is increased by 4 levels, because the offenses involved an elected public official and/or a public official in a high-level decision-making or sensitive position.

9. Pursuant to U.S.S.G. § 2S1.1(b)(2)(B), the base offense level is increased by 2 levels, because the defendant was convicted under 18 U.S.C. § 1956.

10. Pursuant to U.S.S.G. § 3B1.1(a), the offense level is increased by 4 levels, because the defendant was an organizer or leader of the criminal activity, which involved five or more participants and/or was otherwise extensive.

In accordance with the foregoing calculations, the applicable offense level is 40.

B. Criminal History Category

Based upon the information now available to the Offices, the defendant has zero criminal history points.

04.09.2018

C.  <u>Sentencing Range</u>

Based upon the calculations set forth above, the defendant's sentencing range is 292 to 365 months' imprisonment. In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At offense level 40, the applicable fine range is $50,000 to $500,000.

The foregoing Guidelines calculation is based on facts and information currently known to the Offices. Nothing in this letter limits the right of the Offices (1) to change their position at any time as to the appropriate Guidelines calculation in this case, even if that change is based, in whole or in part, on information that was in the Government's possession as of the date of this letter; and/or (2) to present to the Court or the United States Probation Office, either orally or in writing, any and all facts and arguments relevant to sentencing that are available to the Offices at the time of sentencing. Nor does anything in this letter limit the right of the Offices to seek a departure under or variance from the Guidelines, or to take a position on any departure or variance that may be suggested by the Court, the United States Probation Office, or the defendant.

This letter does not and cannot bind either the Court or the United States Probation Office, either as to questions of fact or as to determinations of the correct application of the Guidelines in this case. Instead, the sentence to be imposed upon the defendant will be determined solely by the Court. The Offices cannot and do not make any promise or representation as to what sentence the defendant will receive.

The defendant recognizes that, if he is not a citizen of the United States, his guilty plea and conviction make it very likely that his deportation from the United States is presumptively mandatory and that, at a minimum, he is at risk of being deported or suffering other adverse

04.09.2018

immigration consequences. The defendant is entitled to and should seek advice from his counsel on this issue.

        Very truly yours,

        GEOFFREY S. BERMAN
        United States Attorney

By:    s/ Douglas S. Zolkind
        Daniel C. Richenthal
        Douglas S. Zolkind
        Thomas McKay
        Assistant United States Attorneys
        (212) 637-2109/2418/2268

        SANDRA MOSER
        Acting Chief, Fraud Section
        Criminal Division

By:    s/
        David A. Last
        Paul A. Hayden
        Trial Attorneys
        (202) 616-5651/353-9370

04.09.2018