

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 2, 2018

**BY ECF**

The Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:  *United States v. Chi Ping Patrick Ho*,
>    **17 Cr. 779 (LAP)**

Dear Judge Preska:

The Government respectfully writes in response to the defendant's letter of June 26, 2018 ("Def. Ltr.") (Docket Entry No 101) in which he claims that *Carpenter v. United States*, No. 16-402, --- S. Ct. ---, 2018 WL 3073916 (June 22, 2018), militates in favor of granting his pending motion to suppress the results of a search of his Huawei cellphone.  *Carpenter* does no such thing. The sole issue in *Carpenter* (as the defendant acknowledges (Def. Ltr. 1)) was whether the Fourth Amendment applies to the acquisition of cell site data in the custody of a cellphone provider.  That has nothing to do with the defendant's motion to suppress.

There is no dispute that, at least in these circumstances, the Fourth Amendment applied to the search conducted by the Federal Bureau of Investigation ("FBI") of the defendant's cellphone. Before conducting that search, the FBI obtained a search warrant—the validity of which the defendant does not, and could not credibly, challenge. The defendant's Fourth Amendment rights were thus fully respected.  The only issue raised in his motion to suppress is whether, notwithstanding that fact, the results of the search must nevertheless be suppressed because, in his view, agents asking him for the password to his cellphone violated *Miranda*.  The answer to that question does not concern the scope of Fourth Amendment, which was the sole subject of *Carpenter*, but the remedy for a purported *Miranda* violation.  And that question is not open.  It has been settled since at least *United States v. Patane*, 542 U.S. 630 (2004).  The Second Circuit has repeatedly so recognized.  *See United States v. McCoy*, 407 F. App'x 514, 516 (2d Cir. 2010); *United States v. Haygood*, 157 F. App'x 448, 499 (2d Cir. 2005).  So have numerous courts in this district.  *See, e.g.*, *United States v. McDow*, 206 F. Supp. 3d 829, 848 n.13 (S.D.N.Y. 2016); *United States v. Fiseku*, No. 15 Cr. 384 (PAE), 2015 WL 7871038, at *16 (S.D.N.Y. Dec. 3, 2015); *Wilson v. Bradt*, No. 13 Civ. 6937 (KBF), 2014 WL 4116960, at *16 (S.D.N.Y. Aug. 20, 2014); *United States v. Wilson*, 914 F. Supp. 2d 550, 558 & n.15 (S.D.N.Y. Dec. 18, 2012); *United States v. Alcantara*, No. 09 CR 231 (NRB), 2009 WL 4756491, at *11 (S.D.N.Y. Dec. 2, 2009).

As the Government explained in its brief in opposition (Docket Entry No. 76, at 7), the defendant's novel suggestion that one remedy should apply when the search that follows a statement made in alleged violation of *Miranda* is of "physical objects like guns" (Def. Ltr. 1) and another, broader remedy should apply when the search that follows is of an electronic device has no basis in law. *See, e.g.*, *United States v. Jackson*, Criminal No. 17-252 (DSD/FLN), 2018 U.S. Dist. LEXIS 55965, at *15-16 (D. Minn. Feb. 27, 2018) (rejecting suppression of a cellphone, citing *Patane*); *United States v. Stark*, No. 09-CR-20317, 2009 WL 3672103, at *3 (E.D. Mich. Nov. 2, 2009) (rejecting suppression of a personal computer, citing *Patane*); *see also United States v. Holland*, No. 15-CR-666-JMC, 2016 WL 6068020, at *4 (D.S.C. Oct. 17, 2016); *see generally United States v. Verdugo-Urquidez*, 494 U.S. 259, 264 (1990). And it certainly has no basis in *Carpenter*, which did not concern *Miranda* (or the Fifth Amendment more generally) and cannot plausibly be read as a silent overruling of *Patane* or the case law on which it relies.

Nor does the proposition that the defendant advances make sense, because, if the defendant were right, the scope of a constitutional right would expand or contract depending on what *followed* an alleged violation of that right. The defendant offers no authority—and the Government is unaware of any—for the proposition that a constitutional right is elastic in this way. Either the Constitution requires suppression of evidence that is the alleged fruit of a statement made in violation of *Miranda*, or it does not. It does not. *Patane*, 542 U.S. at 636; *McCoy*, 407 F. App'x at 516 (reversing suppression).

<div style="margin-left: 40%;">

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

</div>

By:    s/ Daniel C. Richenthal
        Daniel C. Richenthal
        Douglas S. Zolkind
        Thomas McKay
        Assistant United States Attorneys
        (212) 637-2109/2418/2267

<div style="margin-left: 40%;">

SANDRA MOSER
Acting Chief, Fraud Section
Criminal Division

</div>

By:    s/ David A. Last
        David A. Last
        Paul A. Hayden
        Trial Attorneys
        (202) 616-5651/353-9370

Honorable Loretta A. Preska
United States District Judge
July 2, 2018
Page 3

cc:    (by ECF)

       Counsel of Record