# EXHIBIT A

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 15, 2018

**By Email**

Edward Y. Kim, Esq.
Paul M. Krieger, Esq.
Jonathan F. Bolz, Esq.
Krieger Kim & Lewin LLP

Andrew J. Levander, Esq.
Benjamin E. Rosenberg, Esq.
Katherine Wyman, Esq.
Dechert LLP

Re:   *United States v. Chi Ping Patrick Ho*,
       **17 Cr. 779 (KBF)**

Dear Counsel:

In an abundance of caution, and in order to help you prepare your defense, we write to advise you of the following information that the Government has learned through meetings with Cheikh Gadio ("Gadio"), in relation to the Government's allegation that Chi Ping Patrick Ho ("Ho") "caused a $2 million bribe to be pledged to the President of Chad" and that Cheikh Gadio ("Gadio") "facilitate[d] the bribery of the President of Chad" including by "conveying the Energy Company's $2 million bribe offer to him" (Complaint ¶ 16).  Gadio has stated, in substance and in part, that:

1. Ho and certain Energy Company executives provided the $2 million in cash, concealed within a gift box, to the President of Chad in connection with a business meeting in Chad in or about December 2014.

2. The President of Chad told Ho and the Energy Company executives that he would not accept the cash payment personally, and Ho and the Energy Company executives responded, in substance and in part, that the $2 million had been intended as a donation to Chad.

3. Ho and members of the Energy NGO/Company, assisted by Gadio, thereafter drafted a letter in which the Energy Company purported to make a $2 million charitable donation to Chad (*i.e.*, the letter referred to in paragraphs 28(a) through 28(h) of the Complaint).

May 15, 2018
Page 2

4. Gadio did not advise Ho to offer a payment for the personal benefit of the President of Chad or other Chadian officials, and he did not enter into an agreement with Ho to make any such payment.

5. Gadio had no advance knowledge that Ho would offer $2 million in cash to the President of Chad in connection with the December 2014 meeting. He learned about the payment shortly after the President of Chad's staff opened the gift box.

6. Gadio believed that the cash payment was offered by Ho and the Energy Company executives to further their interest in doing business in Chad.

7. After Gadio sent the letter referenced in paragraph 3, above, Ho never asked Gadio about the status of the purported donation or made any other reference to the subject.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

By:   s/ Douglas S. Zolkind
Daniel C. Richenthal
Douglas S. Zolkind
Thomas McKay
Assistant United States Attorneys
(212) 637-2109/2418/2268

SANDRA MOSER
Acting Chief, Fraud Section
Criminal Division

By:   s/
David A. Last
Paul A. Hayden
Trial Attorneys
(202) 616-5651/353-9370