**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 9, 2018

**BY ECF**

The Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Chi Ping Patrick Ho*,
             17 Cr. 779 (LAP)

Dear Judge Preska:

      The Government respectfully writes regarding the trial date in the above-captioned matter. At the conference last week, the Court inquired as to the parties' positions regarding a potential adjournment of the November 5, 2018 trial date. This morning, defense counsel emailed the Court and stated that, after consulting with the defendant, the defense requests that the trial proceed on November 5 as scheduled. While the Government will be prepared to proceed on November 5, we submit that a reasonable adjournment is appropriate and in the public interest for several reasons.

      *First*, multiple motions *in limine*, by both parties, are currently pending, none is yet fully briefed, and resolving at least one of these motions may require a pretrial hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

      *Second*, while the parties hope to avoid the need for a hearing on foreign law pursuant to Federal Rule of Criminal Procedure 26.1, given the need to confer further with experts located abroad, the Government does not anticipate that it will be in a position to transmit to the defense the Government's proposed elements of the pertinent foreign law—which concern multiple laws of two countries, Chad and Uganda—until late this week, after which the defense will need time to review these elements and the parties will need time to confer.

      *Third*, this past Friday, October 5, 2018, the defendant submitted a classified notice pursuant to Section 5 of the Classified Information Procedures Act ("CIPA"). The defendant could have filed such notice a number of weeks ago, but waited until the very last day on which such a filing would be deemed timely under CIPA. The defendant also did not notify the Government that he intended to submit such a notice until the Court directed the parties to confer during last week's conference. The Government now has to draft, have approved for submission, and submit a classified response in opposition, in which it intends to request a hearing concerning the use,

Honorable Loretta A. Preska
United States District Judge
October 9, 2018
Page 2

relevance, and admissibility of classified information that would otherwise be made public by the defense during the trial, and expects, assuming appropriate authorization is provided, to request that the hearing be held *in camera*.[1]  The Court will then have to make a written determination of the pertinent issue(s).  *See* 18 U.S.C. app. 3 § 6(a); *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996).

    *Fourth*, the Government expects that one or more additional motions are likely to be filed, and will need to be resolved, reasonably before trial.  For its part, the Government anticipates filing a motion for (i) reciprocal discovery, having received none notwithstanding multiple requests and that the defense has suggested that it may seek to offer unspecified foreign documents at trial, and (ii) the production of materials obtained by the defense pursuant to subpoenas issued under Federal Rule of Criminal Procedure 17(c), which rule does not provide for *ex parte* production of documents without approval of the Court.  The Government also anticipates that, as it finalizes its witness list, it may need to confer with the defense regarding whether certain subjects are appropriate for cross-examination, and, if need be, will file an appropriate motion with the Court.  The defense may need to do the same.

    *Finally*, the Government notes that very few days have run on the Speedy Trial clock, and the defendant has consistently consented to the exclusion of time, which remains excluded through November 5.  There accordingly is ample time for a reasonable adjournment.  Indeed, by the Government's calculation, even were the Speedy Trial clock to start running on November 5, and to run continuously, it would not expire until mid-January.[2]

---

[1] The Government also expects to request that the defendant (but not his counsel) be excluded from the hearing. *See In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 130 (2d Cir. 2008).

[2] Of course, time would remain excluded for a certain period while motions are being briefed and/or considered by the Court, *see* 18 U.S.C. § 3161(h)(1)(D) & (h)(1)(H), and would be excluded further if the Court were to do so in the interest of justice, including based on a determination that this case is "complex," *see id.* § 3161(h)(7)(A) & (h)(7)(B)(ii), which it is.

Honorable Loretta A. Preska
United States District Judge
October 9, 2018
Page 3

                                              Respectfully submitted,

                                              GEOFFREY S. BERMAN
                                              United States Attorney

By:    <u>s/ Daniel C. Richenthal</u>
        Daniel C. Richenthal
        Douglas S. Zolkind
        Catherine E. Ghosh
        Assistant United States Attorneys
        (212) 637-2109/2418/1114

        SANDRA MOSER
        Acting Chief, Fraud Section
        Criminal Division

By:    <u>s/ Paul A. Hayden</u>
        David A. Last
        Paul A. Hayden
        Trial Attorneys
        (202) 616-5651/353-9370

cc:    (by ECF)

       Counsel of Record