UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------x
UNITED STATES OF AMERICA,            :
                                     :
             Plaintiff,              :         17 Cr. 779 (LAP)
                                     :
    -against-                        :
                                     :         ORDER
                                     :
CHI PING PATRICK HO,                 :
                                     :
             Defendant.              :
                                     :
------------------------------------x

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is the Government's letter dated October 9, (ECF No. 134), requesting an adjournment of trial which is currently scheduled to begin on November 5.  The defense has indicated that it does not intend to respond to this letter unless requested by the Court.

    The Court notes that, as of the date of this order, there are 25 days until the start of trial in this case.  Given the multiple outstanding motions that must be resolved prior to the commencement of trial in this case, it would be practically impossible to resolve all of the parties' pre-trial issues in that approximate three-week window of time.  In addition, the Government has indicated that it may file more pre-trial motions in addition to those that are currently pending.  For the reasons stated in the Government's October 9 letter and as

explained in more detail below, the Court concludes that an adjournment of the November 5, 2018 trial date is appropriate and would be in the interest of justice given the substantial and numerous pre-trial issues that the Court must resolve and the possibility of additional issues arising between now and trial.

First, several motions in limine by both parties are not yet fully briefed, and the Government has indicated that resolving at least one of these motions may require a pretrial hearing pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

Second, the parties have indicated that there are unresolved issues of foreign law that may require a pre-trial hearing under Federal Rule of Criminal Procedure 26.1. The Government has stated that it does not anticipate that it will be ready to give the defense the Government's proposed elements of Chadian and Ugandan law until at least October 11 or 12. Once the Government turns this material over, the defense will need time to review these elements, and the parties will need time to confer. As noted earlier, as of the date of this order, there are 25 days until trial is scheduled to begin. Even if the defense reviewed the Government's foreign law materials as expeditiously as possible, this would give the parties and the Court less than three weeks to schedule and prepare for such a

hearing. In light of the numerous other outstanding issues that must be resolved before trial, this timeline is unreasonable.

Third, and significantly, on Friday, October 5, counsel for Dr. Ho submitted a classified notice pursuant to Section 5 of the Classified Information Procedures Act ("CIPA"). According to the docket, the deadline for the Government to complete the production of classified discovery was on June 29, 2018. (ECF No. 100). Although the Court understands that there was a technical issue with a single category of classified discovery that was not resolved until recently, setting this one exception aside, the defense has had the overwhelming bulk of classified discovery in its possession since June 29. Therefore, the Defendant could have filed his notice or at least notified the Government of his intention to file such a notice several of weeks ago. Instead, the defense filed its classified notice under Section 5 thirty days out from the start of trial, the very last day on which such a filing would be deemed timely under CIPA, and did not notify the Government of its intention to submit such a notice until the parties, at the Court's request, conferred at the October 4 conference.

The Court notes that the defense has not proffered any explanation for why it waited to file its Section 5 notice until last Friday or why it waited to notify the Government of its intention to file a Section 5 notice until one day prior to

making this submission.  The Government must now draft, have approved for submission, and submit a classified response in opposition, in which it has indicated it intends to request an in camera hearing on the issues the Section 5 notice presents. The Court will then have to make a written determination of the pertinent issue(s) raised in defendant's Section 5 notice.  See 18 U.S.C. app. 3 § 6(a); United States v. Pappas, 94 F.3d 795, 799 (2d Cir. 1996).  In light of all of the other numerous outstanding issues that must be reasonably resolved before the start of trial, the fact that the parties have not finished briefing the Section 5 issue as of the date of this order, and that the Government intends to request an in camera hearing on this issue, the present trial date does not allow the Court adequate time to hold a hearing, review the parties' submissions, and reach a final decision on this issue prior to the November 5 trial date.

Fourth, the Government has noted that it will likely file one or more additional motions that will be resolved, reasonably before trial.  These include (1) a motion for reciprocal discovery, (2) a motion for the production of materials obtained by the defense pursuant to subpoenas issued under Federal Rule of Criminal Procedure 17(c), which does not provide for ex parte production of documents without approval of the Court, and (3) possible motions regarding whether certain witnesses are

4

appropriate subjects for cross-examination from the Government and/or the defense.  The possibility of the Government's filing motions in addition to those that are already pending in this case, many of which are not yet fully briefed, coupled with the complexity of the legal issues presented in this case, also makes adjournment of the trial appropriate here.

In sum, given the number of pending motions and other unresolved issues that remain less than thirty days out from the currently scheduled trial date and that may require pre-trial hearings to resolve, the complexity of the legal issues involved in this case, the potential need for witnesses who are located abroad for a pre-trial hearing on foreign law under Rule 26.1, and the fact that this case implicates classified information that creates more time-consuming procedures, a reasonable adjournment would allow the parties adequate time to finish fully briefing motions and to confer on other open issues prior to trial.  It would also allow the Court ample time to hold oral arguments or pre-trial hearings as necessary, some of which could be <u>in camera</u>, and draft and publish dispositive orders. Accordingly, such an adjournment would be appropriate and in the public interest.

The Court also notes that a reasonable adjournment would not pose any issue under the Speedy Trial clock.  At present, time is excluded through November 5.  According to the

5

Government's calculation, with which the Court agrees and to which the Defendant makes no objection, the Speedy Trial clock would not expire until mid-January if it began to run on November 5 and ran continuously.  In granting a reasonable adjournment of the trial date, time would continue to be further excluded while motions are being briefed by the parties or are being considered by the Court.  See 18 U.S.C. § 3161(h)(1)(D) & (h)(1)(H).  The Court may also elect to exclude time further in the interest of justice, including based on a determination that this case is "complex," which it is.  See id. § 3161(h)(7)(A) & (h)(7)(B)(ii).  Accordingly, a reasonable adjournment of the November 5 trial date does not present an issue under the Speedy Trial Act.

In conclusion, a reasonable adjournment of the trial date is appropriate and would be in the public interest. Accordingly, the Government's request for an adjournment of the November 5, 2018 trial date is granted. (ECF No. 134). The October 23 conference is adjourned to November 5 at 10:00 AM.

SO ORDERED.

Dated:   New York, New York
         October 11, 2018

*Loretta A. Preska*

LORETTA A. PRESKA
Senior United States District Judge