UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| -*v.*- | :     17 Cr. 779 (LAP) |
| CHI PING PATRICK HO,<br>  a/k/a "Patrick C.P. Ho,"<br>  a/k/a "He Zhiping," | :<br><br>: |
| Defendant. | : |

------------------------------------------------------------x

# THE GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

GEOFFREY S. BERMAN
Acting United States Attorney
Southern District of New York

SANDRA MOSER
Acting Chief, Fraud Section
Criminal Division

Daniel C. Richenthal
Douglas S. Zolkind
Catherine E. Ghosh
Assistant United States Attorneys

Paul A. Hayden
Trial Attorney

- Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

UNITED STATES OF AMERICA  :

    -*v.*-  :      17 Cr. 779 (LAP)

CHI PING PATRICK HO,  :
  a/k/a "Patrick C.P. Ho,"
  a/k/a "He Zhiping,"  :

        Defendant.  :

-------------------------------------------------------------x

# THE GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

The Government respectfully requests the Court to include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure.

The Court is requested to pursue more detailed questioning at the sidebar if a particular prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case.

    A.    The Charges

    1.    This is a criminal case. The defendant, Chi Ping Patrick Ho (also known as Patrick C.P. Ho or He Zhiping), has been charged in an Indictment filed by a grand jury sitting in this District with violating the Foreign Corrupt Practices Act (or "FCPA"), money laundering, and conspiracy to engage in each of those offenses.

2. The Indictment is not evidence itself. It simply contains the charges that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt. I would like to summarize the charges in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

3. The Indictment contains eight counts. Count One charges the defendant with conspiring to commit violations of the FCPA. Counts Two, Three, Four, and Five each charge the defendant with violating the FCPA. Count Six charges the defendant with conspiring to commit money laundering and each Counts Seven and Eight each charge the defendant with money laundering.

4. The Indictment alleges, in sum, that the defendant was involved in two schemes to bribe certain foreign officials in Africa in exchange for business advantages for a Chinese energy company known as "CEFC China." In particular, the defendant is charged with participating in a scheme to bribe, among others, the President of the Republic of Chad, whose name is Idriss Déby, and a scheme to bribe the Minister of Foreign Affairs of the Republic of Uganda, whose name is Sam Kutesa. The defendant has pled not guilty and is presumed innocent of these charges until such time, if ever, the Government proves him guilty beyond a reasonable doubt.

5. Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described it?

6. Have any of you read or heard anything about this case? If so, is there anything you have read or heard that would cause you to feel that you cannot decide theissues of this case fairly and impartially?

7. Do any of you feel that you could not view fairly and impartially a case involving such charges?

8. Have any of you formed an opinion that any of the actions charged in the Indictment, as I have described them to you, should not be a crime or should not be prosecuted?

B. <u>Ability to Render a Fair Verdict</u>

9. Does the fact that the charges involve alleged acts of corruption and money laundering affect your ability to render a fair and impartial verdict?

10. I expect that some of the evidence in this case will concern actions taken abroad. Do any of you believe that actions taken abroad should not be prosecuted in a U.S. court? Does anything about the fact that this case concerns actions taken, at least in part, outside the United States affect your ability to render a fair and impartial verdict?

11. Has any juror been involved or accused of being involved in an offense involving corruption? Money laundering? Conspiracy to commit any of these offenses? Has anyone's relative, close friend, or associate been involved or accused of being involved in such an offense?

12. The witnesses in this case may include law enforcement agents, such as agents with the Federal Bureau of Investigation (or "FBI") or the criminal investigation arm of the Internal Revenue Service (or "IRS"). Would any of you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement agent?

13. You may hear testimony in this case from one or more witnesses who are testifying pursuant to a non-prosecution agreement, that is, a witness who is testifying is pursuant to an agreement with the Government in which he or she agrees to cooperate and in return will not be prosecuted for certain things. I instruct you that the use of such witnesses is perfectly legal and is often a necessary law enforcement tool. Do any of you have any experience with or feelings about the use such witnesses generally, or the use of evidence or information obtained from such witnesses, that would make it difficult for you to render a fair and impartial verdict if you heard testimony from that witness? Do you believe that the Government should not be allowed to call such witnesses? Would you be unwilling to consider or have difficultly considering the testimony of such witnesses fairly?

14. This case was investigated by the FBI and the criminal investigation arm of the IRS. Has any juror worked for the FBI or the IRS? If so, in what capacity? Has any juror had any contact with the FBI or IRS, apart from paying taxes? If so, what was the nature of that contact?

    C.    <u>Knowledge of the Trial Participants</u>

15. The defendant in this case is Chi Ping Patrick Ho, who is also known as "Patrick C.P. Ho" and "He Zhiping." *[Please ask the defendant to stand.]* Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend or associate of the defendant?

16. To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

17.     The Government is represented here, as in all cases where it is a party before the Court, by the United States Attorney for the Southern District of New York – who is Geoffrey Berman.    The Government is also represented by the Department of Justice, Fraud Section, which is headed by Sandra Moser.    The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Daniel Richenthal, Douglas Zolkind, and Catherine Ghosh as well as Trial Attorney Paul Hayden.    [*Please ask the Government attorneys to stand.*] They will be assisted by Aashna Rao and [_____], paralegal specialists in the United States Attorney's Office, and Special Agents [_____] and [_____] of the FBI.    [*Please ask Ms. Rao, ____, and Agents ____ to stand.*]    Do any of you know Mr. Berman, Ms. Moser, Mr. Richenthal, Mr. Zolkind, Ms. Ghosh, Mr. Hayden, Ms. Rao, [_____], Agent [_____], or Agent [_____]?    Have you, your family members, or any close friends had any dealings either directly or indirectly with any of these individuals?

18.     The defendant, Mr. Ho, is represented by attorneys Andrew Levander, Benjamin Rosenberg, Katherine Wyman, Kevin Brost, from the law firm of Dechert LLP and Edward Kim, Jonathan Bodansky, and Jonathan Bolz of Krieger Kim & Lewin LLP.    [*Please ask counsel to stand.*]    They will be assisted by [_____].    Do any of you know Mr. Levander, Mr. Rosenberg, Ms. Wyman, Mr. Brost, Mr. Kim, Mr. Bodansky, Mr. Bolz, or [_____]?    Have you, your family members, or any close friends had any dealings either directly or indirectly with any of these individuals or these two law firms?

19.     Does any juror know or has he or she had any dealings, either directly or indirectly with any of the following individuals or entities who may be called as witnesses or whose names may come up during the trial:

5

[*Final list to be provided before trial*]

D. <u>Associations with Chad, Uganda, China, Oil Development, and International Wires</u>

20. In this case, the defendant, who is the Secretary General of a non-governmental organization ("NGO"), China Energy Fund Committee or CEFC, based in Hong Kong and Virginia, and funded by a Chinese oil and gas conglomerate, CEFC China Energy Company Limited, is alleged to have been involved in two bribery schemes to pay officials in Chad and Uganda for business opportunities. Have you, any member of your family, or any close friend had any experiences with Chad, Uganda, or China, including Hong Kong, that might affect your ability to render a fair and impartial verdict in this case? Have you, any member of your family, or any close friend had any experiences with China Energy Fund Committee, CEFC China Energy Company Limited, or any related entities that might affect your ability to render a fair and impartial verdict in this case?

21. Have you, any member of your family, or any close friend ever done business or attempted to do business in Chad, Uganda, or China, including Hong Kong?

22. Have you, any member of you family, or any close friend ever traveled to Chad, Uganda, or China, including Hong Kong?

23. Do you have strong feelings, positive or negative, about the Chad government, the Chad community, or people of Chad origin?

24. Do you have strong feelings, positive or negative, about the Ugandan government, the Ugandan community, or people of Ugandan origin?

25. Do any of you have experience with Chad or Ugandan law?

6

26. Do you have strong feelings, positive or negative, about the Chinese government, the Chinese community, or people of Chinese origin, including Hong Kong?

27. Do any of you have experience with Chinese or Hong Kong law?

28. You may hear evidence in this case relating to petroleum or energy development in Chad and Uganda. Have you, any member of your family, or any close friend ever worked in the area of petroleum or energy development, whether in Chad or Uganda or elsewhere?

29. You may hear evidence about the transmission of money internationally via wire transfer. Have you, any member of your family, or any close friend ever been involved in processing international wires?

30. Have you, any member of your family, or any close friend ever had business dealings internationally?

E. Experience with the United Nations, NGOs, or an Energy Company

31. This case involves, in part, alleged bribe payments to the Foreign Minister of Uganda, Sam Kutesa, who also served for a period of time as the President of the General Assembly of the United Nations (or "UN"). Have you, any member of your family, or any close friend ever worked for or had dealings or interactions with the United Nations? If so, what type of dealings or interactions?

32. Have you, any member of your family, or any close friend ever worked for or with an international non-governmental organization (or "NGO"), or one associated with the United Nations?

33. Have you, any member of your family, or any close friend ever worked for or had dealings or interactions with the United Nations Economic and Social Council?

34. Have you, any member of your family, or any close friend had any familiarity or experience with diplomacy or worked for a diplomatic mission or ambassador in the United States or abroad?

35. Have you, any member of your family, or any close friend had any experiences with foreign diplomats, other than the routine seeking of a visa to travel?

36. Have you, any member of your family, or any close friend ever worked for or with an energy or oil company?

F. Investigative Techniques

37. Would any of you be unable to follow my instructions that the Government is not required to use any particular technique in order to investigate evidence of a crime or to prosecute someone accused of a crime?

38. You may hear testimony in this case that law enforcement officers executed court-approved search warrants for certain locations and items of evidence, including for electronic devices and personal email messages. I am instructing you that these searches were entirely legal. Do any of you have any feelings about such searches by law enforcement that would make it difficult for you to render a fair and impartial verdict if presented with such evidence?

G. Relationship with Government

39. Do any of you know, or have any association -- professional, business, or social, direct or indirect -- with any member of the staff of the United States Attorney's Office for

the Southern District of New York, the Department of Justice, the FBI, or IRS? Is any member of your family employed by any federal department or agency, or any law enforcement agency, whether federal, state, or local?

40. Does any juror have any bias, prejudice or other feelings for or against the United States Attorney's Office, the Department of Justice, the FBI, IRS, or any other law enforcement agency?

41. Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or other dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the FBI, and the IRS? Have any of you had any legal, financial, or other interest in any such legal action or dispute, or its outcome?

42. Do you have a case pending at this time in state court, federal court, tax court, or with any federal agency or appeal authority?

43. Have you ever sued anyone or been sued by anyone else?

H. Prior Jury Service

44. Have you ever served as a juror or grand juror in any court? If so, when and in what court did you serve? Was it a civil or criminal case? Without telling me the outcome, did the jury reach a verdict? Did anything happen during your service that would make it difficult for you to serve now as a fair and impartial juror?

I. Experience as a Witness, Defendant, or Crime Victim

45. Have you, any member of your family, or any close friend ever been involved in, the subject of, or appeared as a witness in any investigation by a federal or state grand

jury or by a Congressional or state legislative committee, licensing authority, or governmental agency?

46. Have you, any member of your family, or any close friend ever been questioned in any matter by a federal, state, or local law enforcement agency?

47. Have you, any member of your family, or any close friend ever been a witness or a complainant in any prosecution, whether state or federal?

48. To your knowledge, are you, any member of your family, or any close friend now under subpoena or about to be subpoenaed in any criminal case?

49. Have you, any member of your family, or any close friend ever been arrested for, charged with, or otherwise accused of a crime? [*As to any juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench, into the circumstances of each crime.*]

50. Have you, any member of your family, or any close friend ever been a victim of a crime? [*As to any juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench, into the circumstances of each crime.*]

J. Other Limitations

51. Do any of you have any problems with your hearing or vision or reading any other physical or mental limitation which would prevent you from giving full attention to all of the evidence at this trial?

52. Are any of you taking any medication that prevents you from giving full attention to all of the evidence at this trial?

53. Do any of you have any difficulty in reading or understanding English to any degree?

54. Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

55. In these questions, I have tried to direct your attention to possible reasons why you might not be able to serve as a fair and impartial juror. Aside from the previous questions I have asked, do any of you have the slightest doubts in your own mind, for any reason whatsoever, that you will not be able to conscientiously, fairly, and impartially serve in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it would be explained to you?

  K.  Function of the Court and Jury

56. The function of the jury is to decide questions of fact. As a juror, you are the sole judge of the facts and nothing that the Court or the attorneys say or do may intrude in any way on your role as the exclusive fact finder. However, when it comes to the law, you are to take your instructions from the Court and you are bound by those instructions. You may not substitute your ideas of what the law is or what you may think the law should be. At the conclusion of this case, your job will be to determine whether or not the defendant is guilty as

charged in the Indictment. Do any of you have any bias or prejudice that might prevent or hinder you from accepting the instructions of law that I will give you in this case?

57. Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that any possible punishment or other consequences of conviction must not enter into your deliberations as to whether the defendant is guilty or not guilty?

58. Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as whether the defendant is guilty or not guilty, and that only the evidence produced here in Court may be used by you to determine whether the defendant is guilty or not guilty?

59. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there any of you who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, you might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

L. Jurors' Backgrounds

60. The Government respectfully requests that the Court ask each juror to state the following information:

    (1) the juror's family status;

    (2) the town or part of New York in which the juror resides;

    (3) the juror's occupation and educational background;

    (4) the location of the juror's employer;

    (5) the period of employment with that employer;

(6) the same information concerning other employment within the last five years;

(7) the same information with respect to the juror's spouse and any working children;

(8) what newspapers and magazines the juror reads and how often; and

(9) what television programs the juror regularly watches.

(10) the juror's hobbies and leisure-time activities and organizations.

M. <u>Requested Instruction Following Jury Empanelment</u>

61. You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial, you must not conduct any independent research about this case, the matters in this case, and the individuals and organizations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your own family, and your friends. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk and to no one else. When I say report that to no one else, I mean that you should not tell anyone, including your fellow jurors.

62. In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting. So if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense. They will be acting properly by doing so. In this connection, when the Court is in recess, please stay either in the jury room or somewhere outside the courtroom. Please do not wait in the courtroom.

63. Finally, if anything should happen involving any juror which is of an unusual nature, or which you think is something the judge should be told about, do not discuss it with any other juror. Simply give the clerk a note to the effect that you want to speak to me about it and I can then hear what it is and what you have to say. I make these remarks without expecting anything unusual or improper to happen. It is just safer to take the precaution of alerting you in advance.

Dated: New York, New York
October 15, 2018

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: s/ Daniel C. Richenthal
Daniel C. Richenthal
Douglas S. Zolkind
Catherine E. Ghosh
Assistant United States Attorneys
(212) 637-2109/2597/1114

SANDRA MOSER
Acting Chief, Fraud Section
Criminal Division

By: s/ Paul A. Hayden
Paul A. Hayden
Trial Attorney
(202) 353-9370