

Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
+1  212  698  3500  Main
+1  212  698  3599  Fax
www.dechert.com

**BENJAMIN E. ROSENBERG**

benjamin.rosenberg@dechert.com
+1 212 698 3622  Direct
+1 212 698 0495  Fax

October 22, 2018

**VIA HAND DELIVERY AND ECF**

Honorable Loretta A. Preska
United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007-1312

Re:  *United States v. Chi Ping Patrick Ho*, **17 Cr. 779 (LAP)**

Dear Judge Preska:

The defendant submitted clean versions of his proposed requests to charge and proposed voir dire questions this evening.  Enclosed herewith, please find redlined versions of each document, showing the defendant's objections and proposed changes to the government's proposed requests to charge and proposed voir dire questions.

Although the order of the defendant's proposed requests to charge follows the order of the government's proposed requests to charge, we would respectfully request that the Court consider making one change to the order of the instructions:  Giving the instructions on Count One (conspiracy to violate the FCPA) after the Court instructs the jury on Counts Two through Five, which are the substantive counts that underlie the alleged conspiracy.  The change would make the instructions more understandable to the jury than they may be in their current organization.

Although our proposal is unusual, we submit that it is appropriate in the particular circumstances of this case, and especially because it involves the FCPA and thus *United States v. Hoskins*, 902 F.3d 69 (2d Cir. 2018).  *Hoskins* held that under the principle of *Gebardi v. United States*, 287 U.S. 112 (1932), a defendant cannot be guilty of conspiracy to violate the FCPA unless he is among the class of persons Congress intended to be covered by the statute.  *See* 902 F.3d at 95 ("In short, the legislative history of the FCPA further demonstrates Congress's affirmative decision to exclude from liability the class of persons considered in this case and we thus hold that the government may not override that policy using the conspiracy and complicity rules.").

Thus, if the jury determines that (1) the government has not met its burden of proving that the defendant was an agent of a domestic concern in connection with the Chad Scheme, and (2) the government has likewise failed to meet its burden of proving that the defendant while physically present in the United States acted to further the Chad Scheme, then, pursuant to *Hoskins*, he

16753926



Honorable Loretta A. Preska
October 22, 2018
Page 2

cannot be found guilty of having conspired to engage in the Chad Scheme.  The same analysis holds true for the Uganda Scheme.

If the jury considers the conspiracy count first, and finds the defendant guilty, and then makes the determinations referred to above, then the jury would have to undo its earlier decision.  It would make better sense for the jury to determine the substantive counts before it considers the conspiracy, and to consider the conspiracy count only if it determines that the government has met its burdens of demonstrating that the defendant was an agent of a domestic concern, or acted in furtherance of the Chad or Uganda Scheme while physically present in the United States.

If, upon consideration of the parties' respective requests to charge, and the proposed change set forth above, the Court determines that it would make sense to instruct the jury on the conspiracy count after instructing the jury on counts Two through Five, the defendant would re-submit a proposed request to charge with that change, and any others that the Court may direct.

Respectfully,

/s/ Benjamin E. Rosenberg

Benjamin E. Rosenberg

Enclosure

cc:     All counsel of record

16753926