UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

UNITED STATES OF AMERICA               :

       -*v.*-                  :    17 Cr. 779 (LAP)

CHI PING PATRICK HO,          :
  a/k/a "Patrick C.P. Ho,"
  a/k/a "He Zhiping,"           :

                Defendant.      :

-------------------------------------------------------------x

**~~THE GOVERNMENT~~DEFENDANT'S REQUESTS TO CHARGE**

KRIEGER KIM & LEWIN LLP
500 Fifth Avenue, 34th Floor
New York, New York 10110
Tel: (212) 390-9550

DECHERT LLP

Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
Tel: (212) 698-3500
Fax: (212) 698-3599

*Attorneys for Chi Ping Patrick Ho*

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

SANDRA MOSER
Acting Chief, Fraud Section
Criminal Division

Daniel C. Richenthal
Douglas S. Zolkind
Catherine E. Ghosh
Assistant United States Attorneys

David A. Last
Paul A. Hayden
Trial Attorney - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

UNITED STATES OF AMERICA                    :

      -*v.*-                                    :       17 Cr. 779 (LAP)

CHI PING PATRICK HO,                        :
  a/k/a "Patrick C.P. Ho,"
  a/k/a "He Zhiping,"                       :

              Defendant.           :

---------------------------------------------------------------x

## ~~THE GOVERNMENT~~DEFENDANT'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, ~~the Government~~Defendant Dr. Chi Ping Patrick Ho respectfully requests that the Court include the following in its instructions to the jury.

**REQUEST NO. 1 General Requests** ................................................................................1

**REQUEST NO. 2 The Indictment** ...............................................................................2

**REQUEST NO. 3 Count One: Conspiracy to Violate the Foreign Corrupt Practices Act (The Indictment and the Statute)** ..............................................................................3

**REQUEST NO. 4 Count One: Conspiracy to Violate the Foreign Corrupt Practices Act (Purpose of the Statute; Distinct from Substantive Offense)** ........................................4

**REQUEST NO. 5 Count One: Conspiracy to Violate the Foreign Corrupt Practices Act (Elements of Conspiracy)** ...........................................................................................~~6~~5

REQUEST NO. 6 Count One: Conspiracy to Violate the Foreign Corrupt Practices Act (First Element: Existence of Conspiracy) ..................................................................................7

REQUEST NO. 7 Count One: Conspiracy to Violate the Foreign Corrupt Practices Act (Second Element: Membership in the Conspiracy) ......................................................~~11~~10

REQUEST NO. 8 Count One: Conspiracy to Violate the Foreign Corrupt Practices Act (Third Element: Overt Act) ..............................................................................................~~14~~13

REQUEST NO. 8A Count One: Conspiracy to Violate the Foreign Corrupt Practices Act (Category of Persons) .................................................................................................15

REQUEST NO. 9 Count One: Conspiracy to Violate the Foreign Corrupt Practices Act (Time of Conspiracy) ....................................................................................................16

REQUEST NO. 10 Count One: Conspiracy to Violate the Foreign Corrupt Practices Act (Conscious Avoidance) ....................................................................................................17

REQUEST NO. ~~11 Count One: Conspiracy to Violate the Foreign Corrupt Practices Act (Liability for Acts and Declarations of Co-Conspirators)20REQUEST NO.~~ 12 Count Two: Violating the Foreign Corrupt Practices Act (Domestic Concern – Chad) (The Indictment) ........~~22~~20

REQUEST NO. 13 Count Two: Violating the Foreign Corrupt Practices Act (Domestic Concern – Chad) (Elements of the Offense) ..................................................................................~~23~~22

REQUEST NO. 14 Count Two: Violating the Foreign Corrupt Practices Act (Domestic Concern – Chad) (Definition of "Domestic Concern") ............................................................24

REQUEST NO. 15 Count Two: Violating the Foreign Corrupt Practices Act (Domestic Concern – Chad) ("Corruptly" and "Willfully") ..............................................................~~25~~26

REQUEST NO. 16 Count Two: Violating the Foreign Corrupt Practices Act (Domestic Concern – Chad) (Use of the Mails or Instrumentality of Interstate Commerce) ..........................~~26~~27

REQUEST NO. 17 Count Two: Violating the Foreign Corrupt Practices Act (Domestic Concern – Chad) (Promise or Authorization to Pay) ...............................................................~~27~~28

REQUEST NO. 18 Count Two: Violating the Foreign Corrupt Practices Act (Domestic Concern – Chad) (Payment or Offer to Foreign Official) ............................................................~~28~~29

REQUEST NO. 19 Count Two: Violating the Foreign Corrupt Practices Act (Domestic Concern – Chad) (Purpose of Payment or Gift) .................................................................................. 2930

REQUEST NO. 20 Count Two: Violating the Foreign Corrupt Practices Act (Domestic Concern – Chad) (Obtaining or Retaining Business) .................................................................................. 3031

REQUEST NO. 21 Count Three: Violating the Foreign Corrupt Practices Act (Domestic Concern – Uganda) ............................................................................................................................ 3132

REQUEST NO. 22 Count Four: Violating the Foreign Corrupt Practices Act (While in the Territory of the United States – Chad) (The Indictment) .......................................................................... 3234

REQUEST NO. 23 Count Four: Violating the Foreign Corrupt Practices Act (While in the Territory of the United States – Chad) (Elements of the Offense) ........................................................... 3335

REQUEST NO. 24 Count Four: Violating the Foreign Corrupt Practices Act (While in the Territory of the United States – Chad) (Not a "Domestic Concern") ......................................................... 3537

REQUEST NO. 25 Count Four: Violating the Foreign Corrupt Practices Act (While in the Territory of the United States – Chad) (Act in Furtherance Within the Territory of the United States) ........... 3638

REQUEST NO. 26 Count Four: Violating the Foreign Corrupt Practices Act (While in the Territory of the United States – Chad) ("Corruptly" and "Willfully") ....................................................... 3739

REQUEST NO. 27 Count Four: Violating the Foreign Corrupt Practices Act (While in the Territory of the United States – Chad) (Promise or Authorization to Pay) .................................................. 3840

REQUEST NO. 28 Count Four: Violating the Foreign Corrupt Practices Act (While in the Territory of the United States – Chad) (Payment to Foreign Official) ....................................................... 3941

REQUEST NO. 29 Count Four: Violating the Foreign Corrupt Practices Act (While in the Territory of the United States – Chad) (Purpose of Payment) .................................................................. 4042

REQUEST NO. 30 Count Four: Violating the Foreign Corrupt Practices Act (While in the Territory of the United States – Chad) (Obtaining or Retaining Business) ............................................... 4143

REQUEST NO. 31 Count Five: Violating the Foreign Corrupt Practices Act (While in the Territory of the United States – Uganda) .......................................................................................... 4244

REQUEST NO. 32 Counts Two, Three, Four, and Five: Violating the Foreign Corrupt Practices Act (Solicitation of Bribe Not a Defense) .............................................................................. 4345

REQUEST NO. 33 Count Six: Conspiracy to Commit Money Laundering (The Indictment) ....... 4446

REQUEST NO. 33A Count Six: Conspiracy to Commit Money Laundering (First Element – Existence of an Unlawful Agreement) .............................................................................. 47

REQUEST NO. 33B Count Six: Conspiracy to Commit Money Laundering (Second Element – Knowing Participation in the Conspiracy) ....................................................................... 49

REQUEST NO. 34 Count Six: Conspiracy to Commit Money Laundering (Overt Act Need Not Be Proven) ........................................................................................................................ 4550

REQUEST NO. 35 Count Six: Conspiracy to Commit Money Laundering (Time of Conspiracy) 4651

REQUEST NO. 36 Count Six: Conspiracy to Commit Money Laundering (Objects of the Conspiracy) ...................................................................................................................................... 4752

REQUEST NO. 37 Count Seven: International Money Laundering (Chad) (Indictment and Statute) ......................................................................................................................................**48**53

REQUEST NO. 38 Count Seven: International Money Laundering (Chad) (Elements of the Offense) ......................................................................................................................................**49**54

REQUEST NO. 39 Count Seven: International Money Laundering (Chad) (First Element: Transportation of a Monetary Instrument or Funds to or from or through the United States)........**50**55

REQUEST NO. 40 Count Seven: International Money Laundering (Chad) (Second Element: Intent to Promote Specified Unlawful Activity) ..........................................................................**51**57

REQUEST NO. 41 Count Seven: International Money Laundering (Chad)   (Foreign Bribery Laws – Chad) ...................................................................................................................................**53**59

REQUEST NO. 42 Count Eight: International Money Laundering (Uganda) (Indictment and Statute) ......................................................................................................................................**57**60

REQUEST NO. 43 Count Eight: International Money Laundering (Uganda) (Elements of the Offense) ......................................................................................................................................**58**61

REQUEST NO. 44 Count Eight: International Money Laundering (Uganda) (First Element: Transportation of a Monetary Instrument or Funds to or from or through the United States)........**59**62

REQUEST NO. 45 Count Eight: International Money Laundering (Second Element: Intent to Promote Specified Unlawful Activity) .................................................................................**60**63

REQUEST NO. 46 Counts Six and Eight: International Money Laundering (Uganda) (Foreign Bribery Laws – Uganda)....................................................................................................**61**64

REQUEST NO. 47 Aiding and Abetting and/or Willfully Causing A Crime....................................65

REQUEST NO. 48 Venue ...........................................................................................................**69**71

REQUEST NO. 49 Conscious Avoidance ...................................................................................**70**73

REQUEST NO. 50 Variance in Dates and Amounts ...................................................................**72**75

REQUEST NO. 51 Lawfulness or Benefits of Acts or Goals No Defense ...................................**73**76

REQUEST NO. 52 Law Enforcement or Government Witnesses ................................................**75**77

REQUEST NO. 53 Non-Prosecution Agreements .......................................................................**76**78

REQUEST NO. 54 Preparation of Witnesses .............................................................................**78**79

REQUEST NO. 55 False Exculpatory Statements.......................................................................**79**80

REQUEST NO. 56 Similar Acts .................................................................................................**80**81

REQUEST NO. 57 Transcript of Recordings ..............................................................................**81**83

REQUEST NO. 58 Translations..................................................................................................**82**84

REQUEST NO. 59 Particular Investigative Techniques..............................................................**83**85

REQUEST NO. 60 Use of Evidence Obtained Pursuant to Searches and Seizures.....................**84**86

REQUEST NO. 61 Charts and Summaries: Admitted as Evidence .............................................**85**87

REQUEST NO. 62 Charts and Summaries: Not Admitted as Evidence.......................................86 88

REQUEST NO. 63 Stipulations of Testimony ........................................................................87 89

REQUEST NO. 64 Stipulations of Fact .................................................................................88 90

REQUEST NO. 65 Redaction of Evidentiary Items ..............................................................89 91

REQUEST NO. 66 Uncalled Witness: Equally Available To Both Sides ................................90 92

REQUEST NO. 67 Persons Not on Trial ...............................................................................91 93

REQUEST NO. 68 Character Witnesses.................................................................................92 94

REQUEST NO. 69 Defendant's Testimony............................................................................93 95

REQUEST NO. 70 Defendant's Right Not To Testify ............................................................94 96

REQUEST NO. 71 Improper Considerations: Race, Religion, National Origin, Sex, or Age .......95 97

REQUEST NO. 72 Expert Testimony.....................................................................................96 98

REQUEST NO. 73 Motive ....................................................................................................97 99

REQUEST NO. 74 Dual Intent No Defense ...........................................................................98 100

REQUEST NO. 75 Punishment is Not to Be Considered By the Jury........................................99 101

REQUEST NO. 76 Sympathy: Oath as Jurors .......................................................................100 102

CONCLUSION .....................................................................................................................101 103

## REQUEST NO. 1

## GENERAL REQUESTS

The ~~Government~~defendant respectfully requests that the Court give its usual instructions to

the jury on the following matters:

a.  Function of Court and Jury
b.  Jury's Recollection Governs
c.  Note-Taking by Jurors
d.  Duty to Base Verdict on Evidence
e.  Improper Considerations
f.  Statements of Court and Counsel Not Evidence
g.  Duty to Weigh Evidence Without Prejudice
h.  Government as a Party
i.  Indictment Not Evidence
j.  Burden of Proof
k.  Presumption of Innocence
l.  Reasonable Doubt
m.  Direct and Circumstantial Evidence
n.  Inferences
o.  Credibility of Witnesses
p.  Right to See Exhibits and Have Testimony Read During Deliberations

q.

## REQUEST NO. 2

## THE INDICTMENT

The defendant, CHI PING PATRICK HO, who is also known as Patrick C.P. Ho or He Zhiping, is formally charged in an Indictment.   As I have instructed you already, the Indictment is not evidence of a crime and is simply a way for the Government to present charges in this case. [Before you begin your deliberations, you will be provided a copy of the Indictment.]   I will not read the entire Indictment to you at this time.   Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each offense.

The Indictment contains eight counts against the defendant.   I am briefly going to summarize each count, and then will give you the law in greater detail.

Count One alleges that the defendant, together with others known and unknown, engaged in a criminal conspiracy, or agreement, to violate the Foreign Corrupt Practices Act (or "FCPA").

Counts Two, Three, Four, and Five each allege that the defendant violated the Foreign Corrupt Practices Act.

Count Six alleges that the defendant, together with others known and unknown, engaged in a criminal conspiracy, or agreement, to commit money laundering.

Counts Seven and Eight each allege that the defendant committed the crime of money laundering.

The defendant has denied that he is guilty of these charges.[1]

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 3-1; 3-2

---

[1] Sand *et al., Modern Federal Jury Instructions*, 3-2.

## REQUEST NO. 3

### Count One: Conspiracy to Violate the Foreign Corrupt Practices Act

### The Indictment and the Statute

As I said, Count One of the Indictment charges the defendant with participating in a conspiracy to violate the Foreign Corrupt Practices Act or "FCPA."

The relevant statute on ~~this subject~~conspiracy[2] provides:

> If two or more persons conspire . . . to commit any offense against the United States . . . , and one or more of such persons do any act to effect the object of the conspiracy, each [is guilty of an offense against the United States].

Sand *et al.*, *Modern Federal Jury Instructions*, 19-1.

---

[2] The defendant proposes replacing "this subject" with "conspiracy."  "This subject" is ambiguous because it could mean either "a conspiracy" or "the Foreign Corrupt Practices Act."

**REQUEST NO. 4**

**Count One: Conspiracy to Violate the Foreign Corrupt Practices Act**

**Purpose of the Statute; Distinct From Substantive Offense**

As I said, Count One charges a conspiracy to violate the Foreign Corrupt Practices Act or FCPA.   A conspiracy is a kind of criminal partnership – a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy – or unlawful combination or agreement – to violate the Foreign Corrupt Practices Act, as charged in Count One of the Indictment, is an independent offense. That is, a conspiracy is separate and distinct from the actual violation of any specific federal laws. The actual violation of any specific federal laws is referred to as a "substantive crime."   Counts Two through Five, which I will discuss in a few moments, charge the defendant with "substantive" violations of the FCPA.   But Count One charges him only with conspiring, or agreeing, to violate the FCPA.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the object, or goal, of the conspiracy is not achieved.   This is because collective criminal activity is believed to pose a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

[3]

Here, the defendant is charged both with conspiracy to violate the FCPA and with the substantive crimes of violating the FCPA.   Given that a conspiracy and a substantive crime are

---

[3] The defense would object to this passage, as it is inflammatory and unnecessary to the charge.

distinct and independent offenses, you[4]You may find the defendant guilty of the crime of conspiracy— even if you find that he never actually committed any of the substantive crimes that were the objects, or goals, of the conspiracy.   By the same token, you canmay find the defendant guilty of committing the substantive crime or crimes with which he is charged, hereof violating the FCPA, even if you find him not guilty of conspiracy to violate the FCPA.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 19-2.

---

[4] This passage is duplicative.

**REQUEST NO. 5**

**Count One: Conspiracy To Violate the Foreign Corrupt Practices Act**

**Elements of Conspiracy**

In order to sustain its burden of proof with respect to the conspiracy charged in Count One, the Government must prove beyond a reasonable doubt the following three things, which we call the elements:

First, the existence of the conspiracy charged in the indictment, that is, an agreement or understanding by two or more persons to violate certain laws of the United States;the Foreign Corrupt Practices Act;[5]

Second, that the defendant knowingly and willfully became a member of the conspiracy charged; and.   That is, he knowingly participated in the conspiracy to violate the Foreign Corrupt Practices Act with knowledge of the conspiracy's objects and with intent to further the aims of the conspiracy.[6]

Third, that during the life of the conspiracy, any one of the conspirators – that is, the defendant or any other member of the conspiracy – knowingly committed at least one overt act duringin furtherance of the lifeobjects of the conspiracy.[7]

---

[5] Sand *et al.*, *Modern Federal Jury Instructions*, 19-3 (requiring proof that "two or more persons" entered into the "unlawful agreement charged in the indictment").

[6] *United States v. Maldonado-Rivera*, 922 F.2d 934, 961 (2d Cir. 1990) (defining the second element as requiring "the Defendant knowingly participated in *this* conspiracy with the intent to commit the offenses that were the object of the conspiracy").

[7] Sand *et al.*, *Modern Federal Jury Instructions*, 19-2 (requiring proof that the overt acts "were committed to further some objective of the conspiracy"); *United States v. Maldonado-Rivera*, 922

Now let us separately consider the three elements.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 19-2; the charge of the Hon. Shira A. Scheindlin in *United States v. Preldakaj and Collazo*, 08 Cr. 1054 (SAS) (S.D.N.Y. 2010); *see United States v. Maldonado-Rivera*, 922 F.2d 934, 961-62 (2d Cir. 1990) (quoting district court charge setting forth three elements of conspiracy); *United States v. Ciambrone*, 787 F.2d 799, 810 (2d Cir. 1986) (discussing elements of conspiracy).

---

F.2d 934, 961 (2d Cir. 1990) (defining the third element as an overt act "in furtherance of the objectives of the conspiracy"); *see also United States v. Ciambrone*, 787 F.2d 799, 810 (2d Cir. 1986) (defining the third element as an overt act knowingly committed "in an effort to accomplish some object or purpose of the conspiracy").

**REQUEST NO. 6**

**Count One: Conspiracy to Violate the Foreign Corrupt Practices Act**

**First Element: Existence of the Conspiracy**

~~Starting with the~~The first element~~, what is a~~ that the government must prove beyond a reasonable doubt is the existence of the conspiracy~~?~~.   As I mentioned just a few minutes ago, a conspiracy is a combination, an agreement, or an understanding, between two or more people to accomplish by joint action a criminal or unlawful purpose.   The Indictment charges that the defendant and at least one other person agreed to violate the Foreign Corrupt Practices Act or FCPA.

~~The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement of two or more people to violate the law.   As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required for a conspiracy to have existed.The conspiracy alleged here in Count One, therefore, is an *agreement* to violate the FCPA.~~   As I instructed you before, it is an entirely distinct and separate offense from the substantive crime of violating the FCPA charged in Counts Two, Three, Four, and Five.

Now, to prove a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details.   You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the Government must prove is that there was a mutual understanding, either spoken or

unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

~~It is rare that a conspiracy can be proven by direct evidence of an explicit agreement. Rather, in~~In determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions and conduct of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose.  The old adage, "actions speak louder than words," applies here.  ~~Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators.~~  When taken all together and considered as a whole, ~~however, those~~ acts and conduct may warrant the inference that a conspiracy existed ~~just as conclusively as more direct proof, such as evidence of an express agreement~~.

So, you must first determine whether or not the evidence established beyond a reasonable doubt the existence of the conspiracy charged in the Indictment.  ~~In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from them.~~  It is sufficient to establish the existence of the conspiracy ~~as I have already said, if, from the proof of all the relevant facts and circumstances~~, if you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way to accomplish, by the means alleged, at least one object of the conspiracy.

**Objects of the Conspiracy – Violating the FCPA**

The objects of a conspiracy are the illegal goal or goals the co-conspirators agree or hope to achieve.   The two objects of the conspiracy charged in Count One are:

(i) ~~violating~~For the defendant to effect a violation of the FCPA ~~as~~by being an officer, director, employee, or agent of a "domestic concern" (which is a term I will define in a moment) ~~by~~and in that capacity offering to pay, paying, promising to pay, or authorizing the payment of money or anything of value to ~~a foreign official, here, any or all of the following individuals, among others~~ the President of Chad, the Foreign Minister of Uganda, or the President of Uganda--for certain specified business purposes, which I will explain further; and

(ii) ~~violating~~For the defendant to effect a violation of the FCPA by, while in the territory of the United States ~~by,~~ offering to pay, paying, promising to pay, or authorizing the payment of money or anything of value to ~~any or all of the following individuals, among others~~ the President of Chad, the Foreign Minister of Uganda, or the President of Uganda--again, for certain specified business purposes, which I will explain further.

I will give you more detailed instructions regarding the elements for each object of the conspiracy when I explain Counts Two, Three, Four, and Five, which pertain to the substantive crimes of violating the Foreign Corrupt Practices Act.

In considering the two alleged objects of the conspiracy, you should keep in mind that you need not find that the conspirators agreed to accomplish ~~each one~~both of these ~~two~~ objects ~~or goals.   Instead,~~; an agreement to accomplish either ~~one of the two objects~~ is sufficient.   However, you must all agree on the specific object or objects the conspirators agreed ~~to try~~ to accomplish, and you may find that they agreed ~~to try~~ to accomplish more than one.

10

If the Government fails to prove that ~~any~~either of the two objects ~~set forth in the Indictment~~I have just described was an object of the alleged conspiracy, then you must find the defendant not guilty on the conspiracy count.  However, if you find that two or more persons agreed to accomplish at least one of the objects ~~charged in the Indictment~~I have described, the illegal purpose element will be satisfied regardless of whether or not that object was in fact accomplished~~, that is, regardless of whether the goal succeeded~~.[8]

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 19-4, 36-9-20; the charge of the Hon. Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (S.D.N.Y. 2008), the charge of the Hon. Barbara S. Jones *in United States v. Weissman*, 01 Cr. 529 (BSJ), and Sand *et al.*, *Modern Federal Jury Instructions*, 19-4; *see United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The coconspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); *United States v. Montour*, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators.  Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal") (citations omitted); *United States v. Rubin*, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

---

[8] The defense believes that its proposal is simpler and will be more intelligible to the jury.

**REQUEST NO. 7**

**Count One: Conspiracy to Violate the Foreign Corrupt Practices Act**

**Second Element: Membership in the Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, then you must next determine the second question: Whether the defendant participated in the conspiracy with knowledge of its unlawful purpose or purposes and in furtherance of its unlawful objective or objectives.

In this regard, what the Government must prove beyond a reasonable doubt is that the defendant knowingly and willfully entered into the conspiracy and that the defendant agreed to take part in the conspiracy to promote and cooperate in one or both of its unlawful ~~objective or~~ objectives.

**"Knowingly" and "Willfully" Defined**

To act "knowingly" means to act intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness.

~~"Willfully~~To act "willfully" means to act ~~knowingly and purposely,~~with knowledge that one's conduct is unlawful and with ~~an~~the[9] intent to do something the law forbids, that it is to say, with a bad purpose either to disobey or disregard the law.   ~~However, the~~The Government need not prove that the defendant knew that he was breaking any *particular* law or any *particular* rule or

---

[9] This change is made to conform to the standard instruction.   Sand *et al., Modern Federal Jury Instructions*, 3A-3.

was aware of any particular law or particular rule.   The Government must only show that the defendant was aware ~~of the generally unlawful nature of~~that his acts were violating a law.

~~Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.   However, you have before you the evidence of certain acts, conversations, and statements alleged to involve the defendant and others.   The Government contends that these acts, conversations, and statements show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purpose of the conspiracy.~~ [10]

It is not necessary for the Government to show that the defendant was fully informed as to all of the details of the conspiracy in order for you to infer knowledge on his part.   To have guilty knowledge, the defendant need not have known the full extent of the conspiracy, or all of the activities of all its participants.   It is not even necessary that the defendant knew every other member of the conspiracy.   Nor is it necessary that the defendant received any monetary benefit from participating in the conspiracy, or had a financial stake in the outcome.   It is enough if the defendant participated in the conspiracy knowingly and willfully, as I have defined those terms.

The duration and extent of a defendant's participation in the alleged conspiracy has no bearing on the issue of the defendant's guilt.   A defendant need not have joined the conspiracy at the outset.   He may have joined it at any time – at the beginning, in the middle, or at the end.

---

[10] This paragraph is superfluous and states the government's position.

Each member of a conspiracy may perform separate and distinct acts.   Some conspirators play major roles, while others play minor roles.   An equal role is not what the law requires.   In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

However, I want to caution you, however, that a person's the defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly,[11] mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is occurring.

In other words, knowledge of a conspiracy, without agreement to participate in it, is not sufficient.   Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law.[12]   What is necessary is that the defendant participated in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, a defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking.   That defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

---

[11] This addition is made to conform to the standard instruction.   Sand *et al.*, *Modern Federal Jury Instructions*, 19-6.

[12] This addition is made to conform to the standard instruction.   Sand *et al.*, *Modern Federal Jury Instructions*, 19-6.

~~A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, he or she is presumed to continue membership in the venture until its termination, unless it is shown by some affirmative proof that the person withdrew and disassociated from the conspiracy.~~

[13]

Adapted from the charge of the Hon. Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (S.D.N.Y. 2008); and Sand *et al.*, *Modern Federal Jury Instructions*, 19-6, 3A-1, 3A-3; *see United States v. Aleskerova*, 300 F.3d 286, 292-93 (2d Cir. 2002) (describing manner in which Government may show participation in conspiracy with required state of mind); *United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence.  A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member."); *United States v. Miranda-Ortiz*, 926 F.2d 172, 175-76 (2d Cir. 1991) (generally discussing proof required to show membership in conspiracy); *United States v. Maldonado-Rivera*, 922 F.2d 934, 960 (2d Cir. 1990) (same).

---

[13] The defense submits that this paragraph is superfluous in the context of this case, and may be taken out.  We anticipate that there will be no argument about when any alleged conspiracy ended.

**REQUEST NO. 8**

**Count One: Conspiracy to Violate the Foreign Corrupt Practices Act**

**Third Element: Overt Act**

The third element is the requirement of an overt act.   To sustain its burden of proof with respect to the conspiracy charged in the Indictment, the Government must show beyond a reasonable doubt that at least one overt act was knowingly[14] committed in furtherance of that conspiracy by at least one of the co-conspirators — either the defendant or any other member of the conspiracy.   The defendant need not be the person who committed the act.

Count One of the Indictment contains a section that describes certain alleged "overt acts."

The Government does not need to prove any of the specific overt acts alleged in the Indictment.   You may find that overt acts were committed in furtherance of the conspiracy[15] that are not alleged in the Indictment.   Ultimately, the only requirement is that one of the members of the conspiracy, again, not necessarily the defendant, has knowingly and willfully[16] taken some step or action in furtherance of the conspiracy during the life of that conspiracy.

---

[14] This addition is made to conform to the standard instruction.   Sand *et al., Modern Federal Jury Instructions*, 19-7.

[15] Sand *et al., Modern Federal Jury Instructions*, 19-2 (requiring proof that the overt acts "were committed to further some objective of the conspiracy"); *United States v. Maldonado-Rivera*, 922 F.2d 934, 961 (2d Cir. 1990) (defining the third element as an overt act "in furtherance of the objectives of the conspiracy").

[16] This addition is made to conform to the standard instruction.   Sand *et al., Modern Federal Jury Instructions*, 19-8.

In other words, the overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.   The requirement of an overt act is a requirement that some action be taken during the life of the conspiracy by one of the co-conspirators in order to further that conspiracy.

You need not reach unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy; you just need to all agree that at least one overt act was so committed.

You should also bear in mind that the overt act, standing alone, may be an innocent, lawful act.   Frequently, however, an apparently innocent act loses its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.   You are therefore instructed that the overt act does *not* have to be an act that in and of itself is criminal or constitutes an objective of the conspiracy.

> Adapted from the charge of the Hon. Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (S.D.N.Y. 2008); and Sand *et al.*, *Modern Federal Jury Instructions*, 19-7-8; see *United States v. Kozeny*, 667 F.3d 122, 131-32 (2d Cir. 2011) ("the jury need not agree on a single overt act to sustain a conspiracy conviction"; "[T]he government may plead one set of overt acts in the indictment and prove a different set of overt acts at trial without prejudice to the defendant.   We conclude, therefore, that although proof of at least one overt act is necessary to prove an element of the crime, which overt act among multiple such acts supports proof of a conspiracy conviction is a brute fact and not itself element of the crime.   The jury need not reach unanimous agreement on which particular overt act was committed in furtherance of the conspiracy." (citation omitted)).

**REQUEST NO. 8A**

**Count One: Conspiracy to Violate the Foreign Corrupt Practices Act**

**Category of Persons**

To sustain its burden of proof with respect to the conspiracy charged in the Indictment, the Government also must show beyond a reasonable doubt that the defendant qualifies as the category of person who may be prosecuted for the substantive offense of the FCPA.

If you find that the government has not met its burden of proof beyond a reasonable doubt that the defendant was an agent of a domestic concern and was acting on behalf of that domestic concern in connection with the Chad Scheme, and if you also find that the government has not met its burden of proof beyond a reasonable doubt that the defendant committed any act in furtherance of the Chad Scheme while he was present in the United States, then you must find that he did not conspire to violate the FCPA by participating in the Chad Scheme, as the government alleges in Counts Two and Four.[17]

Likewise, if you find that the government has not met its burden of proof beyond a reasonable doubt that the defendant was an agent of a domestic concern and was acting on behalf of that domestic concern in connection with the Uganda Scheme, and if you also find that the defendant did not commit any act in furtherance of the Uganda Scheme while he was present in the

---

[17] *United States v. Hoskins*, 902 F.3d 69 (2d Cir. 2018).

United States, then you must find that he did not conspire to violate the FCPA through the Uganda

Scheme, as the government alleges in Counts Three and Five.[18]

---

[18] *Id.*

**REQUEST NO. 9**

**Count One: Conspiracy to Violate the Foreign Corrupt Practices Act**

**Time of Conspiracy**

The Indictment alleges that the conspiracy existed from at least in or about the fall of 2014 through in or about January 2017.   It is not essential that the Government prove that the alleged conspiracy started and ended on any specific dates.   The law only requires a substantial similarity, between the dates alleged in the indictment and the date established by testimony or exhibits.[19]

> Adapted from the charge of the Hon. Richard J. Sullivan in
> *United States v. Peirce*, 06 Cr. 1032 (S.D.N.Y. 2008); and
> Sand *et al.*, *Modern Federal Jury Instructions*, 3-12.

---

[19] Sand *et al.*, *Modern Federal Jury Instructions*, 3-12.

**REQUEST NO. 10**

**Count One: Conspiracy to Violate the Foreign Corrupt Practices Act**

**Conscious Avoidance**

[*If Applicable*]

As I explained, the Government is required to prove that the defendant acted ~~knowingly~~with knowledge of the unlawful purpose of the conspiracy.   In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious.   If you find beyond a reasonable doubt that the defendant acted with (*or* that the defendant's ignorance was solely and entirely the result of) a conscious purpose to avoid learning the truth, then this element may be satisfied.   However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish or mistaken.[20]

If you find that the defendant was aware of a high probability that an object of the conspiracy was to violate the law, but that the defendant acted with deliberate disregard of that fact, you may find that the defendant acted knowingly.   The law calls this "conscious avoidance" or "willful blindness."   However, if you find that the defendant actually believed that ~~he and his co-conspirators were acting in an entirely~~the purpose of the conspiracy was lawful ~~manner~~, he may not be convicted of the charge in Count One.

---

[20] Sand *et al., Modern Federal Jury Instructions*, 3A-2.

~~A person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he or she deliberately avoided learning explicitly what was obvious anyway, that person did not actually know the incriminating fact.~~

It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.[21] I want to be very clear about what this means and does not mean with respect to the conspiracy charged in Count One.

First, there is a difference between knowingly participating in the conspiracy and knowing the objects of the conspiracy.   "Conscious avoidance" or "willful blindness," as I have described it, cannot be used as a basis for finding that the defendant knowingly joined the conspiracy.   It is logically impossible for a defendant to intend and agree to join ~~the~~a conspiracy unless he or she knows the fact that the conspiracy exists.   However, if you find beyond a reasonable doubt that the defendant chose to participate in a joint undertaking, you may consider whether the defendant deliberately avoided confirming an otherwise obvious fact, that the purpose of the partnership he joined was to violate the law, here, the Foreign Corrupt Practices Act.

If you find beyond a reasonable doubt that the defendant was aware that there was a high probability that his co-conspirators' objective was to violate the law in a manner prohibited by the Foreign Corrupt Practices Act, but that the defendant deliberately avoided confirming this fact, you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge of

---

[21] The addition is made to conform to the standard instruction.   Sand *et al., Modern Federal Jury Instructions*, 3A-2.   The defense objects to the eliminated text as inappropriately skeptical of a defense of lack of knowledge.

the object of the charged conspiracy, unless you find that the defendant actually believed that the defendant and his co-conspirators were acting in an entirely lawful manner.

Again, the last point is important.   The necessary knowledge on the part of the defendant regarding the object of the conspiracy cannot be established by showing that the defendant was merely careless or negligent or stupid or foolish, or that he should have known what was going on. If the defendant actually believed that the conspiracy was about something else entirely, or if he was merely foolish, careless or even reckless about the risk that he was wrong, then you cannot find the defendant guilty.   Conscious avoidance can only be established where the defendant deliberately decided not to confirm a key fact, when it was obvious or highly probable that the fact was true.   One may not willfully and intentionally remain ignorant of important facts in order to escape the consequences of the criminal laws.

> Adapted from the charge given by the Hon. John F. Keenan in *United States v. Rohan Cameron*, 03 Cr. 1457 (JFK) (2004), and from Sand *et al.*, *Modern Federal Jury Instructions*, 3A-2.   "A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact."   *United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995) (citations and internal quotation marks omitted).   The Second Circuit has cautioned that "the prosecutor should request that the 'high probability' and 'actual belief' language be incorporated into every conscious avoidance charge."   *United States v. Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam) ("[K]nowledge of the existence of a particular fact is established (1)   if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist.").

**REQUEST NO. 11**

**Count One: Conspiracy to Violate the Foreign Corrupt Practices Act**

**Liability for Acts and Declarations of Co-Conspirators**

[*If Applicable*]

You will recall that I have admitted at this trial evidence of the acts and statements of other individuals because such acts were committed and such statements were made by a person who, the Government claims, was also a confederate or co-conspirator of the defendant.

The reason for allowing this evidence to be received against the defendant has to do, in part, with the nature of the crime of conspiracy. As I have said, a conspiracy is often referred to as a partnership in crime: as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by a person also found by you to have been a member of the same conspiracy may be considered against the defendant. This is so even if such acts were committed or such statements were made in the defendant's absence, and/or without his knowledge.

25

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of the defendant, you must first determine that the acts were committed or statements were made during the existence, and in furtherance, of the unlawful scheme.   If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the conspiracy, they may not be considered by you in deciding whether the defendant is guilty or not guilty.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 19-9 and the charge of the Hon. Michael B. Mukasey in *United States v. Stasinopoulos, et al.*, 98 Cr. 609 (S.D.N.Y. 2000).   *See United States v. Mastropieri*, 685 F.2d 776, 786-90 (2d Cir. 1982) (specifically mandating that juries not be invited to reconsider the admissibility of co-conspirator hearsay). [22]

---

[22] The defendant objects to this request in its entirety.   Although it largely comports with the form jury instruction, it does not appear to be applicable to this case.   In the first place, there is no need in this case for the Court to instruct the jury about the reason that it has allowed in statements of co-conspirators.   If the Court determines by a preponderance of the evidence that the statements at issue are those of conspirators acting on behalf of other conspirators, then the statements may be admitted, and the jury may consider them – but there is no reason for the jury to have the reasoning explained to them.   Similarly, there is no reason in this case to tell the jury that "the reasonably foreseeable acts   or statements of any member of a conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all members, and all of the members are responsible for such acts."   This appears to be some form of *Pinkerton* instruction, but we do not understand the government to be relying on a *Pinkerton* theory here.   Furthermore, the final paragraph pertains to conscious avoidance, which is covered in another instruction.

## REQUEST NO. 12

### Count Two: Violating the Foreign Corrupt Practices Act[123]
### (Domestic Concern - Chad)

### The Indictment

~~Count Two of the~~The Indictment charges the defendant with the ~~substantive~~ crime of violating the Foreign Corrupt Practices Act, or FCPA, four separate times.

The FCPA makes it a federal crime for certain individuals to offer to pay, pay, promise to pay, or authorize the payment of money or anything of value to a foreign official for one ~~of~~or more specified business purposes, which I will explain.

~~The Indictment charges four FCPA substantive counts.~~  Counts Two and Three charge the defendant based on his status as an alleged officer, director, employee, stockholder, or agent of a "domestic concern," which is a term I will define shortly, ~~or as a stockholder of a domestic concern~~ acting on behalf of such domestic concern.[24]  Count Two pertains to Chad and Count Three pertains to Uganda.

---

[123]    Except as otherwise indicated, the proposed instructions for Counts Two, Three, Four, and Five including all of the individual elements and definitions as set out in the next several pages, are adapted from *United States v. Bourke*, No. 05 Cr. 518 (SAS) (S.D.N.Y. Jul. 8, 2009), *aff'd sub nom. United States v. Kozeny*, 667 F.3d 122 (2d Cir. 2011); and *United States v. Esquenazi*, No. 09 Cr. 21010 (JEM) (S.D. Fla. Aug. 4, 2011), *aff'd*, 752 F.3d 912 (11th Cir. 2014).

[24] Although the language proposed by the government tracks the statute, it is ambiguous as written. The proposed change clarifies that the defendant may only be guilty if he was acting on behalf of the domestic concern.  *See United States v. Hoskins*, 902 F.3d 69, 85 (2d Cir. 2018) (describing the FCPA as providing jurisdiction over "agents, employees, officers, directors, and shareholders of most American companies, ***when they act on the company's behalf***" (emphasis added); *id.* at 104 (noting that the defendant "may be convicted under this indictment for violating the FCPA, if the government establishes that he functioned as the *agent* of the American company, rather than

Counts Four and Five, by contrast, charge the defendant based not on his alleged association with a "domestic concern," but rather, based on actions he is alleged to have taken within the territory of the United States.   Count Four pertains to Chad and Count Five pertains to Uganda.

I will begin by explaining the elements of Count Two – the charge which relates to Chad and charges the defendant based on his alleged association with a "domestic concern."

as one who directed the actions of the American company in the interests of its French parent company") (Lynch, J., concurring).

## REQUEST NO. 13

## Count Two: Violating the Foreign Corrupt Practices Act
## (Domestic Concern - Chad)

## Elements of the Offense

To meet its burden of proof as to Count Two, the Government must establish beyond a reasonable doubt each of the following seven elements:

First, at the relevant time or times, the defendant was an officer, director, employee, stockholder, or agent of a "domestic concern," ~~or a stockholder thereof~~ acting on behalf of such domestic concern;[25]

Second, the defendant acted corruptly and willfully;

Third, the defendant made use of or caused another to make use of the mails or any means or instrumentality of interstate commerce, such as email, in furtherance of the offense;

Fourth, the defendant offered, paid, promised to pay, or authorized the payment of money or a gift or of anything of value;

Fifth, that the offer, promise to pay, or authorization of the payment of money or a gift or anything of value was either (a) to a foreign official, or (b) to any other person or entity while the defendant knew that all or a portion of the payment would be offered, given, or promised, directly or indirectly, to a foreign official;

Sixth, that the payment was intended for any one of three purposes relevant to this action: (a) to influence any act or decision of a foreign official in his official capacity; (b) to induce such a

foreign official to do or omit to do any act in violation of the lawful duty of such foreign official; or (c) to secure any improper advantage; and

Seventh, the payment was made to assist the domestic concern in obtaining or retaining business for or with, or directing business to, any person or company.

---

[25] *See supra* note 24.

**REQUEST NO. 14**

**Count Two: Violating the Foreign Corrupt Practices Act**
**(Domestic Concern - Chad)**

**Definition of "Domestic Concern"**

The first element that the Government must prove beyond a reasonable doubt for Count Two is that the defendant was an officer, director, employee, stockholder, or agent of a domestic concern, or a stockholder thereof acting on behalf of such domestic concern.[26]

AInsofar as relevant here, a "domestic concern" is: (a) any individual who is a citizen, national, or resident of the United States; or (b)[27] any corporation, partnership, association, joint-stock company, business trust, unincorporated organization, or sole proprietorship that has its principal place of business in the United States, or that is organized under the laws of a State of the United States or a territory, possession, or commonwealth of the United States.

The words "officer," "director," and "employee" have their ordinary meanings.

An agent is a person who by express or implicit agreement with another person or entity, called the principal, undertakes to represent, or act on behalf of, the principal in performing some service for the principal. Joint participation in a partnership or joint venture, whether formal or informal, suffices to make each partner or joint venturer an agent of the others. , while subject to

---

[26] *See supra* note 24.

[27] The only individual domestic concern identified by the government in response to the defendant's request for a bill of particulars was Cheikh Gadio. We do not understand that the government will take the position that the defendant was an agent of Dr. Gadio. We therefore propose eliminating this clause as superfluous.

31

the control of the principal.[28]   An agent is acting within the scope of the agent's authority if the agent is engaged in the performance of duties that were expressly or implicitly assigned to the agent by the principal.

Proof of agency need not be in the form of a formal agreement between agent and principal; rather, it may be inferred circumstantially and from the words and actions of the parties involved.[2]

Joint participation in a partnership or joint venture, whether formal or informal, suffices to make each partner or joint venturer an agent of the others to the extent that the partner acts within the scope of and toward the common goal of the partnership.[29]

In order to find that this element has been satisfied, you must agree unanimously on the identity of the domestic concern on whose behalf the defendant was acting.[30]

---

[28] *See Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 522 (2d Cir. 2006).

[2]   *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 522 (2d Cir. 2006);[29] *See CutCo. Indus. v. Naughton*, 806 F.2d 361, 366 (2d Cir. 1986); *United States v. Russo*, 302 F.3d 37, 45 (2d Cir. 2002).

[30] The unanimity requirement in the last paragraph finds support in several cases.   *See Schad v. Arizona*, 501 U.S. 624, 651 (1991) ("We would not permit, for example, an indictment charging that the defendant assaulted either X on Tuesday or Y on Wednesday . . . .") (Scalia, J., concurring in the judgment); *United States v. Sharpsteen*, 913 F.2d 59, 62 (2d Cir. 1990) (jury must agree on the object of the conspiracy); *United States v. Stern*, No. 03 CR. 81 (MBM), 2003 WL 22743897, at *2 (S.D.N.Y. Nov. 20, 2003) (jury must agree on which statement was false).

**REQUEST NO. 15**

**Count Two: Violating the Foreign Corrupt Practices Act
(Domestic Concern - Chad)**

**"Corruptly" and "Willfully"**

The second element that the government must prove beyond a reasonable doubt for Count Two is that the defendant acted corruptly and willfully.

An act is "corruptly" done if it is done voluntarily and intentionally, and with a bad purpose or evil motive of accomplishing either an unlawful end or result, or a lawful end or result but by some unlawful method or means.   The term "corruptly" in the FCPA means that the offer, payment, or promise was intended to induce a foreign official to misuse his or her official position.

The term As I have explained previously, to act "willfully" means that the defendant committed the act voluntarily and purposefully, and to act with knowledge that his one's conduct was, in a general sense, is unlawful. and with the intent to do something the law forbids.[31]   That is, the defendant must have acted with a bad purpose to disobey or disregard the law.   The Government need not prove that the defendant was aware of the specific provision of the law that he is charged with violating or any other specific provision, but must prove that the defendant was aware that his conduct violated a law.

---

[31] *See supra* note 9.

## REQUEST NO. 16

### Count Two: Violating the Foreign Corrupt Practices Act
### (Domestic Concern - Chad)

### Use of the Mails or Instrumentality of Interstate Commerce

The third element that the Government must prove beyond a reasonable doubt for Count Two is that the defendant or someone acting at his direction or with his authorization made use of the mails or any means or instrumentality of interstate commerce, ~~such as email,~~ in furtherance of the offense.

The term "interstate commerce" means trade, commerce, transportation, or communication among the several States, or between any foreign country and any State ~~or between any State and any place outside thereof~~, and such term includes the intrastate use of ~~(a) a telephone or other means of communication, such as email, text message, or fax between States or between the United States and a foreign country, or a transfer of money by wire between States or between the United States and a foreign country or (b) any other~~any instrumentality of interstate commerce. An instrumentality ~~.   If such mechanisms as trade,~~ of interstate commerce is a form of transportation~~,~~ or communication ~~are utilized~~that is used by persons ~~and~~or goods passing ~~between~~among the various ~~States~~states or between the United States and a ~~a~~one or more foreign ~~country, they are such instrumentalities of interstate commerce~~countries.   I instruct you that, as a matter of law, ~~sending~~an international wire ~~transfers~~transfer through a U.S. bank ~~constitutes the use of~~is a means or instrumentality of interstate commerce.  So if you find that such a thing

occurred—and was done by the defendant or someone acting at his direction, in furtherance of the offense—you may find that this element has been proved.[32]

---

[32] The defense believes that its proposed instruction is clearer and is an accurate statement of the law.

## REQUEST NO. 17

## Count Two: Violating the Foreign Corrupt Practices Act
## (Domestic Concern - Chad)

## Promise or Authorization to Pay

As I previously told you, the fourth element that the Government must prove beyond a reasonable doubt for you to convict the defendant of violating the FCPA in Count Two is that the defendant offered, paid, promised to pay, or authorized the payment of money or a gift or anything of value.   A "thing of value" can take any form, whether cash, check, wire transfer, gift, donation, contribution, or anything else.

It is not required that the defendant provide or offer the thing of value himself. Rather, a defendant who engages in bribery of a foreign official indirectly through any other person or entity is liable under the FCPA, just as if the defendant had engaged in the bribery directly.  Thus, if[33] If you find that the defendant authorized another person to pay a bribe, that authorization alone is sufficient for you to find that this element has been proven.

Furthermore, it is not necessary that the payment actually take place.   Instead, it is the offer or the authorization that completes the crime.   You may find this element satisfied if you find that the defendant promised or authorized an unlawful payment, even if you believe that the

---

[33] The sentence that we would propose to strike is unnecessary and confusing insofar as it refers to engaging in bribery "directly or indirectly," and that is not clear.   The next sentence makes the point – that if the defendant authorized someone to make a bribe, then the defendant is liable for it.

payment was not actually made. ~~It is sufficient simply if the defendant believed that a bribe would be offered or paid and that he promised or authorized the offer or payment.~~[34]

---

[34] This simply repeats the prior two sentences.

## REQUEST NO. 18

### Count Two: Violating the Foreign Corrupt Practices Act
### (Domestic Concern - Chad)

### Payment or Offer to Foreign Official

The fifth element the Government must prove beyond a reasonable doubt for Count Two is that the offer to pay, payment, promise to pay, or authorization of payment was to a foreign official, or to any other person or entity, while the defendant knew that all or a portion of the payment or gift would be offered, given, or promised, directly or indirectly, to a foreign official. For purposes of Count Two, the alleged foreign official ~~includes~~is Idriss Déby, the President of Chad.

~~1.   **"Knowing" and "Knowledge" Defined**~~

~~For purposes of the FCPA, a person's state of mind is "knowing" with respect to conduct, a circumstance, or a result if (1) such person is aware that such person is engaging in such conduct, that such circumstance exists, or that such result is substantially certain to occur; or (2) such person has a firm belief that such circumstance exists or that such result is substantially certain to occur.~~

~~For purposes of the FCPA, a person is deemed to have knowledge of a circumstance if the evidence shows that he or she was aware of a high probability of the existence of such circumstance, unless he or she actually believes that such circumstance does not exist.~~

### ~~2.~~ [35]**"Foreign Official" Defined**

---

[35] These definitions are not relevant to Count Two, but are relevant to Count Three.   The defense proposes including them in connection with Count 3.   (See Request No. 21)

The term "foreign official" means any officer or employee of a foreign government, or any department or agency thereof, ~~or of a public international organization, such as the United Nations,~~ or any person acting in an official capacity for or on behalf of any such government, or department or agency thereof, ~~or for or on behalf of any such public international organization.~~[36]

---

[36] We propose omitting this text because it is not relevant in the context of this case.

**REQUEST NO. 19**

**Count Two: Violating the Foreign Corrupt Practices Act
(Domestic Concern - Chad)**

**Purpose of Payment or Offer**

The sixth element that the Government has to prove beyond a reasonable doubt is that the payment or offer was intended for any one of three purposes relevant to this action: (a) to influence any act or decision of a foreign official in his official capacity; (b) to induce such a foreign official to do or omit to do any act in violation of the lawful duty of such foreign official; or (c) to secure any improper advantage.

The Government need not prove that the offer to pay, payment, promise to pay, or authorization of payment was for all of these purposes.   If the Government proves that the offer to pay, payment, promise to pay, or authorization of payment was for any one of these purposes, or more than one, this element has been met.

**REQUEST NO. 20**

**Count Two: Violating the Foreign Corrupt Practices Act
(Domestic Concern - Chad)**

**Obtaining or Retaining Business**

The seventh and final element the Government must prove for Count Two is that the payment was made to assist the domestic concern in obtaining or retaining business for or with, or directing business to, any person or company.

It is not necessary for the Government to prove that any person or company actually obtained or retained any business ~~whatsoever~~ as a result of an unlawful offer, payment, promise, or gift, only that the defendant intended to assist the domestic concern in obtaining or retaining business for or with any person. ~~Moreover, the FCPA's prohibition of corrupt payments to assist in obtaining or retaining business is not limited to the obtaining or renewal of contracts or other business, but also includes corrupt payments related to the execution or performance of contracts or the carrying out of existing business.~~

[37]

---

[37] The eliminated text is not relevant in the context of this case, and for that reason, should be stricken.

41

**REQUEST NO. 21**

**Count Three: Violating the Foreign Corrupt Practices Act**

**(Domestic Concern - Uganda)**

Count Three charges the defendant with another substantive violation of the FCPA. Like Count Two, Count Three charges the defendant based on his alleged association with a "domestic concern."   That is, Count Three alleges that the defendant was an officer, director, employee, stockholder, or agent of a domestic concern, or a stockholder thereof acting on behalf of such domestic concern.[38]   Whereas Count Two pertained to Chad, Count Three pertains to Uganda.

To meet its burden of proof as to Count Three, just as with Count Two, the Government must establish beyond a reasonable doubt the seven elements I described previously.   The only difference is that, for what the Government must establish in connection with the fifth element of Count Three.   The fifth element that the Government must prove beyond a reasonable doubt is that the offer to pay, payment, promise to pay, or authorization of payment was to a foreign official, or to any other person or entity, while the defendant knew that all or a portion of the payment or gift would be offered, given or promised, directly or indirectly, to a foreign official.

For purposes of the FCPA, a person's state of mind is "knowing" with respect to conduct, a circumstance, or a result if (1) such person is aware that such person is engaging in such conduct, that such circumstance exists, or that such result is substantially certain to occur; or (2) such person

_____

[38] *See supra* note 24.

has a firm belief that such circumstance exists or that such result is substantially certain to occur. For purposes of the FCPA, a person is deemed to have knowledge of a circumstance if the evidence shows that he or she was aware of a high probability of the existence of such circumstance, unless he or she actually believes that such circumstance does not exist.[39]

For Count Three, the alleged foreign officials ~~include~~are Sam Kutesa, the Foreign Minister of Uganda, and/or ~~Moweri~~Yoweri Museveni, the President of Uganda.  The government has also introduced evidence that a payment was made to an entity, the Food Security and Sustainable Energy Foundation.  The government must establish beyond a reasonable doubt that the defendant knew that this alleged payment would be offered, given or promised, directly or indirectly, to a foreign official, specifically, to Mr. Kutesa and/or Mr. Museveni.

In order to find that this element has been satisfied, you must agree unanimously on the identity of the foreign official the defendant bribed or attempted to bribe.[40]

---

[39] *See supra* note 35.

[40] *See supra* note 30.

## REQUEST NO. 22

### Count Four: Violating the Foreign Corrupt Practices Act
### (While in the Territory of the United States - Chad)

### The Indictment

Counts Four and Five of the Indictment charge the defendant with substantive violations of the FCPA—Count Four pertains to Chad, and Count Five pertains to Uganda—but unlike Counts Two and Three, Counts Four and Five do not charge the defendant based on his alleged association with a "domestic concern."   Rather, they charge him based on actions alleged to have been taken by the defendant in the territory of the United States.   Specifically, Counts Four and Five allege that the defendant, while in the territory of the United States, corruptly[41] used the mails or any means or instrumentality of interstate commerce, or did any other act, in furtherance of an offer, payment, promise to pay, or authorization of the payment of any money, gift, anything of value to a foreign official, for one ~~of~~or more specified business purposes, which I described earlier and will discuss again in a moment.

---

[41] 15 U.S.C. § 78dd-3.

**REQUEST NO. 23**

**Count Four: Violating the Foreign Corrupt Practices Act**
**(While in the Territory of the United States - Chad)**

**Elements of the Offense**

To meet its burden of proof as to Count Four, the Government must establish beyond a reasonable doubt each of the following ~~six~~seven elements:

First, the defendant was not a domestic concern~~;~~, and was not an officer, director, employee, stockholder, or agent of a domestic concern;[42]

Second, the defendant, while in the territory of the United States, used the mails or any means or instrumentality of interstate commerce, or did any other act, in furtherance of a corrupt offer, payment, promise to pay, or authorization of the payment or money or a gift or anything of value;

Third, the defendant acted corruptly and willfully;

Fourth, the defendant offered, paid, promised to pay, or authorized the payment of money or a gift of anything of value;

Fifth, the payment or offer was to a foreign official or to any other person or entity, while the defendant knew that all or a portion of the payment or gift would be offered, given, or promised, directly or indirectly, to a foreign official;

---

[42] The defense has presented its position that 15 U.S.C. § 78dd-3 does not apply to officers, directors, employees, stockholders, or agents of domestic concerns.   While we recognize that the Court has rejected this argument, we respectfully continue to assert the objection so as not to waive it.

Sixth, that the payment or offer was intended for any one of three purposes relevant to this action: (a) to influence any act or decision of a foreign official in his or her official capacity; (b) to induce such a foreign official to do or omit to do any act in violation of the lawful duty of such foreign official; or (c) to secure any improper advantage; and

Seven, the payment was made to assist the defendant, in obtaining or retaining business for or with, or directing business to, any person or company.

As you can see, many of the same elements that apply to a violation of the FCPA based on a defendant's association with a "domestic concern" (Counts Two and Three) also apply to a violation committed based on a defendant's actions within the territory of the United States (Counts Four and Five).   The main differences are that, under Counts Four and Five, (i) the defendant must have engaged in any act in furtherance of a corrupt payment, offer, promise, or authorization to pay while in the territory of the United States, and (ii) there is no requirement that the defendant made use of the mails or any means or instrumentality of interstate commerce.

## REQUEST NO. 24

### Count Four: Violating the Foreign Corrupt Practices Act
### (While in the Territory of the United States - Chad)

### Not a "Domestic Concern"

The first element that the Government must prove beyond a reasonable doubt for Count Four is that the defendant was not ~~himself~~ a domestic concern~~.~~, and was not an officer, director, employee, stockholder, or agent of a domestic concern.[43]   That is, the Government must prove that the defendant was not himself a citizen, national, or resident of the United States at the time of the charged events.   The Government also must prove that the defendant ~~could still have been~~was not an officer, director, employee, ~~or agent of a domestic concern~~stockholder, or agent of any corporation, partnership, association, joint-stock company, business trust, unincorporated organization, or sole proprietorship that has its principal place of business in the United States, or that is organized under the laws of a State of the United States or a territory, possession, or commonwealth of the United States.

---

[43] *See supra* note 42.

**REQUEST NO. 25**

**Count Four: Violating the Foreign Corrupt Practices Act**
**(While in the Territory of the United States - Chad)**

**Act in Furtherance Within the Territory of the United States**

The second element that the Government must prove beyond a reasonable doubt for Count Four is that the defendant, while in the territory of the United States, made use of the mails or any means or instrumentality of interstate commerce, or did any other act, in furtherance of a corrupt payment or offer.   The territory of the United States includes the fifty states and the District of Columbia.

I explained earlier what it means to make use of the mails or any means or instrumentality of interstate commerce.   Bear in mind that unlike the "domestic concern" counts (Counts Two and Three), which require the Government to prove that the defendant made use of the mails or any means or instrumentality of interstate commerce, Counts Four and Five do not require such proof. Rather, under Counts Four and Five, it is sufficient if, so long as the Government proves that the defendant, while in the territory of the United States, took any an act (regardless of whether it involved the mails or any means or instrumentality of interstate commerce) in furtherance of a corrupt offer or payment.

**REQUEST NO. 26**

**Count Four: Violating the Foreign Corrupt Practices Act
(While in the Territory of the United States - Chad)**

**"Corruptly" and "Willfully"**

The third element that the Government must prove beyond a reasonable doubt for Count Four, just as with Counts Two and Three, is that the defendant acted corruptly and willfully.   I have previously defined these terms in connection with the FCPA statute and those definitions apply here.

**REQUEST NO. 27**

**Count Four: Violating the Foreign Corrupt Practices Act
(While in the Territory of the United States - Chad)**

**Promise or Authorization to Pay**

The fourth element that the Government must prove beyond a reasonable doubt for you to convict the defendant of violating the FCPA in Count Four is that the defendant offered, paid, promised to pay, or authorized the payment of money or a gift or anything of value, as I have already defined.

**REQUEST NO. 28**

**Count Four: Violating the Foreign Corrupt Practices Act
(While in the Territory of the United States - Chad)**

**Payment to Foreign Official**

The fifth element the Government must prove beyond a reasonable doubt for Count Four is that the offer to pay, payment, promise to pay, or authorization of payment was to a foreign official or to any other person or entity, while the defendant knew that all or a portion of the payment or gift would be offered, given, or promised, directly or indirectly, to a foreign official, as I have defined previously.   For purposes of Count Four, the alleged foreign official ~~includes~~is Idriss Déby, the President of Chad.

**REQUEST NO. 29**

**Count Four: Violating the Foreign Corrupt Practices Act
(While in the Territory of the United States - Chad)**

**Purpose of Payment**

The sixth element the Government must prove beyond a reasonable doubt for Count Four is that the offer to pay, payment, promise to pay, or authorization of payment was for one or more of the three purposes I outlined previously.

## REQUEST NO. 30

## Count Four: Violating the Foreign Corrupt Practices Act
## (While in the Territory of the United States - Chad)

## Obtaining or Retaining Business

The seventh and final element the Government must prove beyond a reasonable doubt for Count Four is that the payment was made to assist the defendant in obtaining or retaining business for or with, or directing business to, any person or company, as I have defined earlier.

As I said earlier, it is not necessary for the Government to prove that the any person or company actually obtained or retained any business whatsoever as a result of an unlawful offer, payment, promise, or gift, only that the defendant intended to assist in obtaining or retaining business for or with any person or company.

**REQUEST NO. 31**

**Count Five: Violating the Foreign Corrupt Practices Act
(While in the Territory of the United States - Uganda)**

Count Five charges the defendant with another substantive violation of the FCPA.   Like Count Four, Count Five charges the defendant based on actions taken within the territory of the United States.   That is, Count Five alleges that the defendant, while in the territory of the United States, did any act in furtherance of a corrupt offer, payment, promise to pay, or authorization of the payment of any money, gift, or thing of value to a foreign official.   Whereas Count Four pertained to Chad, Count Five pertains to Uganda.

To meet its burden of proof as to Count Five, just as with Count Four, the Government must establish beyond a reasonable doubt the seven elements I described previously.   The only difference is that, for Count Five, the alleged foreign officials include Sam Kutesa, the Foreign Minister of Uganda, and/or ~~Moweri~~Yoweri Museveni, the President of Uganda.

As I explained to you in connection with Court Three, in order to find that this element has been satisfied, you must agree unanimously on the identity of the foreign official the defendant bribed or attempted to bribe.[44]

_____

[44] *See supra* note 30.

**REQUEST NO. 32**

**Counts Two, Three, Four, and Five: Violating the Foreign Corrupt Practices Act**

**Solicitation of Bribe Not a Defense**

For each of the substantive FCPA counts -- Counts Two, Three Four, and Five -- it does not matter who suggested that a corrupt offer, payment, promise or gift be made.   The FCPA prohibits any corrupt offer or payment or gift, if made for one of the business purposes I described, regardless of who first suggested it.   It is not a defense if the offer or payment or gift was first suggested or requested by someone other than the defendant, or demanded on the part of a foreign official as a price for continuing to do business or other benefit, or that the business may have been harmed if the payment was not made.   ~~That the offer to pay, payment, promise to pay, or authorization of payment may have been first suggested by someone else, including the recipient, is not an excuse if you find that the defendant decided to offer or make a corrupt payment, nor does it alter the corrupt purpose with which the offer to pay, payment, promise to pay, or authorization of payment was made.~~[45]

> *See United States v. Kozeny*, 582 F. Supp. 2d 535, 540 (S.D.N.Y. 2008) ("Thus, while the FCPA would apply to a situation in which a 'payment [is] demanded on the part of a government official as a price for gaining entry into a market or to obtain a contract,' it would not apply to one in which payment is made to an official 'to keep an oil rig from being dynamited,' as example of 'true extortion.'   The reason is that in the former situation, the bribe payer cannot argue that he lacked the intent to bribe the official because he made the 'conscious decision' to pay the official.   In

---

[45]  This simply repeats what was said immediately above.   It can be eliminated to make the instructions briefer.

other words, in the first example, the payer could have turned his back and walked away – in the latter example, he could not.").

**REQUEST NO. 33**

**Count Six: Conspiracy to Commit Money Laundering[346]**

**The Indictment**

Count Six of the Indictment charges the defendant with conspiracy to commit money laundering from in or about the fall of 2014 through in or about January ~~2017, in violation of 18 United States Code, Section 1956(h).~~2017.   In order to satisfy its burden of proof, the Government must establish the following two elements beyond a reasonable doubt:

First, the existence of the conspiracy charged, that is, an agreement or understanding to ~~violate a certain law of the United States~~commit money laundering; and

Second, that the defendant knowingly and willfully became a member of the conspiracy ~~charged.~~with knowledge of the conspiracy's objects and with intent to further the aims of the conspiracy.[47]

I instructed you regarding these two elements in my instructions for Count One.   Those same instructions apply here, as do my instructions for Count One concerning liability for acts of co-conspirators [and conscious avoidance [*if applicable*]].

---

[346]   Except as otherwise indicated, the proposed instructions for Count Six are adapted from *United States v. Bourke*, No. 05 Cr. 518 (SAS) (S.D.N.Y. Jul. 8, 2009), *aff'd sub. nom United States v. Kozeny*, 667 F.3d 122 (2d Cir. 2011).

[47]        Adapted from Requests 5-7.

**REQUEST NO. 33A**

**Count Six: Conspiracy to Commit Money Laundering**

**First Element – Existence of an Unlawful Agreement**

The first element that the government must prove beyond a reasonable doubt is the existence of the conspiracy.

I have already instructed you on this element in connection with Count One.   You should apply the same instruction here.   The only difference is that, for Count Six, the government must prove beyond a reasonable doubt that the unlawful objective of the conspiracy was to commit money laundering in order to promote a "specified unlawful activity."   The defendant is charged with agreeing to promote two types of "specified unlawful activity" through money laundering. They are (a) the violations of the Foreign Corrupt Practices Act charged in Counts Two, Three, Four, and Five, and (b) the bribery of one or more foreign officials in violation of foreign law.   If the government fails to prove that that the objective of the conspiracy was to commit money laundering in order to promote one of these types of "specified unlawful activity," then you must find the defendant not guilty of Count Six.

I will give you more detailed instructions regarding the elements for money laundering when I explain Counts Seven and Eight, which pertain to the substantive crime money laundering.

As I explained in connection with Count One, you must agree on the specific object the conspirators agreed to accomplish.   If the government fails to prove that the defendant agreed to promote at least one of these types of "specified unlawful activity" through money laundering,

59

then you must find the defendant not guilty.   On the other hand, the government need not prove that the defendant agreed to promote each of the types of "specified unlawful activity."   It is sufficient for this element if you find beyond a reasonable doubt that the defendant agreed to promote one of them.   However, all twelve of you must agree on the "specified unlawful activity" that the defendant agreed to promote through money laundering.   If you cannot unanimously agree on one type of "specified unlawful activity," then you must find the defendant not guilty of Count Six.[48]

---

[48] Adapted from Sand, *Modern Federal Jury Instructions – Criminal,* Instr. 19-4 and Request No. 6.

**REQUEST NO. 33B**

**Count Six: Conspiracy to Commit Money Laundering**

**Second Element – Knowing Participation in the Conspiracy**

The second element that the government must prove beyond a reasonable doubt is that the defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful object.

I have already instructed you on this element in connection with Count One.   You should apply the same instruction here.

## REQUEST NO. 34

## Count Six: Conspiracy to Commit Money Laundering

## Overt Act Need Not Be Proven

As you heard me say a moment ago, there are only two elements of Count Six.   For this conspiracy count, unlike the conspiracy charged in Count One, you need not find that an overt act was committed by anyone in furtherance of the conspiracy.

> *See Whitfield v. United States*, 543 U.S. 209, 219 ("conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy").

**REQUEST NO. 35**

**Count Six: Conspiracy to Commit Money Laundering**

**Time of Conspiracy**

The Indictment alleges that the conspiracy existed from at least in or about the fall of 2014 through in or about January 2017.   As I said earlier with respect to Count One, it is not essential that the Government prove that the conspiracy alleged started and ended on any specific dates. The law only requires a substantial similarity, between the dates alleged in the indictment and the date established by testimony or exhibits.[49]

> Adapted from the charge of the Hon. Richard J. Sullivan in
> *United States v. Peirce*, 06 Cr. 1032 (S.D.N.Y. 2008); and
> Sand *et al.*, *Modern Federal Jury Instructions*, 3-12.

---

[49] Sand *et al.*, *Modern Federal Jury Instructions*, 3-12.

## REQUEST NO. 36

### Count Six: Conspiracy to Commit Money Laundering

### Objects of the Conspiracy

The Indictment alleges one object of the conspiracy charged in Count Six: to transport, transfer, or transmit money internationally with an intent to promote certain criminal offenses, in violation of 18 U.S.C. § 1956(a)(2)(A).   These objects are charged as substantive crimes in Count Seven and Count Eight, which I will explain next.

Remember, though, that as I said with respect to Count One, a conspiracy and the substantive crime are entirely distinct and independent offenses, and you may find the defendant guilty of the crime of conspiracy – even if you find that he never actually committed the substantive crimes that were the object of the conspiracy.   By the same token, you can find the defendant guilty of committing the substantive crimes, even if you find him not guilty of conspiracy.

**REQUEST NO. 37**

**Count Seven: International Money Laundering (Chad)**

**Indictment and the Statute**

Count Seven charges the defendant with the substantive crime of international money laundering, which as I explained, is also one of the objects of the conspiracy charge in Count Six. The international money laundering statute makes it a crime to transport, transfer, or transmit, or attempt to transport, transfer, or transmit, funds or monetary instruments to or from the United States, with an intent to promote certain other crimes, known as specified unlawful activity.

The relevant statute on this subject ~~is Title 18, United States Code, Section 1956(a)(2)(A), which reads as follows~~provides:

> Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States . . . with the intent to promote the carrying on of specified unlawful activity [shall be guilty of a crime].

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 50A-11.

**REQUEST NO. 38**

**Count Seven: International Money Laundering (Chad)**

**Elements of the Offense**

To prove the defendant guilty of international money laundering as to Count Seven, the Government must prove the following two elements beyond a reasonable doubt:

First, that the defendant transported or transferred or transmitted, (or attempted to transport or transfer or transmit,) a monetary instrument or funds from a place in the United States to or through a place outside the United States, (or to a place in the United States from or through a place outside the United States).[50]

Second, that the defendant did so with the intent to promote the carrying on of specified unlawful activity.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 50A-12.

---

[50] These changes are non-substantive and are intended to make the text clearer.

**REQUEST NO. 39**

**Count Seven: International Money Laundering (Chad)**

**First Element – Transportation of a Monetary Instrument or Funds
To or From or Through the United States**

The first element which the Government must prove beyond a reasonable doubt is that the defendant transported or transferred or transmitted, (or attempted to transport or transfer or transmit,) a monetary instrument or funds from a place in the United States to or through a place outside the United States (or to a place in the United States from or through a place outside the United States).

The term "monetary instrument" means coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, money orders, investment securities in bearer form or otherwise in such form that title thereto passes upon delivery, and negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

The term "funds" refers to money or negotiable paper which can be converted into currency.

"Transported" or "transferred" or "transmitted" are not words that require a definition; they have their ordinary, everyday meaning.   The Government need not prove that the defendant physically carried funds or monetary instrument in order to prove that he is responsible for transporting or transferring or ~~transmitted~~transmitting it.   All that is required is proof that the defendant caused the funds or monetary instrument to be transported or transferred or transmitted by another person or entity.

67

To satisfy this element, the government must also prove that the funds or monetary instruments were transported from somewhere in the United States to or through someplace outside the United States (or to someplace in the United States from or through someplace outside the United States).[51]

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 50A-13.

---

[51] Sand *et al.*, *Modern Federal Jury Instructions*, 50A-13.

**REQUEST NO. 40**

**Count Seven: International Money Laundering (Chad)**

**Second Element – Intent to Promote Specified Unlawful Activity**

The second element which the Government must prove beyond a reasonable doubt is that the defendant acted with intent to promote the carrying on of one or more crimes, referred to as specified unlawful activity.

I instruct you, as a matter of law, that, for this count, the term "specified unlawful activity" includes (i) ~~violations~~the "domestic concern" violation of the FCPA pertaining to Chad, as charged in ~~Counts~~Count Two ~~and Four~~; and (ii) bribery of foreign officials, in violation of one or more of the laws of ~~the~~ Chad.   It does not include the "acts within the United States" violation of the FCPA pertaining to Chad, as charged in Count Four.[52]

I have already explained to you the elements of the first specified unlawful activity – ~~violating~~the "domestic concern" violation of the Foreign Corrupt Practices Act.   Shortly, I will explain the elements of the second specific unlawful activity – bribery of foreign officials, in violation of the laws of the Chad.

To act intentionally means to act deliberately and purposefully, not by mistake or accident, with the purpose of promoting, facilitating or assisting the carrying on of (i) the "domestic

---

[52] The Money Laundering Statute, 1956(c)(6)(D), defines the relevant specified unlawful activity as: "any felony violation of the Foreign Corrupt Practices Act."   That provision has been unchanged since before 1998.   Section 15 U.S.C.§ 78dd-3 (which is the crime charged in Count Four), was enacted in 1998, and § 78dd-3 is therefore not a specified unlawful activity for purpose of the Money Laundering Statute.

concern" violations of the FCPA, or (ii) bribery of foreign officials, in violation of one or more of the laws of the Chad.   If you find that the defendant acted with the intention or deliberate purpose of promoting, facilitating, or assisting in the carrying on of ~~any or all~~either of these specified unlawful activities, then the ~~third element is satisfied.~~ second element is satisfied.   However, all twelve of you must agree on the "specified unlawful activity" that the defendant intended to promote.   If you cannot unanimously agree on one type of "specified unlawful activity," then you must find the defendant not guilty of Count Seven.

Keep in mind, though, that, as I have instructed earlier with respect to the FCPA, the Government need not prove that the defendant was aware of the specific provision of the law that he is charged with violating or any other specific provision, provided that he had knowledge that his conduct was, in a general sense, unlawful.   You also need not find that ~~these~~specified unlawful activities actually occurred, ~~but merely~~so long as you find that the defendant acted to promote, facilitate, or assist them ~~to occur~~.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 50A-14.

### REQUEST NO. 41

### Count Seven: International Money Laundering (Chad)

### Foreign Bribery Laws – Chad

As noted above, the second specified unlawful activity charged in Count Seven is bribery of foreign officials, in violation of the laws of Chad.   The laws of Chad outlaw bribery under certain circumstances.

Specifically, two statutes under the laws of Chad that prohibit bribery or attempted bribery of public officials are the Penal Code and Law No. 004/PR/2000 on Misappropriation of Public Property, Corruption, Extortion, Abuse of Power and Similar Offenses.   I am going to describe multiple of these statutes, but in considering Count Seven, you need not find that the defendant intended to promote a violation of all of them.   Rather, as I described previously, it is sufficient if you find that he acted with an intent to promote a violation of the FCPA, or a violation of one or more these laws of Chad, or both.

Article 229 of the Penal Code

In order for an individual or public official to be found to be in violation of Article 229 of the Penal Code, the following three elements must be proven:

First: the individual or public official solicited or authorized offers or promises to provide gifts or presents, or solicited or received gifts or presents.   A "public official" is an individual vested with an elective mandate, such as the President, a civil servant in the administrative, judicial, military or related branch, official or agent of a public administration or an administration

71

placed under the control of public power or a citizen in charge of a Ministry of public service in Chad.

Second: the individual or public official did so for the purpose of having a public official do an act or refrain from doing an act or acts.

Third: the act or acts was or were or would be in the performance of the public official's functions or employment as a public official of Chad.

## Article 231 of the Penal Code

In order for an individual to be found in violation of Article 231 of the Penal Code, the following three elements must be proven.

First: the individual offered, promised, made a gift to, or solicited a gift for a public official.  "Public official" has the same definition I previously provided.

Second: the individual did so for the purpose of having a public official do an act or refrain from doing an act or acts.

Third: the act or acts was or were or would not be part of his or her functions or employment as a public official in Chad but could have been facilitated by his or her position or service that he or she was providing.

## Article 44 of the Penal Code

Article 44 of the statute makes it illegal for anyone to attempt to commit a bribery offense. In order for an individual to be found in violation of Article 44 of the Penal Code, the following two elements have to be proven.

First: the individual attempted to commit an act of bribery of a public official under Article 229 or Article 231 or both.

Second: the individual acted intentionally.  "Intentionally" means done deliberately, and not by accident.

### Article 45 of the Penal Code

Article 45 of the statute makes it illegal for anyone to serve as an accomplice to a bribery offense.  In order for an individual to be found in violation of Article 45 of the Penal Code, the following two elements have to be proven.

First: the individual either (a) by contributions, promises, threats, abuse of power or authority, schemes or culpable contrivance, provoked such action or gave instructions to commit an act of bribery of a public official under Article 229 or Article 231 or both; or (b) aided in the commission of bribery of a public official under Article 229 or Article 231 or both.

Second: the individual acted knowingly.  "Knowingly" means consciously.

### Article 9 of Law No. 004/PR/2000 on Misappropriation of Public Property, Corruption, Extortion, Abuse of Power and Similar Offenses

In order for an individual to be found in violation of Article 9 of Chad's Law No. 004/PR/2000 on Misappropriation of Public Property, Corruption, Extortion, Abuse of Power and Similar Offenses, the following two elements have to be proven.

First: the individual promised, offered, gave, presented or accepted solicitations for a payment to a public official.  "Public official" has the same definition I previously provided.

Second: the individual did so in order to obtain the fulfillment, the deferment or the abstention of an act, a favor, or an advantage from the public official in his official capacity, whether or not the corruption was successful, *i.e.*, whether or not the official in fact undertook the act, favor, or advantage.

**Article 10 of Law No. 004/PR/2000 on Misappropriation of Public Property, Corruption, Extortion, Abuse of Power and Similar Offenses**

In order for an individual to be found in violation of Article 10 of Chad's Law No. 004/PR/2000 on Misappropriation of Public Property, Corruption, Extortion, Abuse of Power and Similar Offenses, the following two elements have to be proven.

First: an individual gave, promised or accepted a solicitation for a payment to a public official. "Public official" has the same definition I previously provided.

Second: the individual did so for the purpose of paying a public official for an accomplished or omitted act in his official capacity.

**Article 12 of Law No. 004/PR/2000 on Misappropriation of Public Property, Corruption, Extortion, Abuse of Power and Similar Offenses**

In order for an individual to be found in violation of Article 12 of Chad's Law No. 004/PR/2000 on Misappropriation of Public Property, Corruption, Extortion, Abuse of Power and Similar Offenses, the following two elements have to be proven.

First: a public official received, demanded or ordered to receive duties, taxes, contributions or public funds or salaries and money for themselves.   "Public official" has the same definition I previously provided.

Second: the public official knew that the duties, taxes, contributions or public funds or salaries and money was not due to them or exceeded what was due to them.

The defense's comments on this Request will be forthcoming.

## REQUEST NO. 42

## Count Eight: International Money Laundering (Uganda)

## Indictment and the Statute

Count Eight of the Indictment also charges the defendant with the substantive crime of international money laundering, which as I explained, is also an object of the conspiracy charge in Count Six.  Whereas Count Seven pertains to Chad, Count Eight pertains to Uganda.  I have previously defined the international money laundering statute and that definition applies here.

**REQUEST NO. 43**

**Count Eight: International Money Laundering (Uganda)**

**Elements of the Offense**

To prove the defendant guilty of money laundering as to Count Eight, just as to Count Seven, the Government must prove the following two elements beyond a reasonable doubt:

First, that the defendant transported or transferred or transmitted, (or attempted to transport or transfer or transmit,) a monetary instrument or funds from a place in the United States to or through a place outside the United States, (or to a place in the United States from or through a place outside the United States).

Second, that the defendant did so with the intent to promote the carrying on of specified unlawful activity.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 50A-12.

**REQUEST NO. 44**

**Count Eight: International Money Laundering (Uganda)**

**First Element – Transportation of a Monetary Instrument or Funds
To or From or Through the United States**

The first element which the Government must prove beyond a reasonable doubt is that the defendant transported or transferred or transmitted, (or attempted to transport or transfer or transmit), a monetary instrument or funds from a place in the United States to or through a place outside the United States (or to a place in the United States from or through a place outside the United States).

I have previously defined these terms in connection with the international money laundering statute and those definitions apply here.

**REQUEST NO. 45**

**Count Eight: International Money Laundering (Uganda)**

**Second Element – Intent to Promote Specified Unlawful Activity**

The second element which the Government must prove beyond a reasonable doubt is that the defendant acted with intent to promote the carrying on of specified unlawful activity, specifically; (i) ~~violations~~the "domestic concern" violation of the FCPA pertaining to Uganda, as charged in ~~Counts~~Count Three ~~and Five~~, and/or (ii) bribery of foreign officials, in violation of one or more of the laws of ~~the~~ Uganda.   It does not include the "acts within the United States" violation of the FCPA pertaining to Uganda, as charged in Count Five.[53]   I have already explained to you the elements of the first specified unlawful activity – ~~violating~~the "domestic concern" violation of the FCPA _–_ and I will soon explain the elements of the second specific unlawful activity~~—~~, bribery of foreign officials, in violation of one or more the laws of the Uganda.   As to acting intentionally, I have previously defined that term in connection with the international money laundering statute and that definition applies here.   As I have explained, all twelve of you

must agree on the "specified unlawful activity" that the defendant intended to promote.   If you cannot unanimously agree on one type of "specified unlawful activity," then you must find the defendant not guilty of Count Eight.

---

[53] *See supra* note 52.

**REQUEST NO. 46**

**Counts Six and Eight: International Money Laundering (Uganda)**

**Foreign Bribery Laws – Uganda**

As noted above, the second specified unlawful activity charged in Count Eight is bribery of foreign officials, in violation of one or more the laws of Uganda.   The laws of Uganda outlaw bribery under certain circumstances.

Under the laws of Uganda, the statute that prohibits bribery of public officials is the Anti Corruption Act 2009.   I am going to describe multiple provisions of that statute, but in considering Count Eight, you need not find that the defendant intended to promote a violation of all of them.   Rather, it is sufficient if you find that he acted with an intent to promote a violation of the FCPA, or a violation of one or more these laws of Uganda, or both.

Section 2(a) – Anti Corruption Act 2009

In Uganda, the Anti Corruption Act 2009 prohibits bribery involving public officials.   In order for an individual to be found in violation of Section 2(a) of Uganda's Anti Corruption Act, the following three elements have to be proven.

First: the individual was a public official.   A "public official" is an office holder who discharges any duty in the discharge of which the public are interested, such as the Foreign Minister or President.

Second: the individual directly or indirectly, solicited or accepted any goods of monetary value, or benefits, such as a gift, favor, promise, advantage or any other form of gratification for himself or herself or for another person or entity.   The term "gratification" includes any money or

any gift, loan, fee, reward, commission, valuable security or other property or interest in property of any description, whether movable or immovable.

Third: the individual did so in exchange for any act or omission in the performance of his or her public functions.

### Section 2(b) – Anti Corruption Act 2009

In order for an individual to be found in violation of Section 2(b) of Uganda's Anti Corruption Act, the following three elements have to be proven.

First: the individual offered or granted, directly or indirectly, any goods of monetary value, or other benefit, such as a gift, favor, promise or advantage or any other form of gratification for himself or herself or for another person or entity.

Second: the individual offered or granted the goods of monetary value, or other benefit, to a public official.  The term "public official" has the same meaning I previously provided.

Third: the offer or grant was in exchange for any act or omission by the public official in the performance of his or her public functions as a public official of Uganda.

### Section 2(e) – Anti Corruption Act 2009

In order for an individual to be found in violation of Section 2(e) of Uganda's Anti Corruption Act, the following element has to be proven.

The individual offered, gave, solicited or accepted, directly or indirectly, or promised any undue advantage to or by any person who asserts or confirms that he or she is able to exert any improper influence over the decision making of any person performing functions in the public or private sector in consideration of the undue advantage, whether the undue advantage is for himself

82

or herself or for any other person, whether or not the supposed influence leads to the intended result.

Section 2(g) – Anti Corruption Act 2009

In order for an individual to be found in violation of Section 2(g) of Uganda's Anti Corruption Act, the following element has to be proven.

The individual either (a) aided in the commission of an act of corruption under Sections 2(a) or 2(b) or both; or (b) attempted or conspired (that is, agreed with at least one other person) to commit that act of corruption under Sections 2(a) or (b) or both.

Section 5(a) – Anti Corruption Act 2009

In order for an individual to be found in violation of Section 5(a) of Uganda's Anti Corruption Act, the following two elements have to be proven.

First: the individual offered, conferred, gave or agreed to offer any gratification, directly or indirectly or through any other person, to a member of a public body. The term "public body" includes the Government of Uganda, any department, services or undertaking of the Government of Uganda, such as the Ministry of Foreign Affairs, as well as the Cabinet, Parliament, and any Court of Uganda. The term "gratification" includes any money or any gift, loan, fee, reward, commission, valuable security or other property or interest in property of any description, whether movable or immovable.

Second: the individual did so in exchange for (a) a vote or abstention from a vote, (b) performing or abstaining from performing the member of the public body's duty as it regards an official act, and/or (c) aid in procuring or preventing the passing of any vote or the granting of any

83

contract or advantage in favor of any person.   An "official act" is an act taken in the performance of a public official's public functions.

### Section 5(b)—Anti Corruption Act 2009

In order for an individual to be found in violation of Section 5(b) of Uganda's Anti Corruption Act, the following two elements have to be proven.

First: the member of the public body, directly or indirectly, solicited or accepted any gratification for himself or herself or for any other person, by himself or herself, or through any other person.

Second: the member of the public body did so as an inducement or reward in exchange for (a) a vote or abstention from a vote, (b) performing or abstaining from performing the member of the public body's duty as it regards an official act, and/or (c) aid in procuring or preventing the passing of any vote or the granting of any contract or advantage in favor of any person. "Gratification" and "official act" have the same meaning I previously provided.

### Section 52—Anti Corruption Act

Section 52 of the Anti Corruption Act also prohibits attempts, preparations, abetments and criminal conspiracies under Section 5.   In order for an individual to be found in violation of Section 52(b) and (c) of the Anti Corruption Act, the following element has to be proven.

The individual either (a) aided in the commission of an act of corruption under the Anti Corruption Act Sections 5(a) or 5(b) or both; or (b) attempted or conspired (that is, agreed with at least one other person) to commit that act of corruption under Sections 5(a) or 5(b) or both.

The defense's comments on this Request will be forthcoming.

**REQUEST NO. 47**

**AIDING AND ABETTING AND/OR WILLFULLY CAUSING A CRIME**

In addition to charging the defendant with violating the FCPA and money laundering, Counts Two, Three, Four, Five, Seven, and Eight of the Indictment (that is, all counts except the conspiracy counts) also charge that the defendant "aided and abetted" and/or "willfully caused" another person to commit each of these crimes.   I will take each of those concepts – aiding and abetting and willfully causing a crime – in turn.

### Aiding and Abetting

The federal aiding and abetting statute provides that:

> Whoever commits an offense against the United States or aids,
> abets, counsels, commands, induces or procures its commission, is
> punishable as a principal.

Under this statute, it is not necessary for the Government to show that the defendant physically or personally committed each of the criminal violations with which he is charged in order for you to find him guilty.   Thus, if you do not find beyond a reasonable doubt that the defendant himself committed the crime charged, you may, under certain circumstances, still find the defendant guilty of that crime as an aider and abettor.

A defendant who aids and abets another in the commission of a crime is just as guilty of that offense as if the defendant committed it himself.   Accordingly, you may find the defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the crime.

85

As you can see, the first requirement is that another person has committed the crime charged.   No one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place.   But if you do find that a crime was committed, then you must consider whether the defendant aided and abetted the commission of the crime.

In order to aid and abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated himself in some way with the crime, and that the defendant willfully and knowingly did some act to help make the crime succeed.

To establish that the defendant knowingly associated himself with the crime, the government must establish, (1) with respect to Counts Two, Three, Four, and Five, that the defendant had a corrupt and willful intent to influence an act or decision of a foreign official, induce a foreign official to do or omit to do an act in violation of a lawful duty, or to secure and improper advantage, in order to obtain or retain business, and (2) with respect to Counts Seven and Eight, that the defendant intended to promote the carrying on of the specified unlawful activities that I have previously described.   To establish that the defendant participated in the commission of the crime, the government must prove that the defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.[54]

Participation in a crime is willful if action is taken voluntarily and intentionally, and with the specific intent to do something which the law forbids,[55] or, in the case of a failure to act, with

---

[54] Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 11-2.

[55] Sand *et al.*, *Modern Federal Jury Instructions*, 11-2.

the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting.   One who has no knowledge that a crime is being committed, or is about to be committed, but who inadvertently does something that aids in the commission of the crime is not an aider and abettor.   An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether the defendant aided and abetted the commission of the crimes with which he defendant is charged, ask yourself these questions:   Did the defendant participate in the crime charged as something he wished to bring about?   Did the defendant associate himself with the criminal venture knowingly and willfully?   Did the defendant seek, by his actions, to make the criminal venture succeed?

If the defendant did, then he is an aider and abettor, and therefore guilty of the offense.   If ~~the defendant did not,~~ your answer to any one of these questions is "no," then the defendant is not an aider and abettor~~.~~, and you must find him not guilty.[56]

With respect to Counts ~~2, 3, 4, and 5 – the substantive FCPA~~ 2 and 3 – the counts based on defendant's association with a "domestic concern" charges – in order to find that the defendant aided and abetted a violation of the FCPA, you must find that that the defendant ~~falls into one of~~

---

[56] Sand *et al.*, *Modern Federal Jury Instructions*, 11-2.

~~the categories covered by the statute; specifically, that the defendant (1) was~~was an officer, director, employee, stockholder, or agent of a domestic concern, acting on behalf of such domestic concern.   If the defendant fits within one of these categories, you need not find that the defendant himself corruptly offered, paid, promised to pay, or authorized the payment of money or a gift or of anything of value to a foreign official, so long as he willfully and knowingly aided and abetted someone else in committing the offense.   However, if you find that the defendant was not a domestic concern or an officer, director, employee, stockholder, or agent of a domestic concern, ~~or a stockholder thereof~~acting on behalf of such domestic concern, ~~or (2)~~then you must find that he is not guilty of aiding and abetting the substantive FCPA violations in Counts 2 and 3.[57]

With respect to Counts 4 and 5 – the counts based on the defendant's actions within the territory of the United States – in order to find that the defendant aided and abetted a violation of the FCPA, you must find that the defendant, was himself not a domestic concern~~, and~~ or an officer, director, employee, stockholder, or agent of a domestic concern, acting on behalf of such domestic concern, and that he took any act within the territory of the United States in furtherance of the offense.   If the defendant fits within ~~one of~~ these categories, you need not find that the defendant himself corruptly offered, paid, promised to pay, or authorized the payment of money or a gift or of anything of value to a foreign official, so long as he willfully and knowingly aided and abetted someone else in committing the offense.   However, if you find that the defendant did not commit any act in furtherance of the Chad Scheme or the Uganda Scheme while he was present in the

---

[57] *United States v. Hoskins*, 902 F.3d 69 (2d Cir. 2018).

United States, then you must find that he is not guilty of aiding and abetting the substantive FCPA

violations in Counts 4 and 5.[58]

**Willfully Causing a Crime**

I will now describe what it means to "willfully cause" another to commit a crime.   Federal

law provides that:

> Whoever willfully causes an act to be done which, if directly
> performed by him, would be an offense against the United States, is
> punishable as a principal.

What does the term "willfully caused" mean?   It does not mean that the defendant need

have physically or personally committed the crime or supervised or participated in the actual

criminal conduct charged in the Indictment.   The meaning of the term "willfully caused" can be

found in the answers to the following questions:

Did the defendant intend the crime to occur?

Did the defendant intentionally cause another person or persons to engage in the conduct

constituting the crime?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions

is "yes," then the defendant is guilty of the crime charged just as if the defendant himself had

actually committed it.

To prove the defendant guilty in this way, the Government need not prove that he acted

through a guilty person, that is, a defendant can be found liable even if he acted through someone

who is entirely innocent of the crimes charged in the Indictment.   However, again, as to the

---

[58] *Id.*

substantive FCPA counts – Counts Two, Three, Four, and Five – the defendant can only be found guilty of willfully causing an FCPA violation if you first conclude that he falls within ~~one of~~ the ~~two~~ categories covered by the statute.   That is, you may only find the defendant guilty of willfully causing a violation as to Counts Two and Three if you find that the defendant is a domestic concern or an officer, director, employee, stockholder, or agent of a domestic concern, acting on behalf of such domestic concern.   Likewise, you may only find the defendant guilty of willfully causing a violation as to Counts Four and Five if you find that the defendant committed an act in furtherance of the Chad Scheme or the Uganda Scheme while he was present in the United States.[59]

> Adapted from the charge of the Hon. Shira A. Scheindlin in *United States v. Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); and the Hon. Richard J. Sullivan in *United States v. Pierce*, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008); and from Sand *et al.*, *Modern Federal Jury Instructions*, 11-1, 11-2, and 11-3; *see United States v. Concepcion*, 983 F.2d 369, 383-84 (2d Cir. 1992) ("'an individual (with the necessary intent) may be held liable if he is a cause in fact of the criminal violation, even though the result which the law condemns is achieved through the actions of innocent intermediaries'" (citations omitted)); *United States v. Margiotta*, 688 F.2d 108, 131 (2d Cir. 1982) (defendant may be found guilty even if he acts through "innocent intermediaries" to "cause[] the commission of an indispensable element of the offense"); *United States v. Ordner*, 554 F.2d 24, 29 (2d Cir. 1977) (under the "willfully causes an act to be done" provision "the guilt or innocence of the intermediary is irrelevant"); *United States v. Jordan*, 927 F.2d 53, 55 (2d Cir. 1991) (jury properly instructed that defendant could be found guilty where the defendant caused government agent to ferry narcotics into the United States).

---

[59] *Id.*

**REQUEST NO. 48**

**VENUE**

In addition to all the elements of the charged crimes that I have described for you, you must decide ~~whether any act in furtherance of each~~for each of the charged crimes whether there is venue for that crime ~~occurred~~ within the Southern District of New York~~, referred to as a "venue."~~.

As to the first count, conspiracy to violate the FCPA, you must determine whether any overt act in furtherance of the conspiracy was committed by any of the coconspirators within the Southern District of New York.[60]

I have already explained to you what an "overt act" is. You are instructed that the Southern District of New York includes the following counties: The Bronx, Manhattan, or New York County, Dutchess, Orange, Putnam, Rockland, Sullivan, and Westchester Counties.   In addition, the Southern District of New York includes the water surrounding Long Island and Manhattan, as well as the air space above the district or the waters in the district.   ~~It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this district.~~

As to the remaining counts, you must determine, for each one, whether any of the "the act or acts constituting" the crime you are considering occurred in the Southern District of New

---

[60]    *United States v. Rutigliano*, 790 F.3d 389, 395-96 (2d Cir. 2015) (quoting *United States v. Geibel*, 369 F.3d 682, 696 (2d Cir. 2004) (internal quotation marks omitted)).

York.[61]  Venue is proper only where the acts constituting the offense—the crime's "essential conduct elements"—took place.[62]

I should note that on this issue, and this issue alone, the Government need not prove venue beyond a reasonable doubt but only by a mere preponderance of evidence.

Thus, ~~the Government has established its venue obligation if you conclude~~as to the first count, you must determine whether the government has borne its burden of proving that it is more likely than not that ~~any act in furtherance of the crimes charged in each count~~an overt act occurred in the Southern District of New York.

As to each of the remaining counts, you must determine whether the government has borne its burden of proving that it is more likely than not that any of the "act or acts constituting" the crime you are considering occurred in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement by a preponderance of evidence, then you must acquit the defendant you are considering of that charge because he has a right to be tried only in the district where venue is proper.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 3-11, and the charge of the Hon. Kimba M. Wood in *United States v. Frederick Catalano*, 12 Cr. 725 (S.D.N.Y. 2013). *See United States v. Rutigliano*, 790 F.3d 389 (2d Cir. 2015) (venue proper where wire in furtherance of scheme traveled through or over waters of Eastern District of New York, which are statutorily defined to be part of the Southern District); *United States v. Gonzalez*, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

---

[61]     *United States v. Tzolov*, 642 F.3d 314, 318 (2d Cir. 2011) (quoted in *Rutigliano, supra*).

[62]     *Id.* (citing *United States v. Rodriguez-Moreno*, 526 U.S. 275, 280 (1999)).

**REQUEST NO. 49**

**CONSCIOUS AVOIDANCE**
[*If Applicable*]

You have heard me talk previously about knowledge or what it means to act "knowing" that a certain thing was intended or would occur.

In determining whether a defendant has knowledge of a fact, you may consider whether that defendant deliberately closed his eyes to what otherwise would have been obvious. ~~As you all know, if a person is actually aware of a fact, then he knows that fact. But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that he~~If you find beyond a reasonable doubt that the defendant acted with (*or* that the defendant's ignorance was solely and entirely the result of) a conscious purpose to avoid learning the truth, then this element may be satisfied. However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish or mistaken.[63]

If you find that the defendant was aware of a high probability of ~~that fact, but intentionally avoided confirming that fact.~~the existence of a fact, and that the defendant acted with deliberate disregard of that fact, you may find that the defendant acted knowingly.[64] The law calls this "conscious avoidance" or "willful blindness." However, if you find that the defendant actually believed that the fact did not exist, he may not be convicted.[65] I described this earlier with respect

---

[63] Sand *et al.*, *Modern Federal Jury Instructions*, 3A-2.

[64] Sand *et al.*, *Modern Federal Jury Instructions*, 3A-2.

[65] Sand *et al.*, *Modern Federal Jury Instructions*, 3A-2.

to the objects of the conspiracy charged in Count One.   The same concept applies with respect to the defendant's knowledge of other facts.

~~In short, in determining whether the Government has proven beyond a reasonable doubt that a defendant had knowledge or acted "knowing" that a certain thing was intended or would occur, you may consider whether that~~ defendant deliberately closed his eyes to what would ~~otherwise have been obvious to him.   One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law.   And a person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he deliberately avoided learning explicitly what was obvious anyway, he did not actually know the incriminating fact.   Accordingly, if you find that the defendant was aware of a high probability of a fact, and that~~ defendant acted with deliberate disregard of ~~the facts, you may find that the defendant knew that fact.   However, if you find that the defendant actually believed that the fact was true, then you must not find that he knew that fact. You must also remember that guilty knowledge may not be established by demonstrating that a defendant was merely negligent, reckless, foolish, or mistaken.~~[66]

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 3A-2; the charge of the Hon. Richard J. Sullivan in *United States v. Wadman*, No. 08 Cr. 1295, and the charge of the Hon. John F. Keenan in *United States v. Rohan Cameron*, 03 Cr. 1457 (S.D.N.Y. 2004).
>
> "A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was

---

[66] This passage is repetitive of instructions already provided and does not appear to add anything.

aware of a high probability of the fact in dispute and consciously avoided confirming that fact." *United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995) (citations and internal quotation marks omitted). The Second Circuit has cautioned that "the prosecutor should request that the 'high probability' and 'actual belief' language be incorporated into every conscious avoidance charge." *United States v. Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam) ("[K]nowledge of the existence of a particular fact is established (1) if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist.").

**REQUEST NO. 50**

**VARIANCE IN DATES AND AMOUNTS**

You will note that the Indictment alleges that certain acts occurred on or about various dates or that a certain amount of money was involved.  It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date or that the amount of money involved was different.   The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence or the amounts alleged in the Indictment and the amounts established by the evidence.

If the indictment charges that acts occurred on a certain date or a certain amount of money was involved, and the testimony or exhibits indicate that, in fact, the acts occurred on a different date or a different amount of money was involved, it is for you to determine whether the difference is material.  If you find that the difference is material, then you must find the defendant not guilty.[67]

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 3-12 and 3-13.

---

[67] Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 3-13.

## REQUEST NO. 51

### Lawfulness or Benefits of Acts or Goals No Defense

[*If Applicable*]

With respect to all counts, if the government proves beyond a reasonable doubt that the defendant acted with corrupt intent, it is not a defense that ~~had there been no offer or giving of a corrupt payment or offer of payment, the Chadian public officials or Ugandan public officials might have performed the same act or acts, or that the actions taken~~ the actions performed by the Chadian public officials or the Ugandan public officials, or the acts that the defendant allegedly intended ~~to be taken by~~ them to perform, may have been desirable or beneficial to the public or to any particular country, or would not have harmed the public, or any particular country.   ~~Nor is it a defense that the actions taken by the Chadian public officials or Ugandan public officials as a result in whole or in part of the alleged bribes may have been only the first step in an otherwise lawful or proper process.   The laws in this case are not concerned with the results of an offer or giving of corrupt payments, but rather that such offers and payments not be made.~~

~~Adapted from the charge of the Hon. Loretta A. Preska in *United States v. Eric Stevenson*, 13 Cr. 151 (LAP).   *See United States v. Alfisi*, 308 F.3d 144, 151 (2d Cir. 2003)(a public official acts "corruptly" even where the official's actions were legally correct and benefitted the public) (citing *United States v. Manton*, 107 F.2d 834, 845 (2d Cir. 1939)); *see also City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 378 (1991) ("A mayor is guilty of accepting a bribe even if he would and should have taken, in the public interest, the same action for which the bribe was paid."); *United States v. Orenuga*, 430 F.3d 1158, 1165 (D.C. Cir. 2005) (proper to charge jury that "[i]t is not a defense to the crime of bribery that had there been no bribe, the public official might have lawfully and properly performed the same act" (internal quotation marks omitted)); *United States v. Quinn*, 359 F.3d 666, 675 (4th Cir. 2004) ("it does not matter whether the government official would~~

have to change his or her conduct to satisfy the payor's expectations"); *United States v. Lopez-Lukis*, 102 F.3d 1164, 1169 n.13 (11th Cir. 1997) (Sections 1341 and 1346 do not address the wisdom or results of legislative decision; rather, they concern the manner in which officials make their decisions.); *United States v. Jannotti,* 673 F.2d 578, 601 (3d Cir. 1982) ("it is neither material nor a defense to bribery that had there been no bribe, the [public official] might, on the available data, lawfully and properly have made the very recommendation that [the briber] wanted him to make" (internal quotation marks omitted)).In other words, if you determine that the defendant's behavior was criminal, it does not matter whether the behavior achieved or would have achieved socially beneficial consequences.[68]

---

[68] As amended, the instruction properly advises the jury that the fact that a bribe may have had good consequences or been intended to have such consequences is not a defense.

**REQUEST NO. 52**

**LAW ENFORCEMENT OR GOVERNMENT WITNESSES**
[*If Applicable*]

You have heard the testimony of law enforcement or other Government witnesses.   The fact that a witness may be employed as a law enforcement official or Government employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.[69]

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or Government witnesses, as it is with every other type of witness, and to give to that testimony ~~the~~whatever weight, if any, you find it deserves.[70]

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 7-16, and the charge of the Hon. Kimba M. Wood in *United States v. Juan Cespedes-Pena*, 14 Cr. 520 (S.D.N.Y. 2015).

---

[69] Sand *et al.*, *Modern Federal Jury Instructions*, 7-16.

[70] Sand *et al.*, *Modern Federal Jury Instructions*, 7-16.

**REQUEST NO. 53**

**NON-PROSECUTION AGREEMENTS**
[*If Applicable*]

You have heard the testimony of witness[es] who have ~~testified pursuant to non-prosecution agreements with the Government.~~ been promised that in exchange for testifying truthfully, completely, and fully, he will not be prosecuted for any crimes that he may have admitted either here in court or in interviews with the prosecutors.   This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the government.

~~Let me say a few things that you should consider during your deliberations on the subject of the testimony of these types of witnesses.~~

~~Experience will tell you that the Government sometimes must rely on the evidence of cooperators and other witnesses who have participated in crimes.   For those very reasons, the law allows the use of testimony from these types of witnesses.   Indeed, it is the law in federal courts that the testimony of even one such witness may be enough in itself for conviction, if the jury finds that the~~

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given.   Such witnesses may, of course, be truthful, and you are instructed that you may convict a defendant on the basis of such a witness' testimony alone, if you find that his testimony ~~establishes guilt~~proves the defendant guilty beyond a reasonable doubt. ~~The testimony of such witnesses is properly considered by the jury.~~

However, ~~because of the possible interest a witness with a non-prosecution agreement may have in testifying, the witness's testimony should be scrutinized with care and caution.   The fact~~

that a witness has a non-prosecution agreement can be considered by you as bearing upon his or her credibility. It does not follow, however, that simply because a person has participated in a crimes or has entered into such an agreement, he is incapable of telling the truth, and it is no concern of yours why the Government made an agreement with the witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you. the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

In evaluating the testimony of such witnesses, you should ask yourselves whether the witness would benefit more by lying, or by telling the truth. Was his or her testimony made up in any way because he or she believed or hoped that he or she would somehow receive favorable treatment by testifying falsely? Or did he or she believe that his or her interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him or her to lie, or was it one that would cause him or her to tell the truth? Did this motivation color his or her testimony?

If you find that the testimony was false, you should reject it. However, if, after a cautious and careful examination of the witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still

may accept his or her testimony in other parts, or may disregard all of it.   That is a determination entirely for you, the jury.

Additionally, I must caution you again that it is no concern of yours why the Government made an agreement with a witness.   Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

> Adapted from the charge of the Hon. Kimba M. Wood *in United States v. Catalano*, 12 Cr. 725 (KMW), and the charge of the Hon. Richard J. Sullivan in *United States v. Khalif Phillips*, 13 Cr. 723 (RJS) and *United States v. Adony Nina, et al.*, 13 Cr. 322 (RJS); see Sand *et al.*, *Modern Federal Jury Instructions*, 7-5, 7-9; *United States v. Ramirez*, 973 F.2d 102, 104-06 (2d Cir. 1992); *see also United States v. Gleason*, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted); *United States v. Cheung Kin Ping*, 555 F.2d 1069, 1073 (2d Cir. 1977) (same).

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.[71]

---

[71] This proposed instruction, unlike the government's, tracks Sand's model instruction, *see*   Sand, et al., *Modern Federal Jury Instructions* 7-9, except that it is amended to include the point (as directed by the Second Circuit in *United States v. Gleason*, 616 F.2d 2, 15 (2d Cir. 1979)) that a cooperating witness may be truthful.

## REQUEST NO. 54

## PREPARATION OF WITNESSES
[*If Applicable*]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.   Such consultation helps conserve your time and the Court's time. Indeed, it would be unusual and surprising for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Hon. Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008).

## REQUEST NO. 55

## FALSE EXCULPATORY STATEMENTS
[If Applicable]

You have heard testimony that the defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt.   The Government claims that these statements in which the defendant attempted to exculpate himself are false.   If you find that the defendant gave a false statement in order to divert suspicion from himself, you may, but are not required to,[72] infer that the defendant believed that he was guilty.   You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence of the defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 6-11.

---

[72] Sand *et al., Modern Federal Jury Instructions*, 6-11.

**REQUEST NO. 56**

**SIMILAR ACTS**
[If Applicable]

There has been evidence received during the trial that the defendant engaged in conduct which was alleged to be similar in nature to certain of the conduct charged in the Indictment.

Let me remind you that the defendant is on trial only for committing the acts alleged in the Indictment.   Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crimes charged.   Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.   This other-act evidence was admitted for a more limited purpose, namely, as potential evidence of the defendant's motive, opportunity, intent, knowledge, plan, and/or absence of mistake, and to provide background for the alleged conspiracy or conspiracies, and you may consider it for those purposes only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

However, the evidence of similar conduct is to be considered by you only on the issues of motive, opportunity, intent, knowledge, plan, and/or absence of mistake.   It may not be considered by you for any other purpose.   Specifically, you may not consider it as evidence that because the defendant committed the other act he must also have committed the acts charged in the

indictment.[73]   Likewise, you may not consider it as evidence that the defendant is of bad character

or has a propensity to commit crimes.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-25, 5-26.

---

[73] Sand *et al.*, *Modern Federal Jury Instructions*, 5-25.

## REQUEST NO. 57

## TRANSCRIPTS OF RECORDINGS
[If Applicable]

The Government has been permitted to hand out a typed document which it prepared containing the Government's interpretation of what appears on the recordings which have been received as evidence.   Those were given to you only as an aid or guide to assist you in listening to the recordings.   However, they are not in and of themselves evidence.[74]   That is why I advised you to listen very carefully to the recordings themselves when they were played in court.   You alone should make your own interpretation of what appears on the recordings based on what you heard.   If you think you heard something differently than appeared on the transcript then what you heard is controlling.   You, the jury, are the sole judge of the facts.[75]

Certain redactions, or deletions, were made from the transcripts of the recordings.   You should draw no adverse inference against either party as a result of these redactions, nor should you speculate on what may have been redacted.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-9.

---

[74] Sand *et al.*, *Modern Federal Jury Instructions*, 5-9.

[75] Sand *et al.*, *Modern Federal Jury Instructions*, 5-9.

**REQUEST NO. 58**

**TRANSLATIONS**

You have been presented with English translations of certain pieces of evidence that were originally in Chinese and/or French.   I instruct you that it is the English translations of these items that are the evidence.   I emphasize to you that even if you understand Chinese or French, it is still the English translation that is the evidence.   The original Chinese or French words ~~does~~do not constitute evidence.

**REQUEST NO. 59**

**PARTICULAR INVESTIGATIVE TECHNIQUES**
[If Applicable]

You have heard reference, in the arguments or questions of defense counsel in this case, to the fact that certain investigative techniques were or were not used by law enforcement authorities. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty.[76] There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means. While you are to carefully consider the evidence presented, you need not speculate as to why law enforcement used the techniques they did, or why they did not use other techniques. ~~The Government is not on trial and law~~Law enforcement techniques are not your concern.[77]

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 4-4, and the charge of the Hon. Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 (S.D.N.Y. 2015).

---

[76] Sand *et al.*, *Modern Federal Jury Instructions*, 4-4.

[77] Sand *et al.*, *Modern Federal Jury Instructions*, 4-4.

**REQUEST NO. 60**

**USE OF EVIDENCE OBTAINED PURSUANT TO SEARCHES AND SEIZURES**
[If Applicable]

You have heard testimony about evidence seized in connection with certain searches or seizures conducted by law enforcement officers.  Evidence obtained from these searches and seizures was properly admitted in this case, and may be properly considered by you.  ~~Such searches and seizures were entirely appropriate law enforcement actions.~~  Whether you approve or disapprove of how evidence was obtained should not enter into your deliberations~~, because I instruct you that the Government's use of the evidence is entirely lawful~~.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.

From the charge of the Hon. Katherine B. Forrest in *United States v. Levin*, 15 Cr. 101 (KBF).

## REQUEST NO. 61

## CHARTS AND SUMMARIES: ADMITTED AS EVIDENCE
[If Applicable]

Some of the exhibits that were admitted into evidence were in the form of charts and summaries.   I decided to admit these charts in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.   You should consider these charts and summaries as you would any other evidence.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-12.

## REQUEST NO. 62

## CHARTS AND SUMMARIES: NOT ADMITTED AS EVIDENCE
[If Applicable]

There have also been a number of summary charts and exhibits introduced merely as a summaries or analyses of testimony and documents in the case.   The charts and exhibits act as visual aids for you.   They are not, however, evidence in themselves.   They are graphic demonstrations of underlying evidence.   It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts.   To the extent that the charts conform to what you determine the underlying facts to be, you should accept them.   To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-13, and the charge of the Hon. Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008).

## REQUEST NO. 63

## STIPULATIONS OF TESTIMONY
[If Applicable]

In this case you have heard evidence in the form of stipulations of testimony.   A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.   You must accept as true the fact that the witness would have given that testimony.   However, it is for you to determine the effect to be given that testimony.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-7.

## REQUEST NO. 64

## STIPULATIONS OF FACT
[If Applicable]

In this case you have also heard evidence in the form of stipulations of fact.   A stipulation of fact is an agreement between the parties that a certain fact is true.   You must regard such agreed-upon facts as true.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-6.

**REQUEST NO. 65**

**REDACTION OF EVIDENTIARY ITEMS**
[If Applicable]

Among the exhibits received in evidence, there are some documents that are redacted. "Redacted" means that part of the document or recording was taken out or covered up.   You are to concern yourself only with the part of the item that has been admitted into evidence.   You should not consider any possible reason why the other part of it has been taken out or covered up.

Adapted ~~trom~~from the charge of the Hon. Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 (S.D.N.Y. 2015).

**REQUEST NO. 66**

**UNCALLED WITNESS: EQUALLY AVAILABLE TO BOTH SIDES**
[If Applicable]

There are several persons whose names you have heard during the course of the trial, but who did not appear here to testify.   I instruct you that each party had an equal opportunity, or lack of opportunity to call any of these witnesses.   Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.   Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 6-7, and the charge of the Hon. Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 (S.D.N.Y. 2015).

## REQUEST NO. 67

## PERSONS NOT ON TRIAL

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the defendant from the fact that those persons are not named as defendants in the Indictment, or are not present at this trial.   In addition, you may not speculate as to the reasons why other persons are not defendants in this trial.   Those matters are wholly outside your concern and have no bearing on your function as jurors at this trial.

> From the charge of the Hon. Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 (S.D.N.Y. 2015); *see also United States v. Muse*, No. 06 Cr. 600 (DLC), 2007 WL 1989313, at *22 (S.D.N.Y. July 3, 2017).

**REQUEST NO. 68**

**CHARACTER WITNESSES**
[If Applicable]

The defendant has called witnesses who have given their opinion of his character or reputation.   This testimony is not to be taken as the witness's opinion as to whether the defendant is guilty or not guilty.   That question is for you alone to determine.   You should, however, consider this evidence together with all the other facts and evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's character or reputation, you find a reasonable doubt has been created, you must acquit.   On the other hand, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's character or reputation, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe the defendant, or the witness believes the defendant, to be a person of good character or to have a good reputation.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-15; *see United States v. Pujana-Mena*, 949 F.2d 24, 27-32 (2d Cir. 1991) (criticizing instruction that character evidence "standing alone" is enough for acquittal as "potentially misleading and confusing").

**REQUEST NO. 69**

**DEFENDANT'S TESTIMONY**
[Requested Only If the Defendant Testifies]

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

In this case, the defendant did testify and he was subject to cross-examination like any other witness.   You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from the charge of the Hon. Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 (S.D.N.Y. 2015).  *See United States v. Brutus*, 505 F.3d 80, 87-88 (2d Cir. 2007) (discussing appropriate charges when a defendant testifies).

**REQUEST NO. 70**

**DEFENDANT'S RIGHT NOT TO TESTIFY**
[If Requested by the Defendant]

The defendant did not testify in this case.   Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.   That burden remains with the Government throughout the entire trial and never shifts to a defendant.   A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.   No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-21.

## REQUEST NO. 71

## IMPROPER CONSIDERATIONS: RACE, RELIGION, NATIONAL ORIGIN, SEX, OR AGE

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider any personal feelings you have about the defendant's race, religion, national-origin, gender, sexual orientation, or age.   Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case.   The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

From the charge of the Hon. Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 (S.D.N.Y. 2015).

## REQUEST NO. 72

## EXPERT TESTIMONY
[*If Applicable*]

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.   A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.   Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.   You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.   You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.   Nor should you substitute it for your own reason, judgment and common sense.   The determination of the facts in this case rests solely with you.   As with the testimony of any other witness, you may decide to accept all, some, or none of the testimony of such a witness.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 7-21.

## REQUEST NO. 73

## MOTIVE

Proof of motive is not a necessary element of any of the crimes with which the defendant is charged.   Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendant is not guilty.   If the guilt of the defendant is shown beyond a reasonable doubt, it is immaterial what the defendant's motive for the crime or crimes may be, or whether the defendant's motive was shown at all.   The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of the defendant.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 6-18, and from the charge of the Hon. Deborah A. Batts in *United States v. Gupta*, 07 Cr. 177 (S.D.N.Y. 2008).

## REQUEST NO. 74

### Dual Intent ~~No Defense~~

#### [*If Applicable*]

During this trial, the defendant has contended that his actions and the actions of others were motivated in whole or in part by considerations that were not corrupt. ~~It is no defense to any count that the defendant or those with whom he interacted may have been motivated by both proper and improper motives.~~   A defendant may be found to have the requisite corrupt intent even if he also possesses another intent – that is, an unlawful intent and also a proper or neutral intent. In short, to find the defendant guilty, you need not find that the defendant *only* had corrupt intent, but rather that he had such intent, at least in part.   However, if you find that the defendant's actions were motivated solely by considerations that were not corrupt, you must find that he is not guilty.[78]

> *See United States v. Coyne*, 4 F.3d 100, 113 (2d Cir. 1993) (a valid purpose that partially motivates a transaction that is corrupt in part "does not insulate participants in an unlawful transaction from criminal liability").

---

[78] The defense believes that its proposed instruction is clearer and is an accurate statement of the law.

## REQUEST NO. 75

## PUNISHMENT IS NOT TO BE CONSIDERED BY THE JURY

The question of possible punishment of the defendant or the potential consequence of conviction is no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively with me.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely on the basis of such evidence.  Under your oath as jurors, you cannot allow consideration of the punishment that must be imposed on the defendant or the consequences of conviction, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 9-1; *see Shannon v. United States*, 512 U.S. 573, 579 (1994)

126

**REQUEST NO. 76**

**SYMPATHY:   OATH AS JURORS**

Under your oath as jurors, you are not to be swayed by sympathy.   You are to be guided solely by the evidence in the case.  ~~You are to determine the guilt or non~~, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is:   Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I ~~have charged~~charge you. ~~I know you will try the issues that have been presented to you according to the oath which you have taken as jurors, in which you promised that you would well and truly try the issues joined in this case and render a true verdict.   And I suggest to you that if you follow that oath without combining your thinking with any emotions, you will arrive at a just verdict.~~   It must be clear to you that once you ~~get into an emotional state and~~ let fear or prejudice, or bias or sympathy interfere with your thinking, ~~then~~ there is a risk that you ~~don't~~will not arrive at a true and just verdict. ~~Calm deliberation and good common sense are the qualities you should bring with you into the jury room.~~

~~The charges here, ladies and gentlemen, are serious, and the just determination of this case is important to both the defendant and the Government.   Under your oath as jurors, you must decide the case without fear or favor and solely in accordance with the evidence and the law.~~

~~If the Government has failed to carry its burden, your sworn duty is to bring in a verdict of not guilty.   If the Government has carried its burden, you must not flinch from your sworn duty, and you must bring in a verdict of guilty.~~

127

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal.   But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.[79]

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 2-12, and from the charge of the Hon. Irving Kaufman in *United States v. Davis*, Appellant's Appendix at pp. 15a-16a, *aff'd*, 353 F.2d 614 (2d Cir. 1965).

---

[79] Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 2-12.   The defense submits that the unaltered form instruction on sympathy is sufficient.

## <u>CONCLUSION</u>

Your function now is to weigh the evidence in this case and to determine whether the prosecution has proven the defendant guilty beyond a reasonable doubt with respect to each count in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict as to the defendant on each count must represent the considered judgment of each juror.   In order to return a verdict, it is necessary that each juror agree to it.   Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law.   Under your oath as jurors, you are not to be swayed by sympathy.   You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence.   If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result.   Both sides are entitled to a fair trial.   You are to make a fair and impartial decision so that you come to a just verdict.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.   Each of you must decide the case for her or himself, but do so only after an impartial discussion and

consideration of all the evidence in the case with your fellow jurors.   In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

If you are divided, do not report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that, if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.   Do not deliberate unless all twelve of you are in the jury room.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

You are free to select any foreperson you like.   The foreperson will preside over your deliberations, and will be your spokesperson here in court.   That is simply for convenience, and it gives him or her no greater authority, and his or her vote has no greater weight than that of any other juror.

I will give each of you a verdict form for your convenience; the foreperson will have a verdict form on which you should record any verdict you reach unanimously.

Members of the jury, I am going to ask you to remain seated briefly while I confer with counsel to see if there are any additional instructions that they would like to have me give to you. Because there is a possibility that I might find it proper to give you such additional instructions, I ask that you not discuss the case while seated in the jury box.

From the charge of the Hon. Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 (S.D.N.Y. 2015)

* * *

~~The Government~~Defendant respectfully reserves the right to submit additional or modified requests at or near the close of evidence.

~~Dated: New York, New York~~
~~October 15, 2018~~

~~Respectfully submitted,~~

~~GEOFFREY S. BERMAN~~
~~United States Attorney for the~~
~~Southern District of New York~~

~~By:~~   ~~s/ Daniel C. Richenthal~~
~~Daniel C. Richenthal~~
~~Douglas S. Zolkind~~
~~Catherine E. Ghosh~~
~~Assistant United States Attorneys~~
~~(212) 637-2109/2597/1114~~

~~SANDRA MOSER~~
~~Acting Chief, Fraud Section~~
~~Criminal Division~~

~~By:~~   ~~s/ Paul A. Hayden~~
~~David A. Last~~
~~Paul A. Hayden~~
~~Trial Attorneys~~
~~(202) 616-5651/353-9370~~

Dated:      October 22, 2018                    Respectfully submitted,

By:      /s/ Benjamin E. Rosenberg
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
Tel.: (212) 698-3622
Fax: (212) 698-3599
andrew.levander@dechert.com
benjamin.rosenberg@dechert.com

katherine.wyman@dechert.com

KRIEGER KIM & LEWIN LLP
500 Fifth Avenue, 34th Floor
New York, New York 10110
Tel.: (212) 390-9550
Edward.Kim@KKLllp.com
Paul.Krieger@KKLllp.com
Jonathan.Bolz@KKLllp.com
Jon.Bodansky@KKLllp.com

*Attorneys for Chi Ping Patrick Ho*