U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 9, 2018

**BY ECF**

The Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:   *United States v. Chi Ping Patrick Ho*,
>          17 Cr. 779 (LAP)

Dear Judge Preska:

As requested by the Court, the Government respectfully submits this letter in the above-captioned matter in response to the defendant's (1) proposed examination of prospective jurors (Dkt. No. 150), (2) requests to charge (Dkt. No. 149), (3) letter accompanying such requests (Dkt. No. 151), and (4) subsequent letter regarding such requests (Dkt. No. 155).

<u>The Defendant's Proposed Examination of Prospective Jurors</u>

1. Paragraph 3

The defendant's proposal for the Court to summarize the charges without mentioning the money laundering charges should be rejected. Three of the eight counts in the indictment (Six, Seven, and Eight) concern money laundering. To ensure that no potential juror is unable to be fair and impartial in light of the nature of these charges, the summary should include them.

2. Paragraph 13

The defendant's proposal for the Court not to instruct the jury that it is both lawful and often necessary for the Government to call witnesses who are testifying pursuant to a non-prosecution agreement should be rejected. This instruction is common, proper, and necessary to ensure that no potential juror labors under the misimpression—which would unfairly prejudice the Government—to the contrary. Similarly, it is common, proper, and necessary to ask, "Would you be unwilling to consider or have difficulty considering the testimony of such witnesses fairly?," a question that the defendant proposes to delete. Without asking such a question, neither the parties nor the Court will know whether a potential juror has such difficulty. It is not sufficient, in the Government's view, merely to ask, "Do any of you have any experience with or feelings about the use of such witnesses generally, or the use of evidence or information obtained from such

Honorable Loretta A. Preska
United States District Judge
November 9, 2018
Page 2

witnesses, that would make it difficult for you to render a fair and impartial verdict if you heard testimony from that witness?," because that question, which is far more general, is unlikely to yield the same information, which is essential for the Government either to move to strike a potential juror for cause or to exercise a peremptory challenge.

    3.   Paragraph 15

The Government objects to the Court referring to the defendant as "Dr." The defendant's medical degree, which he has not used in decades, is not relevant to the charges, and the Government does not believe that he should be referred to by an honorific term generally, much less by the Court, whether in front of the venire or the jury.

    4.   Paragraph 33

The Government does not believe that it is relevant whether potential jurors have lived abroad, other than in the countries or regions of the world at issue in this case.

    5.   Paragraph 40

The Government does not believe that the question, "Have you, any member of your family, or any close friend ever been involved with lobbying government officials?," is relevant, and it may suggest to the venire, incorrectly, that this case is about lobbying.[1]

    6.   Paragraph 38 (Paragraph 46 in the defendant's redline)

The defendant's proposal for the Court not to instruct the jury that any searches were lawful should be rejected. This instruction is common, proper, and necessary to ensure that no potential juror labors under the misimpression—which would unfairly prejudice the Government—to the contrary. Especially since many of the searches in this case involve personal email accounts—which lay members of the public may not know can be the subject of a search warrant, or may have some questions about—it is critical for jurors not to believe, wrongly, that those accounts were obtained by the Government without judicial authorization.

    7.   Paragraph 59 (Paragraph 69 in the defendant's redline)

The Court should reject the defendant's proposal not to introduce this question by saying, "It is not a particularly pleasant duty to find another individual guilty of committing a crime." The purpose of this introduction, which is common and proper, is to cause a potential juror to place himself or herself in the hypothetical position that he or she may be in, so that the answer that

---

[1] This is particularly true given that the defendant also proposes to re-label this section of questions "Experience with or Activities Relevant to the Case." The Court should not instruct the jury that "lobbying" or any other conduct in this section of the questions is an "activity" that is "relevant" to this case.

Honorable Loretta A. Preska
United States District Judge
November 9, 2018
Page 3

follows is a reliable one. Given that it is indeed not particularly pleasant to find someone guilty, and that the Court must ensure that a potential juror is able to do so if the Government meets its burden of proof, it is important that the Court introduce this question in this manner.

    8.   Paragraph 60 (Paragraph 70 in the defendant's redline)

The Government does not believe that it is relevant whether potential jurors have travelled abroad, other than to the countries or regions of the world at issue in this case.

<u>The Defendant's Requests to Charge</u>

Given the length of the requests to charge, and that the content of certain instructions may rest on the parties' arguments or the evidence presented at trial, the Government does not respond to all of the defendant's proposed changes. However, the Government notes that many of those changes appear to have no purpose but to dilute or render more difficult to understand those portions of standard and appropriate instructions that the defendant may perceive as less favorable to him. The Government will be prepared to discuss all of the instructions in detail at the charge conference. For now, it provides the following substantive responses.

    1.   Request No. 4

It is neither "inflammatory" nor "unnecessary" to inform lay jurors—who otherwise may be confused or mistakenly believe that the Government has overcharged this case—that Congress has deemed it appropriate to make conspiracy a separate crime, and why it has done so. This instruction is routinely given in conspiracy cases, for good reason. The instruction also benefits the defendant by helping to ensure that the jury does not believe that, if it finds the defendant guilty of conspiracy, it also must find him guilty of the substantive crime.

    2.   Request No. 5

*Second element:* It is both legally incorrect and confusing to instruct that the defendant must have "participated in the conspiracy to violate the Foreign Corrupt Practices Act [FCPA] with knowledge of the conspiracy's objects." A defendant need not know what law he is violating; a lay juror will not understand what "objects" are; a defendant need not have had knowledge of all of those objects (or any, if knowledge means actual knowledge rather than conscious avoidance); and a defendant is just as guilty if he joined a conspiracy to commit one illegal goal or if he joined it to commit two illegal goals. This instruction is an overview of the elements, not a detailed description of them, but any description should be accurate and clear. The defendant's proposed sentence is neither.

*Third element:* It is both legally incorrect and confusing to instruct the jury that an overt act must be in furtherance of the "objects" of the conspiracy. The Government's proposed instruction is common and correct, but the Government has no objection to the Court saying "to

further some objective of the conspiracy," which is the language from *Sand, et al.*, if the defendant prefers that formulation.

   3. Request No. 6 – First Element

The defendant offers no basis for the deletion of the sentences that he proposes to delete, which are common, proper, and intended to help lay jurors understand what a conspiracy is. The defendant's proposal would serve no purpose but to increase the likelihood of juror confusion. Worse, deletion of certain of the sentences, such as, "It is rare that a conspiracy can be proven by direct evidence of an explicit agreement," and phrases, such as "any inferences," would, in light of what remains, give the jury an affirmative misimpression about the law.

   4. Request No. 6 – Objects of the Conspiracy

The defendant's proposal—in support of which he cites nothing—to instruct that, to be guilty, he must "effect a violation of the FCPA by being an officer . . . of a 'domestic concern'" and "in that capacity" commit the crime, is legally incorrect. The defendant's status as such an officer is the jurisdictional hook for the statute, but he does not effect a violation "by" being such an officer nor need he do so "in that capacity" (nor is it clear what that means). Under the plain language of the FCPA, if the defendant was an officer or otherwise an agent of a domestic concern, and offered or paid bribes within the meaning of the FCPA, he is guilty, regardless of whether, at the time he paid bribes, he did so "in [his] capacity" as such an officer or agent.

   5. Request No. 7 – "Knowingly" and "Willfully" Defined

The defendant's proposal—in support of which he cites nothing—to instruct the jury that it must find that the defendant "was aware that his acts were violating a law" is legally incorrect and highly prejudicial to the Government. The standard instruction, well-grounded in case law, is that a defendant need only be "aware of the generally unlawful nature of his acts." The defendant may prefer that the law were otherwise, but it is not. The criminal code defines a narrow category of crimes for which the defendant must in fact know that his acts "were violating a law," and the FCPA is not one of them.

The defendant's proposed deletion of the sentence, "Now, science has not yet devised a manner of looking into a person's mind . . . ," should be rejected. This standard instruction is necessary to provide guidance to lay jurors on how to carry out their task of evaluating the defendant's mental state and to ensure that they understand that the task before them is not impossible or insurmountable.

The defendant's proposal to remove the final paragraph as "superfluous" should be rejected. That the defendant "anticipate[s]" not making an argument that the conspiracy ended at a particular time is not a basis not to give a legally correct instruction. Moreover, the defendant notably does not say whether he "anticipate[s]" making an argument or otherwise suggesting that there is insufficient evidence that he remained a member of the conspiracy—which argument

Honorable Loretta A. Preska
United States District Judge
November 9, 2018
Page 5

would be contrary to law, because a defendant remains a member until he withdraws. The Government's proposed instruction is common, proper, and should be given.

6. Request No. 8A

Although the Government has no objection, in principle, to a separate instruction along these general lines, the defendant's proposal is legally incorrect in multiple ways.

First, the Government need not show that the defendant was an "agent" of a domestic concern. It would be sufficient if he were an officer, director, or employee of the domestic concern, or a stockholder of the domestic concern acting on its behalf.

Second, the Government need not show that he "was acting on behalf of that domestic concern," unless he was a stockholder of such domestic concern (as opposed to being an officer, director, employee, or agent). The statute refers to "any officer, director, employee, or agent of such domestic concern *or any stockholder thereof acting on behalf of such domestic concern*." 15 U.S.C. §§ 78dd-2(a) and 78dd-3(a) (emphasis added). The fact that "acting on behalf of such domestic concern" modifies only the "stockholder" term is confirmed by sub-section (g)(2) of the same statute, which prescribes penalties for "[a]ny natural person that is an officer, director, employee, or agent of a domestic concern, *or stockholder acting on behalf of such domestic concern*." *Id.* § 78dd-2(g)(2) (emphasis added). As this sub-section makes crystal clear, the requirement that the defendant have been acting on behalf of the domestic concern applies only if he was its stockholder. This reading is not only in accord with the plain language of the statute, but also conforms with common sense: Congress reasonably determined that officers, directors, employees, and agents of domestic concerns are sufficiently connected to the domestic concern to hold them criminally liable, whereas a mere stockholder—which could be any member of the public who happens to own stock in a company—cannot be held liable without a closer connection.

Most fundamentally, contrary to well-established law, the defendant's proposed instruction renders meaningless the distinction between conspiring to commit a crime and committing the crime. Under the defendant's proposal, if the jury does not find that he committed at least one of the substantive offenses ("that the defendant committed any act in furtherance of the [Chad or Uganda] Scheme while he was present in the United States"), he must be not guilty. That is not the law. *See generally United States v. Rabinowich*, 238 U.S. 78, 88 (1915); *Pinkerton v. United States*, 328 U.S. 640, 643 (1946); *Pereira v. United States*, 347 U.S. 1, 11 (1954); *Callanan v. United States*, 364 U.S. 587, 593 (1961); *Iannelli v. United States*, 420 U.S. 770, 779 (1975); *Garrett v. United States*, 471 U.S. 773, 778 (1985).

The Government's proposed instructions accurately require the jury to find that the defendant had the requisite status (*e.g.*, under Section 78dd-2, officer, director, employee, agent, or stockholder of a domestic concern acting on its behalf) to be guilty, but unlike the defendant's proposal, they do not effectively direct acquittal if the defendant is not found to have committed one or more of the substantive offenses with which he is charged. The defendant is not entitled to such a windfall.

7. Request No. 11

The defendant's objection to this standard instruction is baseless. His self-interested view that it is not "applicable" has no basis in law, logic, or the expected evidence at trial. Without explaining that the jury may consider the acts and declarations of co-conspirators, the jury may deliberate with an incorrect impression to the contrary. At a minimum, the Court should defer consideration of this instruction until the charge conference. If the defense makes certain arguments—for instance, by suggesting that even if the defendant was working in concert with his colleagues at CEFC China, the defendant did not know of the $2 million cash concealed within the gift boxes, or did not know all of the details of the charged schemes—it may well be critical to include this instruction.

8. Request No. 12

The defendant is not charged with violating the FCPA "four separate times." He is charged with violating it in four different ways. The defendant offers no basis for the addition of these words, which would have no purpose but to confuse the jury or suggest that the Government overcharged this case. The defendant's formulation also tends to suggest, wrongly, that he is charged with paying or offering four separate bribes.

The defendant's proposed revisions to the remainder of the language in this section (which he repeats in Request No. 47) are legally wrong or highly confusing or both. As the defendant concedes, the Government's language "tracks the statute." It also tracks jury instructions given in multiple cases, including in this district.

With regard to the defendant's footnote 24: As explained above, the language of the FCPA makes clear that the language "*acting on behalf of such domestic concern*" modifies "stockholder," but not officer, director, employee, or agent.[2]

9. Request No. 13

The defendant's proposal regarding being a stockholder is legally incorrect, for the reasons given above.

---

[2] Contrary to the defendant's conclusory suggestion, the concurrence in *United States v. Hoskins*, 902 F.3d 69, 85 (2d Cir. 2018) (Lynch, J., concurring), which in any event is not binding, was summarizing the types of persons covered by the statute, not stating that, contrary to the plain language of the statute, "acting on behalf of such domestic concern" modifies any word except "stockholder." Indeed, only a few pages later, the concurrence noted the statutory language, without suggesting that it should be read other than how it is written. *See id.* at 89.

Honorable Loretta A. Preska
United States District Judge
November 9, 2018
Page 7

      10.  Request No. 14

The defendant's proposal regarding being a stockholder is legally incorrect, for the reasons given above.

The defendant's proposal to delete half of the definition of "domestic concern" should be rejected. Even though the applicable domestic concerns are corporate entities, it is important for the jury to understand how the statute is structured and why the defendant is charged both as an officer/director/agent/employee of a domestic concern and as someone who is, himself, not a domestic concern. For instance, the parties have agreed to a stipulation providing that the defendant is not a citizen, national, or resident of the United States—which makes sense only if the full definition of "domestic concern" is provided.

The defendant's proposal that he must have been under the "control" of the principal is wrong, and would be highly confusing to the jury. In the context of an agency relationship, control does not mean what the defendant suggests. As the Second Circuit has explained, "its exercise may be very attenuated and, as where the principal is physically absent, may be ineffective." *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 522 (2d Cir. 2006) (internal quotation marks omitted). In short, agents—including executives, directors of organizations, and other professionals—act within the scope of their delegated agency, without each or any action being "control[led]" by the principal. That is why they are *agents*, not automatons.

The defendant's proposal that he has to have been acting "on . . . behalf" of a domestic concern is legally incorrect, for the reasons given above. Indeed, it is irreconcilable with the plain language of the FCPA.

The defendant also proposes a unanimity finding by the jury be included in the definition of a domestic concern, specifically: "In order to find that this element has been satisfied, you must agree unanimously on the identity of the domestic concern on whose behalf the defendant was acting." As noted above, the defendant need not have been "acting" on "behalf" of a domestic concern, and this proposed instruction is erroneous to the extent it states otherwise. But the Government believes that this proposed instruction is also erroneous because the jury need not be unanimous on the identity of the domestic concern, any more than it needs to be unanimous on the identity of an overt act. *Cf. United States v. Kozeny*, 667 F.3d 122, 132 (2d Cir. 2011) ("[A]lthough proof of at least one overt act is necessary to prove an element of the crime, which overt act among multiple such acts supports proof of a conspiracy conviction is a brute fact and not itself an element of the crime. The jury need not reach unanimous agreement on which particular overt act was committed in furtherance of the conspiracy."). Nevertheless, at this stage, in light of the facts of this case and the expected evidence at trial, and without conceding that it is required, the Government does not object to a properly phrased unanimity instruction on this element.

Honorable Loretta A. Preska
United States District Judge
November 9, 2018
Page 8

11. Request No. 15

As discussed above, the defendant's proposal—in support of which he cites nothing—to instruct the jury that it must find that the defendant "was aware that his conduct violated a law" is both legally incorrect and highly prejudicial to the Government. The standard instruction, well-grounded in case law, is that a defendant need only be "aware of the generally unlawful nature of his acts."

12. Request No. 16

The defendant's deletion of "email" and "text message" is baseless. It is well-established that the "internet is an instrumentality of interstate commerce." *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004); *see also, e.g.*, *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009). So is a cellphone. *See, e.g.*, *United States v. Giordano*, 442 F.3d 30, 39-40 (2d Cir 2006); *United States v. Perez*, 414 F.3d 302, 304 (2d Cir. 2005) (per curiam). The defendant does not appear to disagree, but proposes to re-draft this instruction so that the *only* example given is an international wire transfer. He offers no explanation other than the assertion that he purportedly "believes" that his instruction is "clearer." It is not. It is incomplete in a manner that gives the jury a prejudicial misimpression about the law. While an international wire transfer obviously constitutes the use of an instrumentality of interstate commerce, it will be less obvious to jurors that emails and text messages also qualify. Yet it is important that jurors understand this concept because substantial evidence as to this element comes in the form of emails and text messages.

13. Request No. 17

The defendant's deletion of "directly or indirectly" has no basis in the statute's language or case law.

14. Request No. 18

The defendant does not explain on what basis he believes that the definitions of "knowing" and "knowledge," which he agrees are accurate, "are not relevant" to Count Two. They are relevant, and they should be given. As the immediately preceding paragraph states, the Government must prove that the defendant "*knew*" that all or a portion of the payment would be given or offered to a foreign official. Thus, failing to define "knowing" and "knowledge" would leave the jury confused and without guidance. It would also be highly prejudicial to the Government, because, contrary to the defendant's proposal, he need not have had *actual* knowledge, as the FCPA's express definitions of these terms make clear. *See* 15 U.S.C. § 78dd-2(h)(3).

The defendant is not entitled to delete "or of a public international organization, such as the United Nations," as the FCPA expressly defines "foreign official" to include "a public international organization." As alleged, as described in prior submissions, and as the Government expects to prove at trial, the defendant discussed and reached an agreement to pay Sam Kutesa

while Kutesa was the President of the United Nations General Assembly, although the payment itself was made later.

   15.   Request No. 21

The defendant's proposal regarding being a stockholder is legally incorrect, for the reasons given above.

As explained above, the definitions of "knowing" and "knowledge" apply to both Counts Two and Three.

The Government objects to the sentences reading, "The government has also introduced evidence that a payment was made to an entity, the Food Security and Sustainable Energy Foundation. The government must establish beyond a reasonable doubt that the defendant knew that this alleged payment would be offered, given or promised, directly or indirectly, to a foreign official, specifically, to Mr. Kutesa and/or Mr. Museveni."

- *First*, by saying that the Government has "also" introduced this evidence, the proposed instruction implies that this evidence is in addition to the evidence introduced of payments to Kutesa and Museveni. But it is not *additional* evidence; it is simply one of the various pieces of direct evidence of payments offered to both officials.

- *Second*, there is no reason to single out this particular method of bribery, without also mentioning the other alleged methods (*e.g.*, $2 million cash to President Déby, $500,000 cash to Museveni, and offering to share in the profits of Ugandan ventures with Kutesa's and Museveni's families). As to each of these, the Government bears the same burden: proving that the defendant knew, or was aware of a high probability, that the payments would be offered or given, directly or indirectly, to the applicable foreign officials. There is no basis to single out the wire to Kutesa's "foundation" as if to imply that, as to this particular method of bribery, the Government bears a higher burden or that this evidence is somehow different.

With respect to the proposed sentence reading, "In order to find that this element has been satisfied, you must agree unanimously on the identity of the foreign official the defendant bribed or attempted to bribe," the Government does not believe that the law requires such unanimity, but at this stage, in light of the facts of this case and the expected evidence at trial, and without conceding that it is required, it does not have an objection to such an instruction. Because the statute prohibits the offering of a bribe, rather than an "attempt[] to bribe," and because the jury need not find that the defendant offered to bribe or bribed both individuals, the Government proposes the following revision: "In order to find that this element has been satisfied, you must agree unanimously on the applicable foreign official or officials. That is, you must unanimously agree that the defendant bribed or offered to bribe either Kutesa or Museveni. You need not unanimously agree that he bribed or offered to bribe both individuals."

Honorable Loretta A. Preska
United States District Judge
November 9, 2018
Page 10

16. Request Nos. 23 and 24

The defendant's proposal has already been rejected by this Court, as he acknowledges in a footnote.

17. Request No. 25

The Government objects to the insertion of the phrase "so long as" and the deletion of the text preceding it. As revised, the instruction states that the proof required by Counts Four and Five depends on what the Government proves, which makes no sense.

18. Request No. 31

As noted above, the Government objects to the term "attempted to bribe," since the statute expressly prohibits the offering of a bribe, and proposes to say instead: "As I explained to you in connection with Count Three, in order to find that this element has been satisfied, you must unanimously agree that the defendant bribed or offered to bribe either Kutesa or Museveni. You need not unanimously agree that he bribed or offered to bribe both individuals."

19. Request No. 33

The defendant's proposal to instruct that the Government must prove he agreed to "commit money laundering" is both legally incorrect and confusing. It is incorrect, because he need not have agreed to "commit money laundering" or any other particular crime. He must merely have agreed, with the requisite mental state, to commit acts that the law recognizes as money laundering.

The defendant's proposal that he has to have had knowledge of the "conspiracy's objects" is both legally incorrect and confusing, as discussed above. (*See supra*, Request No. 5)

20. Request No. 33A

This proposed request is unnecessary, misleading, and incorrect. The defendant need not have agreed to "promote 'specified unlawful activity'" in the sense stated here. He need not have even known that he was violating the law. Rather, he needs to have intended, with the requisite mental state, to engage in conduct that the law recognizes as specified unlawful activity ("SUA").

Nor, in any event, must the jury be unanimous on what the SUA is. That purported requirement (which the defendant repeats elsewhere in his proposed instructions (*see* Request Nos. 40 and 45)) has no basis in law. *See, e.g.*, *United States v. Souffrant*, 517 F. App'x, 803, 821 (11th Cir. 2013); *United States v. Loe*, 248 F.3d 449, 468 (5th Cir. 2001); *United States v. Lalley*, 257 F.3d 751, 756 (8th Cir. 2001).

Honorable Loretta A. Preska
United States District Judge
November 9, 2018
Page 11

21. Request No. 39

Here and elsewhere, the Government objects to the insertion of parentheticals around certain clauses in the statutory description. For instance, putting the phrase "or to a place in the United States from or through a place outside the United States" into a parenthetical tends to suggest, wrongly, that it is not an integral part of the statute. It is. Indeed, the defendant is charged with violating the money laundering statute by doing precisely that (*i.e.*, wiring or causing another to wire money from Hong Kong to the United States).

22. Request Nos. 40 and 45

The proposition that the money laundering statute only concerns one type of felony violation of the FCPA, notwithstanding that it says "any felony violation of the [FCPA]," 18 U.S.C. § 1956(c)(6)(D), is plainly meritless. The sole basis that the defendant offers for this proposition is that one of the two sections of the FCPA charged here was enacted after the money laundering statute. But the money laundering statute could not be more clear. It refers to "any felony violation of the [FCPA]," not only those in force at the time. Where, as here, a "statute's language is plain, the sole function of the courts is to enforce it according to its terms." *United States v. Ron Pair Enters.*, 489 U.S. 235, 241 (1989) (internal quotation marks omitted). Nor does the defendant offer any support for what is necessary to his argument: that when Congress legislates, *e.g.*, when it passed the later-enacted section of the FCPA, it is unaware of cross-references in the United States Code. The law does not presume Congress to do anything of the sort. *See generally United States v. United States Gypsum Co.*, 438 U.S. 422, 437 (1978) (Congress is "presumed to have legislated against the background of our traditional legal concepts"). Moreover, if the defendant were correct, the only way for Congress to legislate would be to re-enact, repeatedly, every such cross-reference, grinding legislation to a halt.

Nor is the defendant's proposition limited to the FCPA. The money laundering statute is replete with cross-references. Indeed, that is the principal manner in which it defines specified unlawful activity. *See, e.g.*, 18 U.S.C. § 1956(c)(7) (such activity includes "any act or activity constituting an offense listed in section 1961(1) of this title except an act which is indictable under subchapter II of chapter 53 of title 31"). Were the defendant correct, numerous offenses, including distribution of a controlled substance, would be frozen in time. For example, even if a new drug were deemed controlled (as happens frequently), laundering the proceeds of selling that drug would not be a crime. It is inconceivable that Congress so intended. It is equally inconceivable that, if this were the law, no court—ever—would have said so, notwithstanding numerous money laundering prosecutions all over the country. Yet that is the defendant's apparent position.[3]

---

[3]  In addition, although the Court need not reach this issue, the defendant's claim appears to attempt an end-run around Federal Rule of Criminal Procedure 12. The defendant's claim effectively is that the indictment fails, at least in part, to state a crime, but the time for filing a motion alleging a "defect in the indictment," such as "failure to state an offense," Fed. R. Crim. Pro. 12(b)(3)(B)(v), has long passed. If the defendant believed that the indictment was flawed in this manner, he was required to file a motion months ago.

23. Request No. 47

The defendant's proposal to insert "is not an aider and abettor, and you must find him not guilty" directs the jury to find him not guilty if he did not engage in aiding and abetting. But of course, the defendant may also be guilty as a principal, or by willfully causing the offense. The defendant is not entitled to an instruction that directs a verdict of not guilty merely because he is not found be an aider and abettor.

The defendant's revisions to the description of the requisite status and conduct, both in the aiding and abetting section and in the willfully causing section, are wrong in multiple ways, as described above.

24. Request No. 48

The defendant's proposed instruction that the jury must find whether "the act or acts constituting the crime you are considering occurred in the Southern District of New York" is highly misleading. The FCPA expressly defines its jurisdictional bases, but "the act or acts constituting the crime" may well occur—and typically do occur—abroad. So too with international money laundering. Instructing the jury that it must find that "the act or acts constituting the crime you are considering occurred in the Southern District of New York," without more, effectively directs a verdict of acquittal. The defendant is not entitled to such an instruction. Put differently, the "essential elements" of the substantive crimes charged here, for venue purposes, are the use of an instrumentality or means of interstate commence in furtherance of a corrupt payment (Counts Two and Three), taking any act in furtherance of such a payment (Counts Four and Five), or using the United States financial system (Counts Seven and Eight)—not "the act or acts" that are "the crime," phrasing which is of no assistance to the jury and risks it having a misunderstanding about the law.

As to Count Six, conspiracy to commit money laundering, the jury need only find an overt act in this district in furtherance of the conspiracy—nothing more. The Supreme Court has expressly rejected the defendant's position to the contrary. *See Whitfield v. United States*, 543 U.S. 209, 218 (2005) ("[T]his Court has long held that venue is proper in any district in which an overt act in furtherance of the conspiracy was committed, even where an overt act is not a required element of the conspiracy offense.").

25. Request No. 50

The defendant's proposed insertion does not explain what a "material" difference is. It thus provides the jury with no guidance as to whether a variance in a date or amount is such that it "must find the defendant not guilty." Nor is defendant's proposition the law in this circuit. The law is what the Government proposed: alleged dates and amounts need only be substantially similar to the proof at trial. *See, e.g., United States v. Teague*, 93 F.3d 81, 84 (2d Cir. 1996); *United States v. Morgenstern*, 933 F.2d 1108, 1115 (2d Cir. 1991).

Honorable Loretta A. Preska
United States District Judge
November 9, 2018
Page 13

    26. Request No. 51

The defendant's proposed revisions to this instruction materially dilute its meaning, and differ from the language used and approved in multiple cases. The Court should use the Government's proposed language, which the defendant does not dispute is legally correct and appropriate.

    27. Request No. 53

The defendant's proposed revisions to this instruction materially dilute its meaning, differ from the language used and approved in multiple cases, fail to instruct the jury not to consider why the Government entered into the agreement, and are deeply unbalanced. The Court should use the Government's proposed language, which the defendant does not dispute is legally correct and appropriate.

    28. Request No. 56

While the Government has no objection in principle to a general revision along these lines, the defendant's proposed addition suggests, incorrectly, that the jury should not consider such evidence in considering whether the defendant committed the charged offenses.

    29. Request No. 59

The defendant's proposed addition, and in particular, its reference to "facts," is legally incorrect, confusing, unbalanced, and would serve no purpose but to bolster inappropriate arguments. The defendant purports to ground his proposed addition in *Sand, et al.*, Instruction 4-4, but the pertinent sentence in that instruction refers to specific facts, such as, in the sample instruction, "no fingerprints were taken and no transmitting device was utilized during the defendant's alleged conversations with the agent." The defendant is not entitled to a general instruction—as he proposes—that refers to his arguments as "facts," and gives the Court's imprimatur to them. If the defendant wishes to add the proposed sentence, he should identify, specifically, to what permissible arguments, grounded in admissible evidence, the sentence refers.

    30. Request No. 60

The defendant's proposed deletions have no basis in law or any other authority, nor does the defendant contend to the contrary. The only effect of these deletions would be to mislead the jury or permit the defendant to suggest that evidence was obtained improperly (even if it was thereafter admitted into evidence). The defendant is not entitled to mislead the jury or to make such a suggestion, and the sentences he proposed to delete could not possibly unfairly prejudice him.

Honorable Loretta A. Preska
United States District Judge
November 9, 2018
Page 14

31. Request No. 74

The defendant's proposed revisions are legally incorrect and highly confusing. It is not the law that "if you find that the defendant's actions were motivated solely by considerations that were not corrupt, you must find that he is not guilty." Motive is not an element. If the defendant paid bribes, but had "motivations" that he believed were "not corrupt" or somehow justified his actions, he is still guilty. The issue is *intent*, not motive.

32. Request No. 76

The defendant's proposed revisions are unnecessary and unbalanced.

The Defendant's Letter Accompanying His Requests to Charge

In his letter, dated October 22, 2018, the defendant requests that, contrary to standard practice in this and other districts, the Court first instruct the jury on the substantive counts, and then instruct the jury on the conspiracy. In so requesting, the defendant appears to concede that his position is that the jury can only find him guilty of conspiracy if it finds him guilty of at least one substantive count. That is not the law, as described above. And even if that were not the defendant's position, his proposed instructions, absent significant revision, would mislead the jury into so believing. The Government's proposed instructions do not have this flaw.

The Defendant's Subsequent Letter

In his more recent letter, dated October 31, 2018, the defendant purports to identify a "duplicity" problem requiring that the Court instruct the jury that it must be unanimous not just on which person or people the defendant sought to bribe, but also how he sought to do so. As stated above, without conceding that it is required, the Government does not object to the former—an instruction for unanimity with respect to the identity of the person or persons whom the defendant sought to bribe. But the Court should reject the defendant's request for the latter—an instruction for unanimity as to the means by which he sought to do so. The means by which a crime is committed is not something on which a jury must be unanimous. *See Schad v. Arizona*, 501 U.S. 624, 643-45 (1991) (plurality opp.); *United States v. McIntosh*, 753 F.3d 388, 392 (2d Cir. 2014); *United States v. Stewart*, 433 F.3d 273, 319 (2d Cir. 2006). Accordingly, if, for example, the jury unanimously finds that the defendant sought to bribe or did bribe Kutesa, it is legally irrelevant whether it is unanimous that he did so via the wire to Kutesa's "foundation," or by offering to let Kutesa's family share in the profits of a joint venture, or both, because these are merely different ways of committing the same crime. *Cf. United States v. Lopez-Cotto*, 884 F.3d 1, 11 (1st Cir.) ("Count I against [the defendant] alleged a single criminal offense—the agreement to accept a 'stream of benefits' in exchange for directing at least $5,000 worth of tows to [a certain party]. That [the defendant] allegedly received multiple things of value as part of that single agreement does not mean that Count I, as worded, supported multiple stand-alone crimes."), *cert. denied*, No. 17-9163, 2018 WL 2463656 (Oct. 1, 2018).

Honorable Loretta A. Preska
United States District Judge
November 9, 2018
Page 15

                                          Respectfully submitted,

                                          GEOFFREY S. BERMAN
                                          United States Attorney

By:    <u>s/ Daniel C. Richenthal</u>
        Daniel C. Richenthal
        Douglas S. Zolkind
        Catherine E. Ghosh
        Assistant United States Attorneys
        (212) 637-2109/2418/1114

        SANDRA MOSER
        Acting Chief, Fraud Section
        Criminal Division

By:    <u>s/ Paul A. Hayden</u>
        Paul A. Hayden
        Trial Attorney
        (202) 353-9370

cc:    (by ECF)

       Counsel of Record