**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 18, 2018

**BY ECF**

The Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

>      Re:     *United States v. Chi Ping Patrick Ho*,
>              **17 Cr. 779 (LAP)**

Dear Judge Preska:

The Government respectfully submits this letter in further opposition to the defendant's motion *in limine* to preclude Cheikh Gadio from testifying as to his understanding that the $2 million cash was, in Gadio's view, a bribe.  At the conference this past week, the Court ruled that Gadio may testify "that he did not believe that [the $2 million] was a donation" and that he understood the cash to have been "offered personally to the president," but reserved on whether Gadio may "state his opinion that what was going on there was a bribe."  (11/14/18 Tr. 45-46.)  The Government writes to briefly amplify its response to certain arguments raised at the conference.

As previously discussed, a lay witness—regardless of whether he conspired with the defendant—is entitled to testify not just to literally what he saw and heard, but to what he understood based on his perceptions.  In short, Federal Rule of Evidence 701 "recognizes the common sense behind the saying that, sometimes, 'you had to be there.'"  *United States v. Garcia*, 413 F.3d 201, 212 (2d Cir. 2005).  This is true here, as Gadio's extensive involvement with the defendant before, during, and after the December 2014 trip to Chad gives him unique insight into what took place.  The remaining question is simply what *language* Gadio may use in testifying.  For multiple reasons, Gadio should not be prohibited from explaining that he personally viewed the $2 million as a "bribe."

First, Federal Rule of Evidence 704 unambiguously provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue."  And the word "bribe" is no more a complicated or purely legal term than "kidnap," "murder," or many other words that have normal English meanings in addition to legal definitions.  Thus, while it is true that it is the jury's task to determine whether the defendant offered a bribe, that is not a reason to require Gadio to excise the word "bribe" from his otherwise-permissible testimony.  The Government would not, of course,

Honorable Loretta A. Preska
United States District Judge
November 18, 2018
Page 2

object to an appropriate limiting instruction reminding the jurors that the Court will instruct them on the law at the end of the trial.

Second, precluding Gadio from providing his full understanding would be particularly problematic in this case. In prior communications with the defendant (which the Government expects to be admitted at trial), Gadio (i) referred to CEFC providing "secret or very confidential financial assistance . . . to [President Déby] for his political campaigns in his country"; and (ii) advised CEFC to "reward [Déby] with a nice financial package as an entry ticket in the Chadian oil market . . . ." It is important that Gadio be permitted to explain what he was suggesting (political support and an "entry ticket," respectively) and what he was not suggesting (in his view, a bribe), and to explain why the $2 million cash was not consistent with his advice. The Government expects the defense to argue that the defendant was merely following Gadio's advice, or otherwise to suggest that these communications indicate that the defendant did not act corruptly. It would be difficult or impossible for Gadio to respond meaningfully to these lines of cross-examination in natural and comprehensible language without using the word "bribe."[1]

In sum, it is not sufficient for Gadio merely to testify that he did not believe the cash to be a charitable donation. Such testimony would leave open the question of what he *did* believe the cash to be. And while Gadio could conceivably attempt to explain that he neither viewed the cash as a charitable donation, nor political support, nor an "entry ticket," nor any other form of legitimate payment, but as something else entirely, it would be difficult for him to convey his understanding to the jury without using the word "bribe." The Federal Rules of Evidence do not require witnesses to testify in such an artificial manner, and if Gadio did so here, it would risk severely confusing the jury and unfairly prejudicing the Government. Indeed, lay jurors will surely assume that Gadio (i) must not have believed it was a bribe, because otherwise he would have said so, and/or (ii) is not being candid about his own involvement in the charged conduct. Simply put, if—as the Court has ruled—Gadio may testify to his understanding, he should be permitted to convey his full understanding in natural language.

---

[1]     Moreover, even if the defense were to agree not to cross-examine Gadio along these lines—which they notably have not done—the Government still should be permitted to elicit Gadio's understanding, in his own words, on direct examination. The Government bears the burden of proof, and the defense declining to cross-examine Gadio on this subject neither is a concession as to the defendant's intent nor would prevent the defense from suggesting that the jury should have doubt as to how to read the pertinent communications.

Honorable Loretta A. Preska
United States District Judge
November 18, 2018
Page 3

                                          Respectfully submitted,

                                          GEOFFREY S. BERMAN
                                          United States Attorney

                              By:     s/ Douglas S. Zolkind
                                          Daniel C. Richenthal
                                          Douglas S. Zolkind
                                          Catherine E. Ghosh
                                          Assistant United States Attorneys
                                          (212) 637-2109/2418/1114

                                          SANDRA MOSER
                                          Acting Chief, Fraud Section
                                          Criminal Division

                              By:     s/ Paul A. Hayden
                                          Paul A. Hayden
                                          Trial Attorney
                                          (202) 353-9370

cc:      (by ECF)

         Counsel of Record