UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
UNITED STATES OF AMERICA,            :
                                     :
                 Plaintiff,          :       17 Cr. 779 (LAP)
                                     :
     -against-                       :
                                     :       MEMORANDUM AND ORDER
                                     :
CHI PING PATRICK HO,                 :
                                     :
                 Defendant.          :
                                     :
------------------------------------x

LORETTA A. PRESKA, Senior United States District Judge:

This matter came before the Court on the Government's motion (the "Motion"), memorandum of law, exhibits, and declarations of various Government officials (collectively, the "Government Submission"). The Government Submission was filed ex parte, in camera, and under seal with the classified information security officer or designee on October 3, 2018. The Government sought a protective order, pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 § 4, and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, regarding disclosure of certain information.

On October 3, 2018, the Court received an opposition to the Motion, accompanied by a declaration and exhibits, filed in camera and ex parte, as well as an addendum to the opposition, filed ex parte, in camera, and under seal with the classified

1

information security officer or designee, from Defendant Chi Ping Patrick Ho ("Ho") (collectively, the "Defense Submission").

For the reasons set forth below, the Motion is granted, and the classified information described in the Government Submission need not be disclosed to the defense.  Further, the Government Submission is hereby sealed, and shall remain preserved in the custody of the Classified Information Security Officer, in accordance with established court security procedures, until further order of this Court.

I. **LEGAL STANDARD**

Enacted in 1980, CIPA "was designed to establish procedures to harmonize a defendant's right to obtain and present exculpatory material upon his trial and the government's right to protect classified material in the national interest." United States v. Pappas, 94 F.3d 795, 799 (2d Cir. 1996).  CIPA was not intended, however, "to expand the traditional rules of criminal discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense." United States v. Mostafa, 992 F. Supp. 2d 335, 337 (S.D.N.Y. 2014) (quoting United States v. Varca, 896 F.2d 900, 905 (5th Cir. 1990)).  Instead, "CIPA applies the general law of discovery in criminal cases to classified information and further restricts

2

discovery of that information to protect the Government's national security interests." Mostafa, 992 F. Supp. 2d at 337; see also United States v. Baptista-Rodriguez, 17 F.3d 1354, 1364 (11th Cir. 1994) (explaining that CIPA "simply ensures that questions of admissibility will be resolved under controlled circumstances calculated to protect against premature and unnecessary disclosure of classified information"); United States v. El-Hanafi, No. S5 10-CR-162 (KMW), 2012 WL 603649, at *2 (S.D.N.Y. Feb. 24, 2012) ("CIPA does not expand or restrict established principles of discovery and does not have a substantive impact on the admissibility of probative evidence.").

Pursuant to Section 4 of CIPA, the Court, "upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure." 18 U.S.C. App. 3 § 4. The Federal Rules of Criminal Procedure likewise permit the Court to, "for good cause, deny . . . discovery or inspection, or grant other appropriate relief." FED. R. CRIM. P. 16(d)(1); see also El-Hanafi, 2012 WL 603649, at *2 ("Section 4 of CIPA 'clarifies district courts' power under Federal Rule of Criminal Procedure 16(d)(1) to issue protective orders denying or restricting discovery for good cause, which includes information

3

vital to the national security.'" (quoting United States v. Stewart, 590 F.3d 93, 130 (2d Cir. 2009))).

As a threshold matter, "[t]he Court's analysis under CIPA § 4 requires the Court to first determine whether the information is classified." United States v. Juma Khan, No. 08-CR-621 (NRB), 2010 WL 330241, at *1 (S.D.N.Y. Jan. 20, 2010). CIPA defines "classified information" as "any information or material that has been determined by the United States Government pursuant to an Executive order, statute or regulation, to require protection against unauthorized disclosure for reasons of national security." United States v. Ng Lap Seng, No. S5 15-CR-706 (VSB), 2017 WL 2693625, at *2 (S.D.N.Y. June 21, 2017) (quoting 18 U.S.C. App. 3 § 1(a)). The Government can establish that the information is classified "through the submission of a declaration to that effect by a government official, as long as the declaration adequately describes the reasons for the information's classification and the harm that would result from disclosure." Juma Khan, 2010 WL 330241, at *1.

Next, the Court must determine whether the disclosure of classified information is appropriate. In United States v. Aref, 533 F.3d 72, 79-80 (2d Cir. 2008), the Court of Appeals adopted and applied the standard governing this assessment as

4

set forth in Roviaro v. United States, 353 U.S. 53, 60-61 (1957). Roviaro asks first whether the classified information is discoverable and then whether the Government has properly invoked the state-secrets privilege with respect to that information. See Aref, 533 F.3d at 80. The discoverability of evidence is governed by Federal Rule of Criminal Procedure 16, which at "its most inclusive . . . requires the government to produce any written or recorded statements made by the defendant and in the government's possession if the statements are 'relevant.'" El-Hanafi, 2012 WL 603649, at *3 (quoting FED. R. CRIM. P. 16(a)(1)(B)(i)). For the state-secrets privilege to apply, there must be "a reasonable danger that compulsion of the evidence will expose . . . matters which, in the interest of national security, should not be divulged," and the privilege must be "lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." Aref, 533 F.3d at 80 (citing United States v. Reynolds, 345 U.S. 1, 8 (1953)).

If the information is both discoverable and privileged, then the Court must decide whether it is also "helpful or material to the defense, i.e., useful 'to counter the government's case or to bolster a defense.'" Aref, 533 F.3d at 80 (quoting United States v. Stevens, 985 F.2d 1175, 1180 (2d Cir. 1993)). To be helpful or material to the defense, the

Court of Appeals has held that the evidence need not rise to the level that would trigger the Government's obligation under Brady v. Maryland, 373 U.S. 83, 90-91 (1963), to disclose exculpatory information. See Aref, 533 F.3d at 80; see also United States v. Passaro, 577 F.3d 207, 220 (4th Cir. 2009) (explaining that CIPA "permits the district court to exclude irrelevant, cumulative, or corroborative classified evidence"); United States v. Yunis, 867 F.2d 617, 623 (D.C. Cir. 1989) ("[C]lassified information is not discoverable on a mere showing of theoretical relevance in the face of the government's classified information privilege"; instead, "a defendant seeking classified information . . . is entitled only to information that is at least 'helpful to the defense of [the] accused'" (quoting Roviaro, 353 U.S. at 60-61)).

Only when information is helpful or relevant to the defense must the Court then balance the "public interest in protecting the flow of information against the individual's right to prepare his defense." Mostafa, 992 F. Supp. 2d at 338 (quoting Roviaro, 353 U.S. at 62); see also Yunis, 867 F.2d at 623 (noting that much of the Government's national security interest "lies not so much in the contents of the conversations, as in the time, place, and nature of the government's ability to intercept the conversations at all").

6

## II. DISCUSSION

As a threshold matter, the Court finds that the Motion was properly filed in camera and ex parte, pursuant to Section 4 of CIPA and Federal Rule of Criminal Procedure 16(d)(1). See Juma Khan, 2010 WL 330241, at *3. Further, an in camera review by the Court is the most appropriate procedure through which to decide the Motion "because of the national security interests involved and the highly sensitive nature of the material at issue in this case" as "[n]o less restrictive alternative would protect the Government's interest in preventing the disclosure of the classified materials at issue in this case." El-Hanafi, 2012 WL 603649, at *2.

The Court has held in camera and ex parte hearings with the Government and with defense counsel "to become better informed of the proof the Government plans to present at trial and the defenses that defendant plans to raise for purposes of deciding the motion." Mostafa, 992 F. Supp. 2d at 338; see Order, dated Nov. 5, 2018 [dkt no. 159], 1-2 (granting the parties' respective requests to hold in camera and ex parte hearings at which they could respond to questions from the Court regarding the information contained in their respective submissions). The Court of Appeals has repeatedly held that such hearings are

permissible in this context. See, e.g., Aref, 533 F.3d at 76-77, 81.

On the basis of the Court's careful review of the materials at issue and the arguments set forth in the Government Submission and Defense Submission as well as at the parties' respective in camera and ex parte hearings, the Court finds that the Government Submission contains and describes with particularity classified information that requires protection against unauthorized disclosure. Juma Khan, 2010 WL 330241, at *3.

Although, "[f]or reasons that are apparent," the Court cannot "discuss the specific justifications behind [its] determination herein," the Court finds that the materials are not discoverable under Rule 16 of the Federal Rules of Criminal Procedure and, in fact, disclosure of the classified information described in the Government Submission to the defense or the public could reasonably be expected to cause serious damage to national security. See Ng Lap Seng, 2017 WL 2693625, at *3. The Court further concludes that the Government has adequately identified specific facts that mandate application of the state-secrets privilege and has followed the procedural requirements for asserting the privilege, including that the head of the department which has control of the classified information

8

described in the Government Submission, after actual personal consideration, has lodged the state-secrets privilege with respect to the classified information. Id.

Despite "accept[ing] [Ho's] lawyers['] offer to apprise [the Court], ex parte, of their theory of the case so that [the Court] [can] better understand what kind of material might be 'helpful'" or material to the defense and "t[aking] th[e] information [contained in the Defense Submission] into account in reviewing the government's § 4 filing," the Court nonetheless concludes that the withheld information is neither helpful nor material to the defense and has little, if any, relevance to the charges in this case. United States v. Babafemi, No. 13-CR-109, 2014 WL 1515277, at *3-4 (E.D.N.Y. Apr. 18, 2014).

The Court is confident that, pursuant to Ho's request, it has sufficiently scrutinized the Government Submission in light of Ho's theories of defense to ensure that the Government does not withhold classified material in a manner that impairs Ho's constitutionally-protected right to a fair trial. Indeed, based on the Court's review, the materials do not appear to present any disclosure obligations under Brady and its progeny. See Mostafa, 992 F. Supp. 2d at 338. Finally, because the Court finds that the information is neither helpful nor relevant to the defense, it need not reach the question of whether, on

balance, the "public interest in protecting the flow of information" outweighs "the individual right to prepare his defense." Id. at 338 (quoting Roviaro, 353 U.S. at 62).

### III. CONCLUSION

Accordingly, for the foregoing reasons, the Motion is granted, and the classified information described in the Government Submission need not be disclosed to the defense. It is further ordered that the Government Submission is hereby sealed, and shall remain preserved in the custody of the Classified Information Security Officer, in accordance with established court security procedures, until further order of this Court.

SO ORDERED.

Dated:  New York, New York
        November 21, 2018

_____
LORETTA A. PRESKA
Senior United States District Judge