

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 25, 2018

**BY ECF**

The Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Chi Ping Patrick Ho*,
              17 Cr. 779 (LAP)

Dear Judge Preska:

    The Government respectfully submits this letter-motion in the above-captioned matter requesting the Court to preclude the defendant from pursuing two subjects on cross-examination of Cheikh Gadio.

    *First*, after Gadio was arrested, the Government made arguments in two bail hearings in support of the Government's application for Gadio to be detained on the ground that he posed a risk of flight. Those arguments concerned, among other things, the strength of the Government's case against Gadio and matters that arguably bore on Gadio's veracity, including the fact that certain financial information appeared not to have been included in Gadio's disclosure to Pretrial Services. The Government does not, of course, object to the defendant appropriately cross-examining Gadio regarding any matters that reasonably bear on his veracity as a witness. However, it would be improper for the defendant to ask any questions, or make any arguments to the jury, premised on statements or positions that counsel for the Government made in other proceedings. For example, while it may be relevant whether Gadio failed to disclose certain information to Pretrial Services, it is not at all relevant to the jury's task that the Government stated that such may have occurred. The Court should accordingly preclude the defendant from asking any questions or making any arguments that refer to statements or positions that counsel for the Government made in prior proceedings.

    *Second*, Gadio's 3500 material reflects that Gadio has no personal knowledge as to what happened to the $2 million cash that the defendant and his CEFC colleagues brought to Chad and presented to President Déby. Gadio has no firsthand information as to whether these funds were ultimately used, in whole or part, for "good" or "bad" or "permissible" or "impermissible" purposes after CEFC sent the so-called "donation" letter. However, Gadio's 3500 material reflects that, at some point, a third-party told Gadio that the money was directed to a supposed good and permissible use. Gadio does not know whether this is true, and in any event, he never spoke about

Honorable Loretta A. Preska
United States District Judge
November 25, 2018
Page 2

this with the defendant.  Thus, the defendant should be precluded from cross-examining Gadio about what he learned after-the-fact from any third-party.  Gadio's response would be inadmissible hearsay and has no relevance unless offered for the truth.  Moreover, even if Gadio's answer were not inadmissible hearsay, the subject matter itself is improper, as the Court already ruled, precluding evidence of "the alleged good causes toward which the officials [the defendant] bribed could have used the bribe payments."  (Dkt. 188 at 5.)

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

By:    s/ Douglas S. Zolkind
        Daniel C. Richenthal
        Douglas S. Zolkind
        Catherine E. Ghosh
        Assistant United States Attorneys
        (212) 637-2109/2418/1114

        SANDRA MOSER
        Acting Chief, Fraud Section
        Criminal Division

By:    s/ Paul A. Hayden
        Paul A. Hayden
        Trial Attorney
        (202) 353-9370

cc:    (by ECF)

        Counsel of Record