

Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
+1  212  698  3500  Main
+1  212  698  3599  Fax
www.dechert.com

**BENJAMIN E. ROSENBERG**

benjamin.rosenberg@dechert.com
+1 212 698 3622  Direct
+1 212 698 0495  Fax

November 26, 2018

**VIA HAND DELIVERY AND ECF**

Honorable Loretta A. Preska
United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007-1312

**Re:** *United States v. Chi Ping Patrick Ho*, **17 Cr. 779 (LAP)**

Dear Judge Preska:

      This letter is respectfully submitted in response to the government's letter motions filed yesterday, November 25, 2018 (ECF No. 190 ("Gov't Ltr.")); and to move for an order *in limine* requiring the government to redact portions of Dr. Cheikh Gadio's non-prosecution agreement, if such agreement is offered and accepted into evidence.

## Government's Letter Motions

      In its letter, the government makes two separate motions.  *First*, the government moves to "preclude the defendant from asking any questions or making any arguments that refer to statements or positions that counsel for the Government made in prior proceedings," including statements or positions the government made at Dr. Gadio's bail hearing that "bore on Gadio's veracity."  (Gov't Ltr. at 1.)  *Second*, the government moves to preclude the defendant "from cross-examining Gadio about what he learned after-the-fact from any third-party" regarding how the payment to President Déby was ultimately used.  (*Id.* at 1-2.)

      The defense does not intend to cross-examine Dr. Gadio about what he learned, after-the-fact, from any third party about how the payment to President Déby was ultimately used, and thus we do not oppose the government's second motion.  We do, however, oppose the first motion.

      At Dr. Gadio's bail hearing on November 18, 2017—a transcript of which is attached here as Exhibit A—the government made several statements indicating that Dr. Gadio had made damning admissions, had admitted to "facts that the law recognizes as criminal," and had lied to the Pretrial Services Office.  In particular, the government stated:



- That Dr. Gadio had intentionally omitted a key asset from his disclosures to Pretrial Services (Ex. A at 20 ("[T]he only reasonable interpretation of that is Mr. Gadio doesn't want to admit his association with that firm although it is not reasonably subject to dispute."));

- That Dr. Gadio's statement in an email to Dr. Ho in 2014 was "referring to a $2 million bribe that Mr. Gadio later wrote about how he should get a fee for and he negotiated it and he got $400,000 to the firm that he omitted from the Pretrial Services report" (*id.* at 21);

- That Dr. Gadio had "admitted facts that the law recognizes as criminal" (*id.* at 25);

- That Dr. Gadio had omitted foreign income from the Pretrial Services report "both to avoid taxes and because he didn't want anyone to know what it was for because it's a lot of money, $400,000 wire or two $200,000 wires . . ." (*id.*); and

- That the omissions are "an additional indication [Dr. Gadio] is running away from what I'm referring to as the Gadio Firm which he omitted in the description of his employment because that is a serious problem" (*id.* at 26).

The government argues that the defense should be precluded from asking any questions, or making any arguments, premised on any of the statements above (or any other statements made by the government in prior proceedings), on the ground that such statements are "not at all relevant to the jury's task." (Gov't Ltr. at 1.) But the statements bear directly on Dr. Gadio's credibility at this trial. The government's repeated assertions on November 18, 2017 that Dr. Gadio had lied for criminal purposes, and had "admitted facts that the law recognizes as criminal," provided tremendous motivation to Dr. Gadio to seek the government's approval through favorable testimony, even if such testimony is false. The statements are thus relevant to the jury's evaluation of Dr. Gadio's credibility.[1]

---

[1] The statements are admissible for another reason as well. They are statements of a party opponent that contradict the position that the party will take at this trial. At trial, the defendant will introduce evidence to impeach Dr. Gadio's credibility, which no doubt the government will seek to rehabilitate. The government's statement to the Court in November 2017 that Dr. Gadio lied is admissible as a statement of a party opponent to contradict the government's statements at this trial. That is, the government's statement at Dr. Gadio's bail hearing that Dr. Gadio is *not* credible is thus admissible to impeach



Hon. Loretta Preska
November 26, 2018
Page 3

**Defendant's Motion to Redact Portions of Dr. Gadio's Non-Prosecution Agreement**

In the event that Dr. Gadio's non-prosecution agreement, attached here as Exhibit B, is offered and accepted into evidence, the defense moves pursuant to Rule 403 of the Federal Rules of Evidence for an order *in limine* requiring the government to redact portions of that agreement. Specifically, if the agreement is accepted into evidence, the second paragraph on the first page of the agreement should be redacted to remove the text beginning with "provided approximately $2 million . . ." and through the end of the paragraph. (Ex. B at 1.) The language in question consists of conclusory allegations made not by any witness, but by the government itself. Admitting this recitation of the allegations, in this form, is unduly prejudicial to the defendant because the jury will inevitably be confused as to whether the letter, and the government's allegations contained therein, are evidence of the defendant's guilt—which they are not. The government will have ample opportunity to walk through these allegations elsewhere during trial. Accordingly, this section of the letter, which has zero probative value and significant prejudicial effect, should be redacted if the document is found to be admissible. *See, e.g.*, *United States v. Cosentino*, 844 F.2d 30, 34–35 (2d Cir. 1988) (noting that if a cooperation agreement is admitted, "it may sometimes be appropriate to redact the agreement to eliminate potentially prejudicial, confusing or misleading matter").

Respectfully,

*/s/ Benjamin E. Rosenberg*

Benjamin E. Rosenberg

cc:     All counsel of record

---

the government's argument in this case that he *is* credible. *See, e.g.*, *United States v. Tarantino*, No. 08 Cr. 655 (JS), 2011 WL 1153914, at *3 (E.D.N.Y. Mar. 27, 2011).