# Exhibit B



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 14, 2018

**By Email**

Sean Hecker, Esq.
Kaplan Hecker & Fink LLP
350 Fifth Avenue
Suite 7110
New York, New York 10118

    Re: **Cheikh Gadio**

Dear Mr. Hecker:

    The protection against prosecution with respect to tax offenses set forth below has been approved by the Tax Division, Department of Justice.

    On the understandings specified below, the Office of the United States Attorney for the Southern District of New York and the Fraud Section, Criminal Division, Department of Justice (together, "the Offices"), and with respect to tax offenses, the Tax Division, Department of Justice, will not criminally prosecute Cheikh Gadio ("Gadio") for his involvement in a bribery scheme in which Chi Ping Patrick Ho ("Ho"), on behalf of CEFC,[1] provided approximately $2 million in cash to the President of Chad, concealed within one or more gift boxes, during a business meeting in Chad in or about December 2014. Gadio has previously admitted and hereby affirms that (1) when Gadio learned of this $2 million cash payment shortly after it was made, he understood that Ho and CEFC intended it as a bribe offer to the President of Chad; (2) Gadio recognized that this bribe offer was wrong and unlawful, but he nonetheless continued to assist Ho and CEFC in their efforts to finalize a deal with the President of Chad, at least in part because Gadio expected to receive significant compensation if such a deal was finalized; and (3) Gadio assisted Ho and CEFC by, among other things, drafting and conveying a letter purporting to prospectively pledge the $2 million for humanitarian causes, despite Gadio's understanding that Ho and CEFC had intended the money for the President of Chad's personal benefit.

    The Offices and the Tax Division also will not criminally prosecute Gadio under Title 26, United States Code, Section 7206(1) or Title 31, United States Code, Sections 5314 and 5322(a), respectively, for (1) failing to disclose to the Internal Revenue Service ("IRS") foreign income and certain domestic income earned between at least in or about 2012 and in or about 2016 and

---

[1] "CEFC" includes CEFC China Energy Co. Ltd., China Energy Fund Committee, China Energy Fund Committee USA, and affiliated entities.

09.06.2013

3509-16

(2) failing to file Reports of Foreign Bank and Financial Accounts ("FBARs") with the IRS pertaining to at least the years 2012 through 2016.

This Agreement does not provide any protection against prosecution for any crimes except as set forth above.

It is further understood that Gadio shall file accurate amended tax returns for the years 2012 through 2016, and will pay, or will enter into an agreement to pay, any past taxes due and owing by him to the IRS, including applicable penalties, if any, on such terms and conditions as will be agreed upon between him and the IRS.

It is understood that Gadio (a) shall truthfully and completely disclose all information with respect to the activities of himself and others concerning all matters about which the Offices inquire of him, which information can be used for any purpose; (b) shall cooperate fully with the Offices, the Federal Bureau of Investigation ("FBI"), the Internal Revenue Service-Criminal Investigation, the Department of Homeland Security, and any other law enforcement agency designated by the Offices; (c) shall attend all meetings at which the Offices request his presence; (d) shall provide to the Offices upon request, any document, record, or other tangible evidence relating to matters about which the Offices or any designated law enforcement agency inquires of him; (e) shall truthfully testify before the grand jury and at any trial and other court proceeding with respect to any matters about which the Offices may request his testimony; (f) shall bring to the Offices' attention all crimes which he has committed, and all administrative, civil or criminal proceedings, investigations, or prosecutions in which he has been or is a subject, target, party, or witness; (g) shall commit no crimes whatsoever; and (h) shall not disclose publicly or otherwise make any public statement or authorize any person to make any public statement with respect to this case or matters discussed between the Offices and Gadio, other than by testifying truthfully in court, between the date of this agreement and the conclusion of proceedings in *United States v. Chi Ping Patrick Ho*, 17 Cr. 779 (LAP), unless otherwise provided. Nothing in the prior clause shall prevent Gadio from freely meeting with and speaking to Ho and his counsel, or the Offices. Moreover, any assistance Gadio may provide to federal criminal investigators shall be pursuant to the specific instructions and control of the Offices and designated investigators.

It is understood and agreed that in light of the obligations set forth herein, Gadio will surrender his passport and any other international travel documents to the FBI, will make no new applications for travel documents, and will not travel outside the Southern District of New York, Eastern District of New York, District of Maryland, Eastern District of Virginia, or District of the District of Columbia, and such points in between as may be necessary to meet with counsel or the Offices or to attend a court proceeding, unless the Offices expressly consent in writing, during the pendency of the case of *United States v. Chi Ping Patrick Ho*, 17 Cr. 779 (LAP).

It is understood that, should Gadio commit any crimes subsequent to the date of signing of this Agreement, or should the Government determine that he has knowingly given false, incomplete, or misleading testimony or information, or should he otherwise violate any provision of this Agreement, Gadio shall thereafter be subject to prosecution for any federal criminal violation of which the Offices have knowledge, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the

09.06.2013

signing of this Agreement may be commenced against Gadio, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is understood that if the Government has determined that Gadio has committed any crime after signing this Agreement or has given false, incomplete, or misleading testimony or information, or has otherwise violated any provision of this Agreement, (a) all statements made by Gadio to the Offices or other designated law enforcement agents, and any testimony given by Gadio before a grand jury or other tribunal, whether prior to or subsequent to the signing of this Agreement, and any leads from such statements or testimony shall be admissible in evidence in any criminal proceeding brought against Gadio; and (b) Gadio shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule that such statements or any leads therefrom should be suppressed. It is the intent of this Agreement to waive all rights in the foregoing respects.

It is further understood that this Agreement does not bind any federal, state or local prosecuting authority other than the Offices. The Offices will, however, bring the cooperation of Gadio to the attention of other prosecuting offices, if requested by Gadio.

Nor does this Agreement bind the Bureau of Immigration and Customs Enforcement ("ICE"), although the Offices will bring the cooperation of Gadio to the attention of ICE if requested by Gadio.

With respect to this matter, this Agreement supersedes all prior, if any, understandings, promises and/or conditions between the Offices, the Tax Division, Department of Justice, and Gadio. No additional promises, agreements, and conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties.

09.06.2013

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

By: _____
Daniel C. Richenthal
Douglas S. Zolkind
Assistant United States Attorneys
(212) 637-2109/2418

APPROVED:

_____
LISA ZORNBERG
Chief, Criminal Division


SANDRA MOSER
Acting Chief, Fraud Section
Criminal Division

By: _____
David A. Last / Paul A. Hayden
Trial Attorneys
(202) 616-5651/353-9370


AGREED AND CONSENTED TO:

*Aidiane Gadio*      9/14/2018
_____    _____
Cheikh Gadio                                    Date

APPROVED:

_____    9/14/2018
Sean Hecker, Esq.                     Date
Attorney for Cheikh Gadio

09.06.2013