U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 27, 2018

**BY ECF**

The Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Chi Ping Patrick Ho*,
              17 Cr. 779 (LAP)

Dear Judge Preska:

      The Government respectfully submits this letter in the above-captioned matter in response to the defendant's letter filed last night (Dkt. No. 191) (and again filed today (Dkt. No. 192)) ("Def. Ltr."). In his letter, the defendant makes two claims. First, he contends that the Court should deny the Government's motion *in limine* (Dkt. No. 190), in which the Government requests a ruling precluding the defendant from asking questions or making arguments that refer to statements that counsel for the Government made in bail proceedings. (Def. Ltr. 1-2.) Second, the defendant requests the Court to order that the non-prosecution agreement ("NPA") between the Government and Cheikh Gadio be redacted in large part. (*Id.* 3.) These claims are meritless.

      The Government's Motion *in Limine* Concerning Statements Made at Bail Proceedings

      The Government's motion *in limine* concerning statements by counsel for the Government at bail proceedings is narrow. As the Government explained, it has no objection to the defendant appropriately cross-examining Gadio regarding any matters that reasonably bear on his veracity as a witness, including whether he failed to disclose information to Pretrial Services. The Government also has no objection to the defendant cross-examining Gadio concerning the fact that he was charged with crimes, decided to cooperate, and entered into the NPA. Indeed, the Government has already elicited these facts in direct examination. What the Government seeks is simply to preclude the defendant from using statements made by *counsel for the Government*—a tactic that would serve no purpose but to seek to distract or confuse the jury or to suggest improperly that the counsel prosecuting this case do not believe the positions for which they advocate or have poor judgment.

      In opposing this limited and principled request, the defendant contends that it is purportedly necessary for him to cross-examine Gadio with statements made by counsel for the Government because those statements "provided tremendous motivation to [] Gadio to seek the government's

Honorable Loretta A. Preska
United States District Judge
November 27, 2018
Page 2

approval through favorable testimony, even if such testimony is false." (Def. Ltr. 2.) The defendant does not elaborate. He is wrong for multiple reasons.

*First*, the defendant omits that the Government *lost* the pertinent bail hearing. It defies common sense that Gadio somehow would have an incentive to lie based on statements made by counsel for the Government in taking a position that was rejected.

*Second*, the critical fact to which Gadio will testify—that the defendant and his business associates offered $2 million in cash to the President of Chad, in an apparent attempt to gain business—was provided by Gadio *before* the bail proceeding. Gadio gave a lengthy, videotaped post-arrest statement. In that statement, Gadio admitted this fact. Plainly, he did not invent it after a bail hearing.

*Third*, statements of Government counsel are unnecessary to make the point that the defendant asserts he wishes to make. If, contrary to the facts, the defendant would like to attempt to demonstrate through cross-examination that Gadio decided to lie about the cash because the Government believed that the evidence demonstrated that Gadio committed a crime, the defendant has a more than ample basis to do so. Indeed, as the Court is aware, Gadio was charged in a lengthy complaint, describing such evidence. And even assuming *arguendo* that the fact that the Government stood by that complaint in subsequent weeks and days was probative of Gadio's incentive, it still is unnecessary for the defendant to use statements of Government counsel. On the contrary, the defendant could ask Gadio any number of questions that would accomplish the same end.

*Finally*, and in any event, what the defendant seeks to do should be precluded under Federal Rule of Evidence 403. As described above, whatever the hypothetical probative value of statements of Government counsel in another case, there is little to no probative value of such statements here, because the key fact was provided by the witness prior to such statements being made. At the same time, the risk of unfair prejudice to the Government and juror distraction and confusion caused by what the defendant seeks is extreme. To seek to blunt that risk, the Government would have no choice but to present evidence concerning how decisions are made with respect to bail, how an investigation unfolds over time, that views in the days and weeks after an arrest reflect then-known information, and that (contrary to the defendant's suggestion in his letter), a decision to dismiss charges is not akin to a decision that an individual has not committed a crime. A trial about the defendant's guilt would thus devolve into a trial about the Government's policies, procedures, and discretion—even worse, it would devolve into a trial about the manner in which the counsel trying this case executed those policies, procedures, and discretion. None of this is remotely necessary, much less does the analysis mandated by Rule 403 militate in favor of what the defendant seeks.

In a footnote, the defendant suggests that even if none of the statements that he seeks to use is otherwise admissible, the fact that the Government appeared more than a year ago to suggest that Gadio was not credible with Pretrial Services is admissible as the statement of a party opponent. (Def. Ltr. 2 n.1.) The law is to the contrary.

Although a prior statement by an attorney during litigation may under some circumstances be a party admission under Federal Rule of Evidence 801(d)(2), the Second Circuit has carefully circumscribed the use of such statements. *See United States v. McKeon*, 738 F.2d 26, 30-36 (2d Cir. 1984). In particular, a statement of a Government attorney is only considered a party admission if three criteria are satisfied:

> First, "the district court must be satisfied that the prior argument involves an assertion of fact inconsistent with similar assertions in a subsequent trial." Second, the court must determine "that the statements of counsel were such as to be the equivalent of testimonial statements" made by the client. Lastly, the district court must determine by a preponderance of the evidence that the inference that the proponent of the statements wishes to draw "is a fair one and that an innocent explanation for the inconsistency does not exist."

*United States v. Ford*, 435 F.3d 204, 214 (2d Cir. 2006) (quoting *United States v. Salerno*, 937 F.2d 797, 811 (2d Cir. 1991)). The Second Circuit has stated that "'advocacy as to the credibility of witnesses' does not meet at least the first two criteria." *Id.* (quoting *McKeon*, 738 F.2d at 33). In addition, the Second Circuit has unsurprisingly noted that the opinion of a lawyer as to witness credibility would be problematic under Rule 403. *Id.*

The defendant does not acknowledge this case law, much less explain how it may be reconciled with his request. Instead, he conclusory cites *United States v. Tarantino*, No. 08 Cr. 655, 2011 WL 1153914, at *3 (E.D.N.Y. Mar. 27, 2011). (Def. Ltr. 2 n.1.) This case is nothing like *Tarantino*. In that case, counsel for the government represented, at a plea proceeding, that it agreed with a defendant's allocution of how a murder was committed; thereafter, the government prosecuted another individual for the same murder, on an apparently irreconcilable factual theory. *See* 2011 WL 1153914, at *2. Here, the Government has never taken a view of the facts that suggests that the defendant is innocent—just the contrary.

### The Defendant's Motion *in Limine* Concerning the NPA

The defendant's belated motion *in limine* requesting that the Court order redaction of the NPA to remove all information concerning the facts of this case is baseless. According to the defendant, the "language in question consists of conclusory allegations made not by any witness, but by the government itself." (Def. Ltr. 3.) That is nonsensical. Gadio signed the agreement, has already testified, in sum, to the information therein, and is expected to testify further regarding the same. There is zero chance that the jury will "be confused" by whether Gadio agrees with the NPA's description of what he did. (*Id.*) Nor is there any chance that the jury will view the NPA as independent "evidence of the defendant's guilt." (*Id.*) Gadio is testifying. Nor finally, could the statements in the NPA possibly be unfairly "prejudicial, confusing" or "misleading." *United States v. Cosentino*, 844 F.2d 30, 34 (2d Cir. 1988) (cited at Def. Ltr. 3). Gadio is testifying to the same facts.

Honorable Loretta A. Preska
United States District Judge
November 27, 2018
Page 4

     Indeed, the only way in which the jury would be confused or misled would be if the defendant's proposition were accepted, because the jury would then assume—falsely—that Gadio did something *other* than what he has admitted, and further assume that that thing is so bad that it has been redacted. The defendant is not entitled to such a windfall. The remedy for the concerns that he claims to have is cross-examination (or at most, an appropriate limiting instruction, should the defendant request one), not redacting the very facts to which Gadio is testifying in the very agreement pursuant to which he is testifying to those facts. *Cf. United States v. Skelos*, 15 Cr. 317 (KMW), Dkt. No. 412, at 612 (denying similar request).

                                      Respectfully submitted,

                                      GEOFFREY S. BERMAN
                                      United States Attorney

By:    s/ Daniel C. Richenthal
           Daniel C. Richenthal
           Douglas S. Zolkind
           Catherine E. Ghosh
           Assistant United States Attorneys
           (212) 637-2109/2418/1114

           SANDRA MOSER
           Acting Chief, Fraud Section
           Criminal Division

By:    s/ Paul A. Hayden
           Paul A. Hayden
           Trial Attorney
           (202) 353-9370

cc:    (by ECF)

       Counsel of Record