

Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
+1  212  698  3500  Main
+1  212  698  3599  Fax
www.dechert.com

**BENJAMIN E. ROSENBERG**

benjamin.rosenberg@dechert.com
+1 212 698 3622  Direct
+1 212 698 0495  Fax

December 2, 2018

**VIA HAND DELIVERY AND ECF**

Honorable Loretta A. Preska
United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007-1312

**Re: *United States v. Chi Ping Patrick Ho*, 17 Cr. 779 (LAP)**

Dear Judge Preska:

This letter is respectfully submitted to expedite the charge conference by (I) setting forth the defendant's objections to the Court's proposed instructions, and (II) addressing those portions of the instruction that the Court marked "if applicable" or "if requested," in advance of the conference.

**I.      Defendant's Objections to the Proposed Charge**

With one exception, set forth below in paragraph I.C., the objections that we assert were set forth in our letter to the Court dated November 13, 2018.  We understand that the Court has denied those objections.  We submit this letter to ensure that our objections are preserved.  *United States v. Masotto*, 73 F.3d 1233, 1237–38 (2d Cir. 1996).

A.      Objections to Certain Instructions Based on *United States v. Hoskins*

We continue to maintain that under *United States v. Hoskins*, 902 F.3d 69 (2d Cir. 2018), to find the defendant guilty of Counts Two and Three (15 U.S.C. § 78dd-2) the jury must find that the defendant's criminal acts were taken on behalf of a domestic concern.  We further submit that there is substantial evidence that he was acting on behalf of CEFC Energy Company or the CEFC NGO based in Hong Kong, rather than on behalf of any domestic entity.  We therefore respectfully object to the following counts in the Court's proposed Instructions.  (For the Court's convenience, we reference the corresponding instruction in our proposed instructions submitted on October 22, 2018 (Docket No. 151-1)):



Hon. Loretta Preska
December 2, 2018
Page 2

| Court's Instruction | Defendant's Proposed Instruction |
| --- | --- |
| Count Two:  Violating the Foreign Corrupt Practices Act (Domestic Concern: Chad) – The Indictment **[Page 42]** | 12 |
| Count Two:  Violating the Foreign Corrupt Practices Act (Domestic Concern: Chad) – Elements of the Offense **[Page 44]** | 13 |
| Count Two:  Violating the Foreign Corrupt Practices Act (Domestic Concern: Chad)  First Element:  Domestic Concern **[Page 45]** | 14 |
| Count Three:  Violating the Foreign Corrupt Practices Act (Domestic Concern: Uganda) **[Page 53]** | 21 |

We also respectfully submit that, under *Hoskins*, if the defendant was not acting on behalf of a domestic entity then he cannot be convicted of conspiring to violate the 78dd-2, or of aiding and abetting another to do so.  We therefore object to the Court's omission of defendant's proposed instruction (Request 8A of Docket No. 151-1) regarding the category of persons who may be prosecuted under 18 U.S.C. § 371 for conspiracy to violate § 78dd-2, and to the Court's instruction on aiding and abetting **[page 85]**.  We submit that defendant's proposed instruction on aiding and abetting (Request No. 47 of Docket No. 151-1) is consistent with *Hoskins*.

      B.      Objection to the Court's Instruction on Venue

We continue to object to the Court's instruction as to venue to the extent that it instructs the jury that it must find that "any act in furtherance of the crime charged" took place within the Southern District of New York.  For the reasons stated in our November 13, 2018, letter, we respectfully submit that the jury should be instructed that it must find that the "act or acts constituting the crime you are considering" took place in the Southern District of New York.  We believe that "acts in furtherance" of the charged crime is broader than "acts constituting" the charged crime, as the former formulation



may include preparatory acts or meetings that lead to, but do not constitute, the crime charged.  In this case, for example, the jury might believe that Dr. Ho was acting "in furtherance" of a plan to pay a bribe to Mr. Kutesa when the two met in New York in 2014 or 2015, and thus was a sufficient predicate for venue for Counts Three and Four.  The defendant contends, however, that such meetings were not "acts constituting the crimes" alleged in those counts.  The defendant's proposed instruction was Request No. 48 of Docket 151-1.

C.    A Special Venue Instruction is Required for Counts Six Through Eight

Title 18, United States Code Section 1956 has its own venue provision, § 1956(i).[1]  Based upon that provision, we would respectfully request that the Court instruct the jury with respect to venue on those counts as follows:

> With respect to Counts Six, Seven, and Eight, the money laundering conspiracy count, and the substantive money laundering counts, a special venue instruction applies.  With respect to Count Six, you must find by a

---

[1]    Section 1956(i) reads as follows:

Venue

(1)  Except as provided in paragraph (2), a prosecution for an offense under this section or section 1957 [18 U.S.C. § 1957] may be brought in—

(A) any district in which the financial or monetary transaction is conducted; or

(B) any district where a prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted.

(2)  A prosecution for an attempt or conspiracy offense under this section or section 1957 [18 U.S.C. § 1957] may be brought in the district where venue would lie for the completed offense under paragraph (1), or in any other district where an act in furtherance of the attempt or conspiracy took place.

(3)  For purposes of this section, a transfer of funds from 1 place to another, by wire or any other means, shall constitute a single, continuing transaction. Any person who conducts (as that term is defined in subsection (c)(2)) any portion of the transaction may be charged in any district in which the transaction takes place.



Hon. Loretta Preska
December 2, 2018
Page 4

preponderance of the evidence that the financial or monetary transaction
that you are considering was conducted in the Southern District of New
York, or that an overt act in furtherance of the conspiracy took place in
the Southern District of New York.  With respect to Counts Seven and
Eight, you must find by a preponderance of the evidence that the
financial or monetary transaction that you are considering was conducted
in the Southern District of New York.

D.       Objection to the Definition of Specified Unlawful Activity With Respect
         to Counts Seven and Eight of the Indictment

We continue to object to the Court's instruction regarding intent to promote a
"specified unlawful activity" for purposes of Counts Seven and Eight of the indictment.
For the reasons stated in our November 13, 2018 letter, we respectfully submit that the
jury should be instructed to consider only the alleged violations of 15 U.S.C. § 78dd-2
and the alleged violations of the laws of Chad or Uganda.  We maintain that the reference
to "any felony violation of the Foreign Corrupt Practices Act" in the Money Laundering
Statute does not include 15 U.S.C. § 78dd-3, which was not in place at the time that the
Money Laundering Statute was enacted.  The defendant's proposed instructions regarding
specified unlawful activities are Requests 40 and 45 of Docket 151-1.

II.     **Defendant's Positions on the "If Applicable" and "If Requested" Items In
         The Court's Proposed Charge**

With regard to the instructions that the Court identified as "if applicable" or "if
requested," the defendant's position is as follows:

| **Court's Instruction** | **Page** | **Defendant's Position** |
|---|---|---|
| Whether the jury will be provided with the indictment | 22 | We would defer to the Court's practice on this matter. |
| Reference to defendant's testimony | 22 | Not applicable |
| Conscious avoidance | 38, 65, 90 | Not applicable |



Hon. Loretta Preska
December 2, 2018
Page 5

| **Court's Instruction** | **Page** | **Defendant's Position** |
| --- | --- | --- |
| Lawfulness or benefits of acts or goals no defense | 93 | Applicable |
| Law enforcement or government witness | 94 | Applicable |
| Non-prosecution agreements | 95 | Applicable |
| Preparation of witnesses | 97 | Not applicable |
| False exculpatory statements | 98 | Not applicable |
| Similar acts | 99 | Applicable |
| Transcripts of recordings | 100 | Applicable |
| Particular investigative techniques | 102 | Not applicable |
| Use of evidence obtained pursuant to searches and seizures | 102 | Applicable |
| Stipulations of testimony | 104 | Applicable |
| Stipulations of fact | 104 | Applicable |
| Redaction of evidentiary items | 104 | Applicable |
| Uncalled witnesses, equally available | 105 | Not applicable |
| Character witnesses | 106 | Not applicable |



Hon. Loretta Preska
December 2, 2018
Page 6

| Court's Instruction | Page | Defendant's Position |
|---|---|---|
| Defendant's testimony | 107 | Not applicable |
| Defendant's right not to testify | 108 | We request the instruction |
| Expert testimony | 109 | Not applicable |
| Dual intent no defense | 111 | Applicable |

Respectfully submitted,

*/s/ Benjamin E. Rosenberg*

Benjamin E. Rosenberg

cc:      All counsel of record