IC57HOF

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4                   v.                          17 Cr. 779 (LAP

5   CHI PING PATRICK HO,

6                   Defendant.

7   ------------------------------x
                                            New York, N.Y.
8                                           December 5, 2018
                                            10:00 a.m.
9

10  Before:

11                          LORETTA A. PRESKA
                                            District Judge
12

13                          APPEARANCES

14  GEOFFREY S. BERMAN
         United States Attorney for the
15       Southern District of New York
    BY:  DANIEL RICHENTHAL
16       DOUGLAS ZOLKIND
         CATHERINE GHOSH
17       PAUL HAYDEN
         Assistant United States Attorneys
18

    BENJAMIN ROSENBERG
19  EDWARD KIM
    KATHERINE WYMAN
20  JONATHAN BODANSKY
    JONATHAN BOLZ
21       Attorneys for Defendant

22  ALSO PRESENT:  Ryan Carey, F.B.I.
                   Aashna Rao, Paralegal
23                 Peter Calabrese, Paralegal

24

25

IC57HOF

1        (Trial resumed; Jury begins deliberations at 10:08

2  a.m.)

3        (Time noted 10:30 a.m.; jury not present)

4        THE COURT:  Good morning, ladies and gentlemen.  Won't

5  you be seated.

6        Good morning, counsel.  Ladies and gentlemen, we have

7  received a note, Court Exhibit 4, from the jury, stating

8  "One-page summary of charges" -- I can't quite read it -- it

9  might be PP or P-1 -- "slide from prosecution."

10       And I will just note for you, friends, that page 23 of

11  the charge contains a one-page summary of the charges.  So,

12  would you confer and let me know what you'd like to do.  And

13  you're welcome to inspect the note if you'd like.

14       (Pause)

15       Counsel, have you had a chance to talk?

16       MR. RICHENTHAL:  We have, your Honor.  I think

17  although it appears that the jury is expressly asking for a

18  page of the government PowerPoint, our understanding is that

19  the defense objects to it being given that document because

20  it's not technically in evidence.  We have no problem with

21  that.

22       I think just directing the jury's attention to page

23  23 -- which is indeed the summary -- is adequate.  Indeed, we

24  would have to create something new if that is not adequate, so

25  let's hope that it is.

IC57HOF

1          It's the government's understanding -- and I think

2     your Honor said it on the record yesterday -- that the charge

3     is actually in the room, so it's directing them to a document

4     they already have.

5          THE COURT:  Mr. Rosenberg?

6          MR. ROSENBERG:  That's exactly right, we think the

7     Court should refer to page 23 of the charge.

8          THE COURT:  OK.  I'm going --

9          MR. RICHENTHAL:  I'm sorry.  It also just occurred to

10    us -- and again I think it's already in the room -- they could

11    also look at the verdict sheet.

12         THE COURT:  That's right.

13         MR. RICHENTHAL:  Frankly I think it may be advisable

14    to direct their attention to that as well.

15         THE COURT:  All right.  I propose to write on the note

16    that we may not send the PowerPoint in because it is not

17    evidence, but then to direct them to page 23 of the charge and

18    to the verdict sheet for a summary of the charges.  Is that all

19    right?

20         MR. RICHENTHAL:  That's fine.

21         MR. ROSENBERG:  Fine.

22         THE COURT:  Ladies and gentlemen, we have received

23    another note, Court Exhibit 5:

24         "1.  Timelines, 2601, 2602.

25         "2.  Hotel summary in NYC.

IC57HOF

1          "3.  Wire transfer graphics, all (3)."

2          Would you collect that material, please.

3          MR. RICHENTHAL:  We will, your Honor.  We're going to

4    go downstairs and print it out and then we'll come back.

5          THE COURT:  All right.  If you have it --

6          MR. RICHENTHAL:  Our paralegal is delayed, and so we

7    don't have it, and so we're going to go downstairs and print

8    fresh copies.

9          MR. ZOLKIND:  We should have it within a few minutes,

10   your Honor.

11         THE COURT:  Yes, sir.

12         (Recess)

13         THE COURT:  Counsel, would you review the note that I

14   have written for the jury.

15         MR. KIM:  I'm sorry?

16         THE COURT:  Would you read the note so we can send it

17   to the jury.  Is that OK?

18         MR. KIM:  Yes, your Honor.

19         THE COURT:  The government has approved the note, and

20   we will send it in to the jury.

21         Off the record.

22         (Discussion held off the record)

23         THE COURT:  Counsel, you've handed up the exhibits.

24   Has defense counsel had a chance to review them?

25         MR. ROSENBERG:  Yes, your Honor.

IC57HOF

1          THE COURT:  And is it all right to send them in?

2          MR. ROSENBERG:  Your Honor, it's all right.  We're

3    just checking on one of them, which is a wire chart, which was

4    offered as an aid to the jury.

5          THE COURT:  Yes, sir.

6          MR. ROSENBERG:  And so we're checking about whether

7    that is admitted into evidence and is proper to go back, or

8    whether it's simply is an aid that should not go back.

9          MR. RICHENTHAL:  It was received into evidence, but it

10   was received as an aid.

11         THE COURT:  That's right.

12         MR. RICHENTHAL:  Indeed, your Honor's instruction with

13   respect to summary charts and graphics expressly tells the jury

14   that any and all materials of this kind are not evidence but

15   merely designed to assist them.

16         THE COURT:  Right.  Do you want me to reiterate that,

17   or do you want me to direct them to that portion of the charge

18   for that?

19         MR. ROSENBERG:  We would ask that you direct them to

20   that portion of the charge at page 100 of the Court's charge.

21         MR. RICHENTHAL:  We have no objection to your Honor

22   doing that.  Mr. Zolkind is just going to advise your Honor the

23   issue with respect to redactions that we had covered

24   previously, just so everyone is on the same page.

25         THE COURT:  Can I get this finished first?

IC57HOF

1          MR. RICHENTHAL:  It relates --

2          MR. ZOLKIND:  I just wanted to make one thing clear.

3   We did raise this on the record at some point earlier.  With

4   respect to Government Exhibit 2601 -- which is the Chad

5   timeline -- there are as the Court knows references to the

6   underlying exhibits.  At some point subsequent to creating that

7   document we redacted a number of the exhibits that related to

8   Vuk Jeremic.  We have not had an opportunity for our graphics

9   person to update the exhibit numbers for the redactions.  What

10  we propose to do is if and when the jury requests one of those

11  underlying documents, we will provide them with the redacted

12  one, and the Court can explain here is why you're getting 200R

13  instead of 200 or something like that.

14         THE COURT:  Thank you.

15         All right.  Counsel, I'm going to hand you the note

16  for you to inspect.  If it's all right, we will send the note

17  and the exhibits in to the jury room.

18         MR. RICHENTHAL:  It's fine for the government, your

19  Honor.  I just handed it to Mr. Rosenberg so they can take a

20  look.

21         MR. ROSENBERG:  I believe the your instruction refers

22  to all of the charts and graphs, and your Honor's note only

23  refers to GX2 or 2604.  And so it should be, "With respect to

24  all of the graphics, I draw your attention to..."

25         THE COURT:  2604 is all one graphic.

IC57HOF

1          MR. ROSENBERG:  Yes, but we're also turning in 2601,

2     2602 and 2603.  It's a summary chart and graphics.

3          THE COURT:  Those are summary charts.  Well, all

4     right.  Let me have it back then.  I thought it was only

5     graphics you were concerned with.

6          OK, take a look.

7          MR. ZOLKIND:  Your Honor, here is our joint proposal,

8     not to quibble with what the Court suggested.

9          THE COURT:  Certainly not to quibble.

10          MR. ZOLKIND:  Your Honor, I think perhaps the Court

11     can just redact or cross out the whole sort of second line of

12     the Court's note, and so the note would read in its entirety:

13     "Attached are the requested documents.  I draw your attention

14     to the instruction about them at page 100 of the charge."

15          MR. ROSENBERG:  That's acceptable to the defense.

16          THE COURT:  How about instead of naming the exhibits,

17     saying "in these exhibits"?  Is that all right?

18          MR. ROSENBERG:  So how would the note read?

19          THE COURT:  "With respect to the charts and graphics

20     in these exhibits, I draw your attention to ..."

21          MR. ROSENBERG:  Yes, that's fine.

22          THE COURT:  Good thing we're not quibbling.

23          Counsel, may I invite you into the robing room for a

24     brief conference on the record.  Bring the document we're

25     talking about, friends.

IC57HOF

1              MR. KIM:  Your Honor, we don't have that document

2      because we're not permitted to carry it.

3              THE COURT:  But you will describe it, right?

4              MR. KIM:  Sure.

5              THE COURT:  All right, thank you.

6              Mr. Marshal, can we stay up here for a few more

7      minutes just in case we have another note.  Thank you very

8      much.

9              (Pages through sealed)

10             (Continued on next page)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

IC57HOF

1              (In open court)

2              THE COURT:  Thank you, friends.  Should we just stay

3     here for a few more minutes to see if there are anymore notes

4     coming in.

5              MR. RICHENTHAL:  That's fine.

6              MR. KIM:  That's fine.

7              (Recess)

8              (In open court; jury not present; time noted 12:05

9     p.m.)

10             THE COURT:  Ladies and gentlemen, we have received

11    Court Exhibit 6.  The jury requests four items:

12             1.  Summary of bank transactions from CEFC Company and

13    CEFC NGO.

14             2, Ho's report to Ye, 78 -- I think it's 79 -- I can't

15    tell -- TX.

16             3.  Government Exhibit 92-TX.

17             4.  Text messages 1096 and 1097.

18             They also say question what time is lunch.

19             If you folks will collect the exhibits, I will ask

20    Ms. Belmonte to inform them that lunch has been ordered for

21    12:30.

22             (Pause)

23             Good afternoon again, counsel.  Where are we on the

24    exhibits, please?

25             MR. ZOLKIND:  Your Honor, a couple things.  So, the

IC57HOF

 1   first request they had is for a summary of certain bank

 2   transactions.

 3            THE COURT:  Yes.

 4            MR. ZOLKIND:  There is not such a summary that is in

 5   evidence, so I think what the parties jointly propose is that

 6   the Court respond by saying there is not such a summary in

 7   evidence; if there is specific bank record exhibits you'd like,

 8   those can be provided to you.

 9            And if it would be helpful, we can provide the jury

10   with a list of bank records that are in evidence.  So that's

11   with respect to number one.

12            With respect to Government Exhibit 92-TX, we have

13   that, and that's ready to go back.

14            With respect to 79-TX, that's ready to go back.

15            The next two concern text messages.  They just said

16   1096 and 1097.  There happens to be both government's exhibits

17   and defense exhibits with those numbers.

18            THE COURT:  Are though both text messages?

19            MR. ZOLKIND:  They are both text messages and are both

20   around a similar time period but they are not identical.  We

21   would just ask the Court to ask the jury to confirm do they

22   want the government exhibit, the defense exhibit or both.

23            THE COURT:  All right, I guess.

24            MR. RICHENTHAL:  The reason we think that's

25   appropriate is I think one could infer they're going off of the

IC57HOF

1    summary charts which only cite government's exhibits, but the

2    defense has said we really can't tell from the note.  So, we

3    think it's appropriate to ask them what they want.

4         MR. KIM:  I will note I don't think 1096 is included

5    in their summary chart.  To expedite this, I think we would be

6    fine just sending both sets back.

7         MR. ZOLKIND:  I think Mr. Kim is probably right it's

8    not referenced in the summary chart, but that doesn't answer

9    the question of what the jury wants.  It's very easy for them

10   to clarify if they want one, the other or both.  That way we

11   can be sure we're just giving the jury what it's asked for.

12        THE COURT:  OK.

13        MR. KIM:  I think we just need to confirm that

14   Government Exhibit 1097 is actually in evidence, and maybe we

15   can work with the court reporter to do that.  I think the

16   parties have different records on that one.

17        Your Honor, can we inquire of the court reporter maybe

18   off the record to see if there is a way to verify if Government

19   Exhibit 1097 was actually in evidence?

20        THE COURT:  We're checking on it now.

21        MR. KIM:  Oh, OK.

22        THE COURT:  With respect to the list of bank

23   transactions, counsel and I are discussing whether or not to

24   send to the jury the stipulation with respect to bank records.

25        What does that look like, friends?

IC57HOF

1          MR. ZOLKIND:  Your Honor, I don't think -- my proposal

2     would be not to send back the stipulation itself, but we can

3     just work with the defense to put together a list of the bank

4     records that are in evidence, including the institutions, the

5     bank and the account holder and the exhibit number.  That would

6     be taking information from the stipulation without including

7     all the additional sort of details about, you know, making

8     clear that they're business records and so forth.

9          THE COURT:  Put together a list, and the point is

10     let's do it promptly.  Thank you.

11          MR. ZOLKIND:  Your Honor in the meantime we could

12     certainly give them the two exhibits that there has been no

13     dispute that they want and we have.

14          THE COURT:  Yes.  Thank you.

15          MR. ZOLKIND:  For the record, what I'm going to hand

16     up to your Honor's clerk is 92-TX and 79-TX.

17          THE COURT:  Counsel, here is the note.  Why don't you

18     inspect it.  And I will send it in with the exhibits requested

19     in 2 and 3.  Counsel, our notes show that Government's Exhibits

20     1096 and 1097 were received.  Defendant's Exhibits 1096 and

21     1097 were offered but not received.  Those what our notes show.

22          MR. KIM:  Your Honor, I think we can provide the Court

23     with a reference to the transcript I think where they were

24     received.

25          THE COURT:  OK.  Let's see it.

IC57HOF

1          MR. KIM:  I will give your Honor the page cite and

2     then I will scroll up.

3          THE COURT:  I don't care what the date is.  Just show

4     it to us.  I mean if you can just scroll it over, show it to

5     the government.

6          Is that what it says?

7          MR. RICHENTHAL:  That's what it says.  I am looking at

8     Mr. Kim's laptop.  It looks like they were received.  I didn't

9     see the page of the transcript.

10          THE COURT:  That's fine.  Take a look at the note and

11     give us the two exhibits to send in, please.

12          MR. RICHENTHAL:  The page of the transcript I was

13     looking at is 582.

14          THE COURT:  Thank you.

15          MR. RICHENTHAL:  That is fine with the government.

16          THE COURT:  Thank you.

17          MR. ROSENBERG:  That's fine, your Honor.

18          THE COURT:  Thank you.  All right.  We will send them

19     in.  Thank you, folks.

20          (Recess)

21          (In open court; jury not present; time noted 12:45.

22          THE COURT:  Thank you, friends.  In response to our

23     inquiry about text messages 1096 and 1097, the jury would like

24     to receive both.  Are we able to send them in?

25          MR. RICHENTHAL:  We are, except we think -- and we

IC57HOF

1   double checked downstairs that Government Exhibit 1097 is not

2   in evidence.

3          MR. KIM:  I think it may have been offered under 9999,

4   in the list.

5          MR. RICHENTHAL:  We didn't check 9999.

6          LAW CLERK:  I believe it's in that big list.

7          MR. KIM:  There is some confusion about that, but I

8   think it's in evidence.

9          THE COURT:  Anything else?

10          MR. RICHENTHAL:  Not from the government.  I will note

11   we have given the defense a proposed chart with respect to

12   different bank records, which I understand they're conferring

13   about right now.

14          THE COURT:  Let's send in exhibits first.  And do you

15   have an extra piece of the chart?

16          MR. ZOLKIND:  We understand that the summary of bank

17   records is acceptable to the defense.

18          THE COURT:  All right.  What do you want to call it?

19          MR. ZOLKIND:  I think summary of bank and financial

20   records.

21          THE COURT:  Like an exhibit number.

22          MR. ZOLKIND:  Oh, a court exhibit.

23          THE COURT:  We just need to mark it for the record.

24          MR. ZOLKIND:  Should we mark it as a court exhibit?

25          THE COURT:  Sure, Court Exhibit 8.

IC57HOF

1           MR. ZOLKIND:  All right.  I'm handing up here

2     Government Exhibit 1096-TX, 1096 -- we're including 1096-TX

3     although it was not expressly requested.  And then there is

4     Defense 1096 and Defense 1097 and then the list.

5           (Luncheon recess)

6           (Jury not present; time noted 2:00 p.m.)

7           THE COURT:  Good afternoon, ladies and gentlemen.

8     Won't you be seated, please.  We are informed that the jury has

9     reached a verdict.

10           May we bring the jurors in, please.

11           (Jury present)

12           THE COURT:  Good afternoon, ladies and gentlemen.

13           Won't you be seated but for the foreperson.  Would the

14     foreperson remain standing.

15           LAW CLERK:  Has the jury agreed upon a verdict?

16           JUROR:  We have.

17           LAW CLERK:  How do you find the defendant under Count

18     One, conspiracy to violate the Foreign Corrupt Practices Act?

19     Guilty or not guilty?

20           JUROR:  Guilty.

21           LAW CLERK:  Count Two, violating the Foreign Corrupt

22     Practices Act, domestic concern, Chad scheme?  Guilty or not

23     guilty?

24           JUROR:  Guilty.

25           LAW CLERK:  Count Three, violating the Foreign Corrupt

IC57HOF

1   Practices Act, domestic concern, Uganda scheme?  Guilty or not

2   guilty?

3           JUROR:  Guilty.

4           LAW CLERK:  Count Four, violating the Foreign Corrupt

5   Practices Act, acts in the territory of the United States, Chad

6   scheme?  Guilty or not guilty?

7           JUROR:  Guilty.

8           LAW CLERK:  Count Five, violating the Foreign Corrupt

9   Practices Act, acts in the territory of the United States,

10  Uganda scheme?  Guilty or not guilty?

11          JUROR:  Guilty.

12          LAW CLERK:  Count Six, conspiracy to commit money

13  laundering?  Guilty or not guilty?

14          JUROR:  Guilty.

15          LAW CLERK:  Count Seven, money laundering, Chad

16  scheme, guilty or not guilty?

17          JUROR:  Not guilty.

18          LAW CLERK:  Count Eight, money laundering, Uganda

19  scheme?  Guilty or not guilty?

20          JUROR:  Guilty.

21          THE COURT:  Won't you be seated, Ms. Foreperson.

22          LAW CLERK:  Ladies and gentlemen, please listen to

23  your verdict as it stands recorded:

24          Count One, conspiracy to violate the Foreign Corrupt

25  Practices Act:  Guilty.

IC57HOF

1          Count Two, violating the Foreign Corrupt Practices

2     Act, domestic concern, Chad scheme:  Guilty.

3          Count Three, violating the Foreign Corrupt Practices

4     Act, domestics concern, Uganda scheme:  Guilty.

5          Count Four, violating the Foreign Corrupt Practices

6     Act, acts in the territory of the United States, Chad scheme:

7     Guilty.

8          Count Five, violating the Foreign Corrupt Practices

9     Act, acts in the territory of the United States, Uganda scheme:

10    Guilty.

11         Count Six, conspiracy to commit money laundering,

12    guilty.

13         Count Seven, money laundering, Chad scheme:  Not

14    guilty.

15         Count Eight, money laundering, Uganda scheme:  Guilty.

16         Juror 1, is that your verdict?

17         JUROR:  It is.

18         LAW CLERK:  Juror 2, is that your verdict?

19         JUROR:  Yes.

20         LAW CLERK:  Juror 3, is that your verdict?

21         JUROR:  Yes.

22         LAW CLERK:  Juror 4, is that your verdict?

23         JUROR:  Yes.

24         LAW CLERK:  Juror 5, is that your verdict?

25         JUROR:  Yes.

IC57HOF

1    　　　　LAW CLERK:  Juror 6, is that your verdict?

2    　　　　JUROR:  Yes.

3    　　　　LAW CLERK:  Juror 7, is that your verdict?

4    　　　　JUROR:  It is.

5    　　　　LAW CLERK:  Juror 8, is that your verdict?

6    　　　　JUROR:  Yes.

7    　　　　LAW CLERK:  Juror 9, is that your verdict?

8    　　　　JUROR:  Yes.

9    　　　　LAW CLERK:  Juror 10, is that your verdict?

10   　　　　JUROR:  Yes.

11   　　　　LAW CLERK:  Juror 11, is that your verdict?

12   　　　　JUROR:  Yes.

13   　　　　LAW CLERK:  Juror 12, is that your verdict?

14   　　　　JUROR:  Yes.

15   　　　　LAW CLERK:  Jury polled, your Honor.  The verdict is

16   unanimous.

17   　　　　THE COURT:  Thank you.

18   　　　　Ladies and gentlemen, thank you for your service.  We

19   particularly thank you for staying late last night.  I think it

20   gave you a head start this morning, but I know it was late, and

21   we are all appreciative.

22   　　　　Thank you for your service.  You are dismissed from

23   your jury service.

24   　　　　MR. RICHENTHAL:  May we have a very quick side bar?

25   　　　　THE COURT:  Before the jurors go?

IC57HOF

1          MR. RICHENTHAL:  Yes, your Honor.

2          THE COURT:  Please come up, gentlemen, ladies,

3    Mr. Reporter.

4              (At the sidebar)

5          MR. RICHENTHAL:  Because the verdict form requested

6    the jury to indicate the object or objects and it was not

7    announced --

8          THE COURT:  Where is the form?

9          The wrong form went in.  It's my fault.  Do we have

10   the right form?  Does somebody have a form?

11         MR. RICHENTHAL:  We can get one, your Honor.

12         THE COURT:  Do you have another jury form that has the

13   objects of the conspiracy right here?

14         LAW CLERK:  I believe that's the form that was

15   e-mailed.

16         THE COURT:  Somebody go get one right away.

17         MR. RICHENTHAL:  We'll go get it, your Honor.

18         THE COURT:  And you go get one, and somebody else come

19   up here.  Somebody come here.  It was only as to Count One.

20         MR. RICHENTHAL:  That's correct.

21         THE COURT:  Is that right?

22         MR. ROSENBERG:  That's correct, your Honor.

23         THE COURT:  OK.

24             (In open court)

25         THE COURT:  Eagle-eared counsel have yet again pointed

IC57HOF

```
 1    out where I have failed.  I failed to give you the jury verdict
 2    form that asked you with respect to Count One to tell us what
 3    object or objects of the conspiracy you had agreed on.  I think
 4    you do not have that form; is that right?
 5              FOREPERSON:  We do not.
 6              THE COURT:  We're getting you another one.  I'm going
 7    to ask you to return to the jury room and let us know the
 8    answer to that question, please.
 9              FOREPERSON:  Is that question clarified on the form?
10              THE COURT:  Yes, it is.
11              Counsel, I will ask you to tell me what page of the
12    charge that is covered in.
13              And we will let you know, ladies and gentlemen, to
14    guide you so that you will not be unduly held up.  Thank you.
15    It's my fault.  I apologize.  Thank you.  Go ahead, you may go
16    back in.
17              (Jury retires to the jury room)
18              THE COURT:  Counsel, I apologize.  It is my failing.
19    I am looking at page 29 of the charge.  Won't you be seated.
20    We are marking the original verdict form as Court Exhibit 9.
21    So I'm looking at 29 through 31.  Is that the right page?
22              MR. ROSENBERG:  That's what we thought.
23              THE COURT:  Yes.  Do you object if I write on the
24    front to direct their attention to pages 29 to 31 of the
25    charge?
```

IC57HOF

1              MR. ROSENBERG:  No objection.

2              MR. RICHENTHAL:  No, your Honor.

3              THE COURT:  Thank you.

4              MR. RICHENTHAL:  Just to be clear, our view is that a

5    special verdict form is not required, but since the parties

6    agreed on one, that's why I brought it to the Court's

7    attention.

8              THE COURT:  Thank you.

9              Counsel, why don't you look at the front page of this.

10   It's Court Exhibit 10.  Is that OK?

11             MR. RICHENTHAL:  Yes, your Honor.

12             (Pause)

13             THE COURT:  Bring the jury in, ladies and gentlemen.

14             (Jury present)

15             THE COURT:  Thank you, ladies and gentlemen, for being

16   so prompt.  Good afternoon, again.  Won't you be seated but for

17   the foreperson.

18             LAW CLERK:  Has the jury agreed upon a verdict?

19             JUROR:  We have.

20             LAW CLERK:  You earlier indicated as to Count One,

21   conspiracy to violate the Foreign Corrupt Practices Act, that

22   you found the defendant guilty.  What do you find as the object

23   or objects of the conspiracy?  Do you find violating the

24   Foreign Corrupt Practices Act (FCPA) domestic concern?

25             Do you find violating the Foreign Corrupt Practices

IC57HOF

1      Act (FCPA), acts in the territory of the United States?

2                      JUROR:  We find both.  Do you want me to read them or

3      just say both?  We find both.

4                      THE COURT:  Thank you, that's sufficient.  We will

5      poll the jury with respect to those options.

6                      LAW CLERK:  Juror 1, is that your verdict?

7                      JUROR:  Yes.

8                      LAW CLERK:  Juror 2, is that your verdict?

9                      JUROR:  Yes.

10                     LAW CLERK:  Juror 3, is that your verdict?

11                     JUROR:  Yes.

12                     LAW CLERK:  Juror 4, is that your verdict?

13                     JUROR:  Yes.

14                     LAW CLERK:  Juror 5, is that your verdict?

15                     JUROR:  Yes.

16                     LAW CLERK:  Juror 6, is that your verdict?

17                     JUROR:  Yes.

18                     LAW CLERK:  Juror 7, is that your verdict?

19                     JUROR:  Yes.

20                     LAW CLERK:  Juror 8, is that your verdict?

21                     JUROR:  Yes.

22                     LAW CLERK:  Juror 9, is that your verdict?

23                     JUROR:  Yes.

24                     LAW CLERK:  Juror 10, is that your verdict?

25                     JUROR:  Yes.

IC57HOF

1           LAW CLERK:  Juror 11, is that your verdict?

2           JUROR:  Yes.

3           LAW CLERK:  Juror 12, is that your verdict?

4           JUROR:  Yes.

5           LAW CLERK:  Jury polled, your Honor.  The verdict is

6    unanimous.

7           THE COURT:  Thank you.  Ladies and gentlemen, you are

8    now dismissed with the thanks of the Court for your diligent

9    work.  Good afternoon.

10          (Jury dismissed)

11          THE COURT:  Won't you be seated, ladies and gentlemen.

12   What else would you like to put on the record?

13          MR. RICHENTHAL:  Nothing from the government, your

14   Honor.

15          THE COURT:  Sentencing will be on March 14 at 10 a.m.

16          Is there anything further today, counsel?

17          MR. ROSENBERG:  Not for the defense.

18          MR. RICHENTHAL:  No, your Honor.

19          THE COURT:  Thank you, ladies and gentlemen.  Good

20   evening.

21          (Trial concluded)

22

23

24

25